ROB BONTA
Attorney General of California
LAURA J. ZUCKERMAN, State Bar No. 161896
Supervising Deputy Attorney General
MEGAN K. HEY, State Bar No. 232345
Deputy Attorney General
RAFAEL J. HURTADO, State Bar No. 292694
Deputy Attorneys General
  300 S Spring Street
  Los Angeles, CA 90013
  Telephone:  (213) 269-6344
  Fax:  (213) 897-2802
  E-mail:  Megan.Hey@doj.ca.gov
*Attorneys for Rob Bonta, in his Official Capacity as
Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE PERSONAL CARE PRODUCTS COUNCIL,**<br><br>                               Plaintiff,<br><br>  v.<br><br>**ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,**<br><br>                               Defendant. | 2:23-CV-01006<br><br>**ATTORNEY GENERAL ROB BONTA'S ANSWER TO COMPLAINT**<br><br>Trial Date:     None<br>Action Filed:  5/26/2023 |

Defendant Rob Bonta, Attorney General of the State of California (Attorney General) hereby responds to the Complaint filed by The Personal Care Products Council (Plaintiff).

1. This paragraph purports to characterize Plaintiff's lawsuit and requires no response. To the extent that a response is required, the Attorney General denies the allegations in this paragraph.

2. The Attorney General lacks information or belief sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

3. The Attorney General admits that "titanium dioxide (airborne, unbound particles of respirable size)" is a specific form of titanium dioxide.

4. The Attorney General admits that in 2010, the International Agency for Research on Cancer (IARC) published a Monograph on Carbon Black, Titanium Dioxide, and Talc, *IARC Monographs on the Evaluation of Carcinogenic Risks to Humans*, Vol. 93 (2010). The remainder of this paragraph purports to characterize the conclusions of the IARC Monograph, which speaks for itself and is the best evidence of its contents. To the extent a response is required, the Attorney General denies these allegations. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

5. The Attorney General admits that, as a result of the IARC determination, on September 2, 2011, California's Office of Environmental Health Hazard Assessment (OEHHA) added "titanium dioxide (airborne, unbound particles of respirable size)" to the Proposition 65 list, pursuant to Health and Safety Code section 25249.8, subdivision (a), and California Labor Code sections 6382, subdivision (b)(1), which are incorporated into Proposition 65. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

6. The first sentence of this paragraph, together with the citation following, contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this sentence. The Attorney General admits that OEHHA has not made a determination whether titanium dioxide (airborne, unbound particles of respirable size) or any other form of titanium dioxide causes cancer in humans. The Attorney General lacks information or belief sufficient to admit or deny the allegations of the third

sentence of this paragraph, and on that basis, denies them. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

7. This paragraph purports to characterize the conclusions of the U.S. Food and Drug Administration ("FDA") and various food and drug regulatory agencies in other countries, which speak for themselves and are the best evidence of their contents. To the extent a response is required, the Attorney General denies the allegations of this paragraph.

8. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General lacks information or belief sufficient to admit or deny the allegations of this paragraph, and, on that basis, denies them.

9. The Attorney General admits that OEHHA placed titanium dioxide (airborne, unbound particles of respirable size) on the Proposition 65 list of carcinogens pursuant to the Labor Code mechanism of Health and Safety Code section 25249.8, subdivision (a). The Attorney General denies the allegations of the second sentence of this paragraph. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. This paragraph contains Plaintiff's request for relief and requires no response. To the extent a response is required, the Attorney General denies that Plaintiff is entitled to the relief it seeks.

16. The Attorney General lacks information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, denies them.

17. Admitted.

18. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

19. The Attorney General admits that he is located in this district. The Attorney General lacks information or belief sufficient to admit or deny the remaining allegations of this paragraph and, on that basis, denies them. To the extent that this paragraph contains Plaintiff's statement of law, it requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

20. This paragraph contains Plaintiff's statement of law and purports to quote a regulation, which speaks for itself and provides the best evidence of its contents. This paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

21. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent this paragraph purports to characterize determinations or findings made by the FDA, the determinations or findings speak for themselves and provide the best evidence of their contents. To the extent a response is required, the Attorney General denies the allegations of this paragraph.

22. This paragraph contains Plaintiff's statement of law and purports to characterize an FDA webpage, which speaks for itself and provides the best evidence of its contents. This paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

23. The Attorney General lacks information or belief sufficient to admit or deny the allegations of the first sentence of this paragraph, and, on that basis, denies them. The second sentence of this paragraph purports to characterize a final administrative order, which speaks for itself and provides the best evidence of its contents. To the extent that a response is required, the Attorney General denies these allegations.

24. The Attorney General lacks information or belief sufficient to admit or deny the allegations of this paragraph, and, on that basis, denies them.

25. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent this paragraph purports to characterize determinations or findings made by the FDA, the

determinations or findings speak for themselves and provide the best evidence of their contents. To the extent a response is required, the Attorney General denies the allegations of this paragraph.

26. The Attorney General lacks information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, denies them.

27. The Attorney General lacks information or belief sufficient to admit or deny the allegations of the first and fourth sentences of this paragraph, and, on that basis, denies them. The second sentence of this paragraph contains a statement of law, and requires no response. To the extent a response is required, the Attorney General denies these allegations. The Attorney General admits that information found in the California Safe Cosmetics Program Product Database is made available to the public at https://cscpsearch.cdph.ca.gov/search/publicsearch. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

28. The Attorney General lacks information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, denies them.

29. The Attorney General admits that private enforcers have issued 60-day notices under Proposition 65 alleging that certain cosmetics products contain titanium dioxide (airborne, unbound particles of respirable size). The Attorney General lacks information or belief sufficient to admit or deny the remainder of the allegations of this paragraph and, on that basis, denies them. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

30. This paragraph contains Plaintiff's statement of its contentions, which require no response, and cites OEHHA's webpage, which speaks for itself and provides the best evidence of its contents. This paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

31. This paragraph contains Plaintiff's statement of its contentions, which require no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

32. This paragraph contains Plaintiff's statement of its contentions, which require no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

33. Denied.

34. The Attorney General lacks information or belief sufficient to admit or deny the allegations of this paragraph, and, on that basis, denies them.

35. This paragraph purports to characterize findings by IARC and two studies, which speak for themselves and provide the best evidence of their contents. This paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

36. This paragraph purports to characterize a scientific study, which speaks for itself and provides the best evidence of its contents. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

37. This paragraph purports to characterize a Committee for Risk Assessment (RAC) of the European Chemical Agency (ECHA) publication, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, the Attorney General denies the allegations of this paragraph.

38. The Attorney General lacks information or belief sufficient to admit or deny the allegations of this paragraph, and, on that basis, denies them.

39. The Attorney General lacks information or belief sufficient to admit or deny the allegations of this paragraph, and, on that basis, denies them.

40. This paragraph purports to characterize an ECHA RAC opinion and a European Commission regulation, which speak for themselves and provide the best evidence of their contents. To the extent a response is required, the Attorney General denies the allegations of this paragraph.

41. This paragraph purports to characterize a decision by the European Court of Justice, which speaks for itself and provides the best evidence of its contents. To the extent that this paragraph contains Plaintiff's statement of its contentions and its characterization of the law, it

requires no response. To the extent a response is required, the Attorney General denies the allegations of this paragraph.

42. This paragraph purports to characterize a decision by the European Court of Justice, which speaks for itself and provides the best evidence of its contents. To the extent that this paragraph contains Plaintiff's statement of its contentions and its characterization of the law, it requires no response. To the extent a response is required, the Attorney General denies the allegations of this paragraph.

43. The Attorney General admits that OEHHA's listing of titanium dioxide (airborne, unbound particles of respirable size) was based on IARC's classification. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

44. This paragraph contains Plaintiff's statement of its contentions and purports to characterize a publication by IARC, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, the Attorney General denies the allegations of this paragraph.

45. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

46. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

47. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

48. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

49. This paragraph contains Plaintiff's statement of law and describes a former regulation, which speaks for itself and provides the best evidence of its contents. This paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

50. The Attorney General admits that OEHHA adopted new safe harbor regulations in 2016. To the extent that the remainder of this paragraph purports to characterize OEHHA's

regulations, the regulations speak for themselves and provide the best evidence of their contents. The remainder of this paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the remaining allegations of this paragraph. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

51. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

52. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

53. The Attorney General admits that OEHHA has not promulgated a safe harbor "no significant risk level," or NSRL, for titanium dioxide (airborne, unbound particles of respirable size). The remainder of this paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the remaining allegations of this paragraph. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

54. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

55. The first sentence of this paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies these allegations. The Attorney General admits that as of the date of this answer, OEHHA has not issued guidance specific to titanium dioxide (airborne, unbound particles of respirable size). Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

56. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

57. This paragraph contains Plaintiff's statement of law and characterization of court decisions, which speak for themselves and provide the best evidence of their contents. This paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

58. The Attorney General denies the first sentence of this paragraph. The remainder of this paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of the remainder of this paragraph.

59. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

60. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

61. The Attorney General lacks information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, denies them. To the extent it contains Plaintiff's statement of law, it requires no response. To the extent it purports to characterize a law review article, the article speaks for itself and provides the best evidence of its contents. To the extent that a response is required, the Attorney General denies these allegations.

62. The Attorney General admits that private parties bring enforcement actions regarding exposures to chemicals for which OEHHA has established a no significant risk level. To the extent this paragraph contains Plaintiff's statement of law, it requires no response. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

63. The Attorney General admits that OEHHA has not adopted a "safe harbor" no significant risk level (NSRL) for titanium dioxide (airborne, unbound particles of respirable size). To the extent this paragraph contains Plaintiff's statement of law, it requires no response. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

64. This paragraph contains Plaintiff's characterization of and quotations from a dissenting opinion in a court of appeal decision, which speaks for itself and provides the best evidence of its contents. This paragraph therefore requires no response. To the extent a response is required, the Attorney General denies the allegations of this paragraph.

65. The Attorney General lacks information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, denies them. To the extent this paragraph purports to characterize a website and media articles, the website and articles speak for themselves and

1  provide the best evidence of their contents. To the extent a response is required, the Attorney

2  General denies these allegations.

3     66.   Admitted.

4     67.   The Attorney General admits that a Proposition 65 60-day notice for titanium dioxide

5  (airborne, unbound particles of respirable size) in sunscreens was served on the Attorney General

6  on February 15, 2013. The Attorney General lacks information or belief sufficient to admit or

7  deny the remainder of the allegations of this paragraph and, on that basis, denies them. Except as

8  expressly admitted herein, the Attorney General denies the allegations of this paragraph.

9     68.   This paragraph purports to characterize specific 60-day notices and related

10 information on the Attorney General's Office website; this information speaks for itself and

11 provides the best evidence of its contents. This paragraph therefore requires no response. To the

12 extent a response is required, the Attorney General denies the allegations of this paragraph.

13    69.   This paragraph purports to characterize specific 60-day notices and related

14 information on the Attorney General's Office website; this information speaks for itself and

15 provides the best evidence of its contents. This paragraph therefore requires no response. To the

16 extent a response is required, the Attorney General denies the allegations of this paragraph.

17    70.   The first sentence of this paragraph purports to characterize information about

18 specific 60-day notices on the Attorney General's Office website; this information that speaks for

19 itself and provides the best evidence of its contents. The second sentence of this paragraph

20 purports to characterize a court order, which speaks for itself and provides the best evidence of its

21 contents. This paragraph therefore requires no response. To the extent a response is required, the

22 Attorney General denies the allegations of this paragraph.

23    71.   The Attorney General admits that on December 2, 2020, a private enforcer named

24 Pirush Yadav served seven 60-day notices for titanium dioxide (airborne, unbound particles of

25 respirable size) in powder sunscreens on the Attorney General. To the extent this paragraph

26 purports to characterize the contents of the notices and information on the Attorney General's

27 Office website, that information speaks for itself and provides the best evidence of its contents.

28

Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

72.  This paragraph purports to characterize the contents of 60-day notices and related information on the Attorney General's website; that information speaks for itself and provides the best evidence of its contents. This paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

73.  This paragraph purports to characterize the contents of 60-day notices and related information about them on the Attorney General's website; that information speaks for itself and provides the best evidence of its contents. To the extent this paragraph purports to characterize a petition, the petition speaks for itself and provides the best evidence of its contents. This paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

74.  To the extent this paragraph purports to characterize the contents of 60-day notices or court documents, the 60-day notices and court documents speak for themselves and provide the best evidence of their contents. This paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

75.  This paragraph purports to characterize specific 60-day notices and related information on the Attorney General's Office website; this information speaks for itself and provides the best evidence of its contents. This paragraph therefore requires no response. To the extent a response is required, the Attorney General denies the allegations of this paragraph.

76.  The Attorney General admits that some 60-day notices for titanium dioxide (airborne, unbound particles of respirable size) have resulted in lawsuits or settlements. The Attorney General lacks information or belief sufficient to admit or deny they remainder of the allegations of this paragraph and, on that basis, denies them. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

77.  The Attorney General admits that there have been Proposition 65 lawsuits in state court concerning titanium dioxide (airborne, unbound particles of respirable size) in cosmetic products. The Attorney General lacks information or belief sufficient to admit or deny the

remaining allegations of this paragraph and, on that basis, denies them. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

78. The Attorney General admits that a First Amendment defense has been litigated in two Proposition 65 state court enforcement matters. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

   a. The first sentence of this subparagraph purports to characterize a court ruling, which speaks for itself and provides the best evidence of its contents. To the extent that a response is required, the Attorney General denies the allegations of the first sentence of this subparagraph. The Attorney General lacks information or belief sufficient to admit or deny the remaining allegations of this subparagraph and, on that basis, denies them.

   b. The Attorney General admits that the case *Council for Education & Research on Toxics v. Starbucks, et al.* (Los Angeles County Sup. Ct., No. BC 435759) involved allegations that exposures to acrylamide in coffee required a Proposition 65 warning. The allegations of this subparagraph purport to characterize court rulings, which speak for themselves and provide the best evidence of their contents. This paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the allegations of this subparagraph. Except as expressly admitted herein, the Attorney General denies the allegations of this subparagraph.

79. This paragraph contains Plaintiff's statement of its contentions, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this subparagraph.

80. The Attorney General lacks information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, denies them.

81. The Attorney General lacks information or belief sufficient to admit or deny the allegations of the first sentence of this paragraph and, on that basis, denies them. The Attorney General further denies that Proposition 65 warnings for exposures to titanium dioxide (airborne, unbound particles of respirable size) in products are "false, misleading, and factually controversial." The Attorney General further denies that a required Proposition 65 warning for exposure to titanium dioxide (airborne, unbound particles of respirable size) in cosmetic products

12

ATTORNEY GENERAL ROB BONTA'S ANSWER TO COMPLAINT (2:23-CV-01006)

would convey an unsubstantiated message about cancer risk. The remaining allegations of this paragraph contain Plaintiff's statement of its contentions, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

82. This paragraph contains Plaintiff's statement of its contentions, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

83. Denied.

84. Denied.

85. Denied.

86. The Attorney General denies the allegation in the first sentence of this paragraph. To the extent the remaining allegations of this paragraph purport to characterize court decisions and a treatise, they speak for themselves and provide the best evidence of their contents. These allegations therefore require no response. To the extent a response is required, the Attorney General denies these allegations.

87. This paragraph purports to characterize decisions of the California Supreme Court, which speak for themselves and provide the best evidence of their contents. This paragraph therefore requires no response. To the extent a response is required, the Attorney General denies the allegations of this paragraph.

88. This paragraph contains Plaintiff's statement of its contentions, and therefore requires no response. To the extent a response is required, the Attorney General denies the allegations of this paragraph.

89. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

90. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

91. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

92. This paragraph contains Plaintiff's statement of law, and characterization of court decisions, which speak for themselves and provide the best evidence of their contents. This

paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

93. Denied.

94. Denied.

95. To the extent this paragraph purports to characterize findings by IARC, those findings speak for themselves and provide the best evidence of their contents. This paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

96. To the extent this paragraph purports to characterize findings by IARC, those findings speak for themselves and provide the best evidence of their contents. This paragraph therefore requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

97. Denied.

98. Denied.

99. Denied.

100. The Attorney General denies the first sentence of this paragraph. To the extent that this paragraph contains Plaintiff's statement of law, and its characterization of a court decision, it requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

101. This paragraph contains Plaintiff's statement of its contentions, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

102. The foregoing Paragraphs are incorporated by reference as if set forth in full herein.

103. This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

104. Denied.

105. Denied.

106. Denied.

107. The Attorney General lacks information or belief sufficient to admit or deny the allegations of this paragraph and, on that basis, denies them. To the extent this paragraph contains Plaintiff's statement of law, it requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

108. Denied.

109. The Attorney General admits that he has authority to enforce Proposition 65 and does so under color of state law. The second sentence of this paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies these allegations. Except as expressly admitted herein, the Attorney General denies the allegations of this paragraph.

   a. This subparagraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this subparagraph.

   b. This subparagraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this subparagraph.

   c. This subparagraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this subparagraph.

   d. This subparagraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this subparagraph.

   e. This subparagraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this subparagraph.

   f. This subparagraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this subparagraph.

110.	This paragraph contains Plaintiff's statement of law, and requires no response. To the extent that a response is required, the Attorney General denies the allegations of this paragraph.

The remainder of the Complaint consists of Plaintiff's prayer for relief and requires no response. To the extent that a response is required, the Attorney General denies that the Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1.	As and for a first affirmative defense, the Attorney General alleges that the complaint fails to state a claim upon which relief can be granted.

2.	As and for a second affirmative defense, the Attorney General alleges that Plaintiff cannot meet the standard for an injunction.

3.	As and for a third affirmative defense, the Attorney General alleges that this Court should abstain, based on considerations of comity and federalism, from deciding this matter until the state courts have ruled on Plaintiff's First Amendment claim.

4.	As and for a fourth affirmative defense, the Attorney General alleges that this Court should abstain from deciding this matter until the Ninth Circuit has issued an opinion resolving the First Amendment issue in *National Association of Wheat Growers et al. v. Bonta*, Case No. 20-16758.

5.	As and for a fifth affirmative defense, the Attorney General alleges that Plaintiff's claims are untimely and are barred by the doctrine of laches.

## PRAYER FOR RELIEF

1.	That the Court enter judgment in favor of the Attorney General, dismiss Plaintiff's action with prejudice, and order that Plaintiff take nothing by this action;

2.	That the Court deny Plaintiff's request for a preliminary or permanent injunction and decline to issue any provisional or permanent relief of any kind against the Attorney General;

3.	That the Court deny the declaration sought by Plaintiff;

4.	That the Attorney General be awarded his costs of suit, including reasonable attorney's fees; and

5. That the Court order such other and further relief as the Court deems just and proper, including staying this action until the Ninth Circuit has issued an opinion resolving the First Amendment issue in *National Association of Wheat Growers et al. v. Bonta*, Case No. 20-16758.

Dated: July 18, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
LAURA J. ZUCKERMAN
Supervising Deputy Attorney General

BY: */s/ Rafael J. Hurtado*
MEGAN K. HEY
RAFAEL J. HURTADO
Deputy Attorneys General
*Attorneys for Rob Bonta,*
*Attorney General of the State of California*

ATTORNEY GENERAL ROB BONTA'S ANSWER TO COMPLAINT (2:23-CV-01006)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | The Personal Care Products Council v. Bonta | No. | 2:23-CV-01006 |

I hereby certify that on <u>July 18, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ATTORNEY GENERAL ROB BONTA'S ANSWER TO COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 18, 2023</u>, at San Diego, California.

| C. Endozo | *[signature]* |
|---|---|
| Declarant | Signature |

LA2023950048
84056173.docx