**ENTORNO LAW, LLP**
Noam Glick (SBN 251582)
Craig M. Nicholas (SBN 178444)
Jake W. Schulte (SBN 293777)
Janani Natarajan (SBN 346770)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 629-0527
Email: noam@entornolaw.com
Email: craig@entornolaw.com
Email: jake@entornolaw.com
Email: janani@entornolaw.com

Attorneys for Proposed Intervenor-Defendant
ENVIRONMENTAL HEALTH ADVOCATES, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PERSONAL CARE PRODUCTS COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>Defendant. | Case No. 2:23-cv-01006-TLN-JDP<br><br>**REPLY IN SUPPORT OF ENVIRONMENTAL HEALTH ADVOCATES, INC.'S MOTION TO INTERVENE AS PARTY DEFENDANT**<br><br>**Hearing Date**: Vacated (Dkt. No. 23)<br><br>**District Judge**: Hon. Troy L. Nunley<br>**Magistrate Judge**: Hon. Jeremy D. Peterson<br><br>**Complaint Filed**: May 26, 2023<br>**Trial Date**:  None Set |

**TABLE OF CONTENTS**

I. **INTRODUCTION** ...................................................................................................... 1

II. **THE COURT SHOULD PERMIT EHA TO INTERVENE AS OF RIGHT** ................... 1

    A.    The Motion is Timely .................................................................................. 1

    B.    EHA Has a Significant Protectable Interest ............................................... 3

    C.    There is No Dispute that the Disposition of this Action Would Impair EHA's Ability to Protect its Interests ................................................................... 4

    D.    The Attorney General May Not Adequately Represent EHA's Interests ............. 4

III. **ALTERNATIVELY, PERMISSIVE INTERVENTION SHOULD BE GRANTED** ....... 5

IV. **CONCLUSION** ......................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*B&G Foods N. Am., Inc. v. Embry et. al,*
 E.D. Cal. No. 20-cv-0526-KJM-DB ................................................................................... 6

*B&G Foods N. Am., Inc. v. Embry, et. al,*
 29 F.4th 527 (9th Cir. 2022), *cert. denied,* 143 S. Ct. 212 (2022) ..................................... 7

*Cal. ex. rel. Lockyer v. United States,*
 450 F.3d 436 (9th Cir. 2006) ............................................................................................. 1

*Citizens for Balanced Use v. Mont. Wilderness Ass'n,*
 647 F.3d 893 (9th Cir. 2011) ............................................................................................. 1

*Consumer Defense Group v. Rental Housing Industry Members,*
 137 Cal.App.4th 1185 (2006) ............................................................................................ 5

*Forest Conversation Council v. United States Forest Service*,
 66 F.3d 1489 (9th Cir. 1995) ............................................................................................. 6

*Idaho Farm Bureau Fed'n v. Babbitt,*
 58 F.3d 1392 (9th Cir. 1995) ............................................................................................. 2

*Perry v. Proposition 8 Official Proponents,*
 587 F.3d 947 (9th Cir. 2009) ......................................................................................... 5, 7

*S. Cal. Edison Co. v. Lynch,*
 307 F.3d 794 (9th Cir. 2002) ............................................................................................. 3

*Sagebrush Rebellion, Inc. v. Watt,*
 713 F.2d 525, 528 (9th Cir. 1983) ..................................................................................... 8

*United States v. Aerojet Gen. Co.,*
 606 F.3d 1142, 1149 (9th Cir. 2010) ................................................................................. 2

*United States v. Alisal Water Corp.,*
 370 F.3d 915, 921 (9th Cir. 2004) ..................................................................................... 2

*United States v. Los Angeles,*
 288 F.3d 391, 400 (9th Cir. 2002) ..................................................................................... 6

*United States v. State of Oregon*,
 745 F.2d 550, 552 (9th Cir. 1984) .................................................................................. 2, 6

*Wilderness Soc'y v. United States Forest Serv.,*
 630 F.3d 1173, 1179 (9th Cir. 2011) .............................................................................. 3, 6

*Woods v. Cnty. of Los Angeles,*
  2022 WL 19829548 (C.D. Cal. Mar. 14, 2022) ............................................................................ 2

**Statutes**
Cal. Health & Safety Code § 25249.7 ................................................................................ 6

**Rules**
Fed. R. Civ. P. 24 ................................................................................................... 3, 9

## I. INTRODUCTION

Proposed Intervenor-Defendant Environmental Health Advocates, Inc. ("EHA") has a significant protectable interest in this action that will be impaired by an adverse disposition. This much is undisputed considering the genesis of Plaintiff The Personal Care Products Council's ("PCPC") case stems from EHA's 100+ underlying state court actions to enforce Proposition 65's cancer warning for Titanium Dioxide (airborne, unbound particles of respirable size) ("TiO2") found in PCPC's members' cosmetics and personal care products. An unfavorable outcome in this matter would impair EHA by denying it the ability to enforce Proposition 65's cancer warning for TiO2. Nevertheless, both PCPC and Defendant Rob Bonta, Attorney General of the State of California ("Attorney General" or sometimes, the "AG") (who has never brought a TiO2 enforcement action) want to deny EHA the rights of a party. Ultimately, considering all the factors for mandatory and/or permissive intervention, and the well-established principle that intervention under Rule 24 is construed "liberally in favor of potential intervenors," EHA should be permitted to intervene as an Intervenor-Defendant and file its proposed Answer (Dkt. No. 19-2). *Cal. ex. rel. Lockyer v. United States,* 450 F.3d 436, 440 (9th Cir. 2006).

## II. THE COURT SHOULD PERMIT EHA TO INTERVENE AS OF RIGHT

EHA may intervention as of right because: (1) the motion is timely; (2) EHA has a significant protectable interest; (3) the disposition of the action may, as a practical matter, impair EHA's ability to protect its interest; and (4) the existing parties may not adequately represent EHA's interest. *Citizens for Balanced Use v. Mont. Wilderness Ass'n,* 647 F.3d 893, 897 (9th Cir. 2011); Fed. R. Civ. P. 24(a)(2). The Attorney General and PCPC's oppositions fail to rebut Rule 24's liberal policy favoring EHA's intervention as of right.

### A. The Motion is Timely

The Attorney General does not address the timeliness factor, ostensibly conceding that EHA's motion to intervene was promptly brought. On the other hand, PCPC takes exception to when EHA sought to intervene. *See* Dkt. No. 22, § III(A)(1). Notwithstanding EHA's application to intervene occurring at a nascent stage of the proceedings – just over three months after the case was filed and before any scheduling conference – PCPC contends the application is dilatory because its counsel

apprised EHA's counsel of the lawsuit at or near the time of filing. Apparently, PCPC would have preferred EHA's counsel (who, unlike PCPC's counsel, is not an international law firm with endless resources) to drop everything they were doing and immediately seek intervention without conducting any due diligence or investigation. PCPC's stubborn interpretation of what constitutes a "timely" application is not the law.

While PCPC cherry-picks a few cases to support its view of an appropriate timeline, there are a plethora of other cases supporting EHA's application as timely. *See, e.g., Idaho Farm Bureau Fed'n v. Babbitt,* 58 F.3d 1392, 1397 (9th Cir. 1995) (motion to intervene brought four months after the action commenced was timely since it "was filed at a very early stage, before any hearings or rulings on substantive matters"); *United States v. Aerojet Gen. Co.,* 606 F.3d 1142, 1149 (9th Cir. 2010) (motion to intervene was timely four months after applicants learned of proposed consent decree); *Woods v. Cnty. of Los Angeles,* 2022 WL 19829548, at *5 (C.D. Cal. Mar. 14, 2022) (counsel's decision to wait 8 months before filing motion to intervene was reasonable considering his other engagements).

At best, the case law is mixed as to the precise amount of time that must pass for an application to be deemed "untimely." Ultimately, "[t]imeliness is a flexible concept; its determination is left to the district court's discretion." *United States v. Alisal Water Corp.,* 370 F.3d 915, 921 (9th Cir. 2004). Intervention is generally disfavored at pretrial stages when "a lot of water has passed under the litigation bridge." *Id.* at 922 (cleaned up). Here, considering how the proceedings are in their infancy, PCPC does not (nor could it) point to anything that has happened in the case or any prejudice from the alleged "delay." *See United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (the issue of prejudice to the existing parties is "the most important consideration in deciding whether a motion for intervention is untimely"). Lastly, given the Attorney General's refusal to discuss this factor, there appears to be disagreement between the AG and PCPC on the question of timeliness, including any claimed prejudice due to a perceived delay. EHA's application is timely.

///

///

///

### B.     EHA Has a Significant Protectable Interest

The Attorney General does not address this factor. PCPC contends EHA does not have a significant protectable interest because its interest is the same as the Attorney General and, thus, far too "generalized" and "undifferentiated" to support intervention as of right. *See* Dkt. No. 22, § III(A)(2) (citing *S. Cal. Edison Co. v. Lynch,* 307 F.3d 794 (9th Cir. 2002)). In *S. Cal. Edison Co.,* two of the three proposed intervenors sought intervention "based on a contingent, unsecured claim against a third-party debtor [who was a named party]" … "where the pending litigation would not resolve those claims." *S. Cal. Edison Co.,* 307 F.3d at 803. The other proposed intervenor was an association of more than 800 companies in the manufacturing and high-technology sectors whose only interest related to its members' "purchase [of] significant quantities of electricity from SoCal Edison." *Id.* This interest was held to be too "generalized" because it was "undifferentiated" from the large population of stakeholders who purchase and rely on SoCal Edison's electricity. *Id.*

Unlike *S. Cal. Edison Co.,* EHA is not a creditor with unrelated claims nor is its interest undifferentiated from the general population. Quite the contrary. PCPC admits that EHA is only one of a handful of citizen enforcers bringing TiO2 claims under Proposition 65. Dkt. No. 1, ¶ 72. Indeed, PCPC alleges EHA is the most prolific filer having brought 108 of the 110 total TiO2 lawsuits since July 2021. *Id.,* ¶¶ 72-73; Dkt. No. 19-1, p. 3; Dkt. No. 19-4, Ex. A. Thus, PCPC's own allegations reveal EHA's interest is anything but "generalized." *S. Cal. Edison Co.* is also inapposite because PCPC's "generalized" interest argument is made vis-a-vis EHA and the Attorney General and not against a larger population of stakeholders.

PCPC has no response to *Wilderness Soc'y v. United States Forest Serv.,* 630 F.3d 1173 (9th Cir. 2011) (en banc). In *Wilderness Soc'y,* the Ninth Circuit held that an interest is "significantly protectable" when it is "protectable under some law, and … there is a relationship between the legally protected interest and the claims at issue." *Id.* at 1179. An intervenor has a sufficient interest when it "will suffer a practical impairment of its interests as a result of the pending litigation." *Id.* (internal quotation marks omitted). EHA has an interest in being able to continue to enforce Proposition 65 with respect to TiO2. That interest is threatened by this case as the Court could enjoin EHA from prosecuting future enforcement actions concerning exposures to TiO2 in consumer products. Further,

were this Court to hold that Proposition 65's warning requirement as to TiO2 violates the First Amendment, that would provide defendants (and PCPC's members) in EHA's underlying state court actions a defense. EHA has a significant protectable interest in this case.

### C. There is No Dispute that the Disposition of this Action Would Impair EHA's Ability to Protect its Interests

Neither the Attorney General nor PCPC address this prong. It is clear that an adverse outcome in this litigation would impair EHA by denying it the ability to enforce Proposition 65's cancer warning for TiO2. Nevertheless, both the Attorney General and PCPC want to deny EHA the rights of a party.

### D. The Attorney General May Not Adequately Represent EHA's Interests

This is the only intervention of right factor the Attorney General addresses. Dkt. No. 21, § I. According to the Attorney General, because EHA pursues Proposition 65 cases in the public interest, which is identical to the AG's interest, EHA cannot demonstrate that the AG's representation of its interests in this action is, or may be, inadequate. PCPC similarly argues that the Attorney General adequately represents EHA's interests because the AG has the same ultimate objective and is presumed to represent its interests. Dkt. No. 22, § III(A)(3).

Both arguments boil down to the Attorney General and EHA representing the public interest. However, these arguments ignore that the Attorney General and private enforcers may disagree about what is in the public interest. For example, the Attorney General can object to Proposition 65 notices. *See* Cal. Health & Safety Code § 25249.7(e)(1)(A) ("If, after reviewing the factual information sufficient to establish the basis for the certificate of merit … the Attorney General believes there is no merit to the action, the Attorney General shall serve a letter to the noticing party and the alleged violator stating the Attorney General believes there is no merit to the action."). Notwithstanding the Attorney General's objection, private enforcers may still proceed with enforcement actions they believe are in the public interest. The Attorney General and private enforcers can also disagree over whether a settlement is in the public interest. *See* Cal. Health & Safety Code § 25249.7(f)(5) (the Attorney General may appear at a settlement approval hearing to object to a private enforcer's settlement); *Consumer Defense Group v. Rental Housing Industry Members,* 137 Cal.App.4th 1185,

1204-05 (2006) (the Attorney General may appeal a trial court's approval of a consent judgment in a Proposition 65 private enforcement action).

Under the Attorney General and PCPC's interpretation, no Proposition 65 private enforcer would be able to intervene as of right in these types of cases – and the same would likely be true for other private attorney generals in other areas of the law.  This is an expansive argument and ignores that this District previously permitted such intervention from a different private enforcer.  Indeed, the Attorney General and PCPC's counsel stipulated to that intervention.  The Attorney General and PCPC have no answer to the fact that CERT (the intervenor in the acrylamide First Amendment litigation) made different arguments than the AG and appealed when the AG did not.  This shows that intervention was necessary there and could be here as well – and that the public interest point is meaningless as the same argument could have been made (but wasn't) to preclude CERT's intervention.

### III.  ALTERNATIVELY, PERMISSIVE INTERVENTION SHOULD BE GRANTED

In the alternative, EHA should be permitted to intervene under Rule 24(b).  Permissive intervention is appropriate here because (1) there are independent grounds for jurisdiction; (2) the motion to intervene is timely; (3) EHA's defense shares a common question of law or fact with the main action; and (4) intervention not will unduly delay the case or prejudice the original parties.  *Perry v. Proposition 8 Official Proponents,* 587 F.3d 947, 955 (9th Cir. 2009).

The Attorney General concedes that "EHA may have a 'defense that shares with the main action a common question of law or fact[.]'" Dkt. No. 21, § II.  However, the Attorney General says that is not enough to warrant permissive intervention because (1) it would "open the floodgates" to other potential intervenors and (2) EHA need not be a party to the litigation to communicate its position, it may instead participate as an amicus.  Both arguments are unavailing.

It is not reasonable to suggest that permitting EHA's intervention would open the floodgates for other private enforcers to intervene in this case.  To start, PCPC's allegations suggest that only a handful of private enforcers have brought TiO2 notices, and PCPC identified only two other complaints brought since July 2021 by a private enforcer other than EHA. Dkt. No. 1, ¶¶ 72-73.  According to the Attorney General, only one private enforcer in the acrylamide First Amendment

litigation (CERT) was permitted to intervene despite subsequent applications. Dkt. No. 21 at 5:21-23. Once EHA is permitted to intervene here, any other private enforcer would be adequately represented by EHA. Hence, mandatory intervention by another private enforcer would be inappropriate, as would permissive intervention since they are unlikely to bring anything more to the table.

Participation as an amicus is not sufficient either because, for instance, EHA could not present evidence, prevent waiver of issues, or have the right to appeal. *See, e.g., Forest Conversation Council v. United States Forest Service*, 66 F.3d 1489, 1498 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173; *United States v. Los Angeles,* 288 F.3d 391, 400 (9th Cir. 2002); *Oregon,* 745 F.2d at 553.

PCPC opposes permissive intervention by (1) rehashing its timeliness argument; (2) suggesting undue delay and prejudice would result, making an out-of-left-field character attack against EHA's counsel by referencing an unrelated case completely out of context to baselessly imply that EHA's counsel would not follow local rules in this case; and (3) contending EHA is unable to offer new arguments or evidence (which isn't a permissive intervention factor or consideration). Dkt. No. 22, § III(B). Lastly, PCPC prematurely argues that "strict conditions" be set if intervention is permitted. *Id.*, § III(C).

EHA will not repeat its response to PCPC's timeliness argument other than to reiterate that the Attorney General raised no such undue delay or prejudice concerns on a motion to intervene brought only a few months after initiation of the action and before any important dates have passed, let alone been assigned.

PCPC's personal attack against EHA's counsel is peculiar given EHA and PCPC's counsel's multiyear amicable and professional working relationship representing their respective clients on either side of the Proposition 65 bar. In any event, the unrelated case cited by PCPC (of which it is <u>not</u> a party) to suggest a parade of horribles would ensue if EHA were permitted to intervene in this case is completely without merit. To start, the case in question (*B&G Foods N. Am., Inc. v. Embry et. al,* E.D. Cal. No. 20-cv-0526-KJM-DB ["*B&G Foods*"]) went through years of successful pleadings challenges by EHA where the Chief Judge agreed with EHA that the plaintiff's claims were subject to dismissal, with prejudice, for infringing on EHA's petitioning activities protected under the *Noerr-*

*Pennington* doctrine. *See B&G Foods,* Dkt. No. 33. The Ninth Circuit affirmed Judge Mueller's holding but permitted leave to amend to allow the plaintiff to plead an exception to *Noerr-Pennington,* which otherwise would have completely disposed of that action. *B&G Foods v. Embry,* 29 F.4th 527, 542 (9th Cir. 2022), *cert. denied,* 143 S. Ct. 212 (2022).

The initial scheduling conference cited by PCPC occurred at a time when EHA filed another Motion to Dismiss, after remand from the Ninth Circuit, involving a separate ground for dismissal. *See B&G Foods,* Dkt. No. 85-1. Hence, the parties had a genuine dispute as to whether discovery and the 26(f) conference would be stayed pending resolution of the new Motion to Dismiss, which EHA wanted more clarity on during the ISC. The "admonishment" from Judge Mueller cited by B&G is taken completely out of context. It simply involved a question of procedure in that Judge Mueller noted that EHA should have sought clarity from the Court in advance of the ISC as to whether a 26(f) conference was necessary in light of the new Motion to Dismiss.

Even if everything PCPC said about EHA or its counsel's actions in this unrelated case were true (which is not the case), it would still be entirely irrelevant to this separate matter and whether intervention is warranted. This Court is more than capable of controlling the parties before it and can handle an issue should it arise in the future without preemptively setting "strict conditions" based on a false record created by PCPC to baselessly imply EHA would not follow local rules if it were permitted to intervene. In short, PCPC's claimed "prejudice" and "undue delay" based on an incomplete, false, and odd personal attack against EHA's counsel in an unrelated case should be disregarded.

Lastly, PCPC's claim that intervention should be denied since EHA would offer no new arguments or evidence is wrong on substance and form. This supposed "factor" is not one of the enumerated factors for permissive intervention. Fed. R. Civ. P. 24(b)(1)(B); *Perry,* 587 F.3d at 955. Even though this is not a consideration for permissive intervention, EHA's familiarity with the science of TiO2 in cosmetic and personal care products – having brought over 100 lawsuits and retained experts to develop laboratory testing and exposure analysis to test an alleged violator's compliance with Proposition 65 – "offers a necessary element to the proceedings that would be neglected" – but

for EHA's participation, especially considering the AG has never brought a TiO2 action. *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528 (9th Cir. 1983).

## IV. CONCLUSION

For all the above reasons, and those previously articulated in EHA's initial memorandum of points and authorities (Dkt. No. 19-1), the motion to intervene should be granted, EHA should be permitted to file its proposed Answer (Dkt. No. 19-2), and the Court should not impose conditions on intervention at this time, but instead reserve the right to do so later if necessary.

Respectfully submitted,

Dated: October 6, 2023                               **ENTORNO LAW, LLP**

By:     */s/ Jake W. Schulte*
Noam Glick (SBN 251582)
Craig M. Nicholas (SBN 178444)
Jake W. Schulte (SBN 293777)
Janani Natarajan (SBN 346770)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 629-0527
Email: noam@entornolaw.com
Email: craig@entornolaw.com
Email: jake@entornolaw.com
Email: janani@entornolaw.com

Attorneys for Proposed Intervenor-Defendant
ENVIRONMENTAL HEALTH ADVOCATES, INC.