TRENTON H. NORRIS (CA Bar No. 164781)
trent.norris@hoganlovells.com
DAVID M. BARNES (CA Bar No. 318547)
david.barnes@hoganlovells.com
ALEXANDER TABLAN (CA Bar No. 346309)
alexander.tablan@hoganlovells.com
HOGAN LOVELLS US LLP
Four Embarcadero Center, 35th Floor
San Francisco, CA 94111-4024
Telephone:     415.374.2300
Facsimile:      415.374.2499

GREGORY G. SPERLA (CA Bar No. 278062)
greg.sperla@dlapiper.com
DLA PIPER LLP
1415 L Street, Suite 270
Sacramento, CA 95814-3976
Telephone:     916.930.3200
Facsimile:      916.930.3201

Attorneys for Plaintiff
THE PERSONAL CARE PRODUCTS COUNCIL

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PERSONAL CARE PRODUCTS COUNCIL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>　　　　　　Defendant. | No. 2:23-CV-01006-TLN-JDP<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:　　Hon. Troy L. Nunley<br>Date:　　 November 16, 2023<br>Time:　　 2:00 p.m.<br>Room:　　2 (15th Floor)<br>Action Filed: May 26, 2023 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, November 16, 2023, at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 2 of the above-titled Court, located in the United States Courthouse at 501 I Street, Sacramento, California 95814, before the Honorable Troy L. Nunley, Plaintiff The Personal Care Products Council ("PCPC") will and hereby does move the Court to enter a prospective preliminary injunction, enjoining Defendant Attorney General and its officers, employees, or agents, and all those in privity or acting in concert with those entities or individuals (including private enforcers under § 25249.7(d) of California's Safe Drinking Water and Toxic Enforcement Act of 1986—commonly known as "Proposition 65") from enforcing or threatening to enforce in the future the Proposition 65 warning requirement for cancer with respect to titanium dioxide (airborne, unbound particles of respirable size) ("Listed Titanium Dioxide") in cosmetic and personal care products. Cal. Health & Safety Code § 25249.6.

Specifically, PCPC respectfully requests that the Court enter a preliminary injunction prohibiting such individuals and entities from filing and/or prosecuting *new* lawsuits to enforce the Proposition 65 warning requirement for cancer as applied to Listed Titanium Dioxide in cosmetic and personal care products.

As explained in detail in PCPC's Memorandum of Points and Authorities, under Proposition 65, California presumptively requires that persons in the course of doing business provide a cancer warning for Listed Titanium Dioxide on their cosmetic and personal care products sold in California. In particular, such businesses must state on their cosmetic and personal care products that Listed Titanium Dioxide is "known to the State" to cause cancer, or words to that effect, or else face the risk of an enforcement action by the Attorney General or any number of public and private enforcers. The State of California, however, has never determined that Listed Titanium Dioxide causes cancer in humans. Indeed, to PCPC's knowledge, no scientific or regulatory agency in the word has classified Listed Titanium Dioxide as a "known" human carcinogen—rather, Listed Titanium Dioxide is listed under Proposition 65 because of one entity's finding that the chemical is only "*possibly* carcinogenic to humans." An extensive body

of scientific evidence in humans (i.e., epidemiological and toxicological studies), meanwhile, demonstrates that Listed Titanium Dioxide is *not* associated with an increased risk of cancer *in humans*.

As such, a compelled Proposition 65 warning for cancer as applied to Listed Titanium Dioxide in cosmetic and personal care products conveys the false—or, at a minimum, misleading and controversial—message that Listed Titanium Dioxide increases cancer risk in humans, in violation of PCPC's members' rights under the First Amendment to the United States Constitution.  *See, e.g.*, *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626 (1985); *Nat'l Ass'n of Wheat Growers v. Zeise*, 309 F. Supp. 3d 842, 852 (E.D. Cal. 2018) (Shubb, J.) (granting preliminary injunction against enforcement of Proposition 65 cancer warning requirement as to the listed chemical glyphosate because "[i]t is inherently misleading for a warning to state that a chemical is known to the state of California to cause cancer based on the finding of one organization . . . when apparently all other regulatory and governmental bodies have found the opposite."); *Cal. Chamber of Commerce v. Becerra*, 529 F. Supp. 3d 1099, 1103 (E.D. Cal. 2021) (Mueller, C.J.) (granting preliminary injunction against enforcement of Proposition 65 cancer warning requirement as to the listed chemical acrylamide where "[t]he State has not shown that the cancer warnings it requires are purely factual and uncontroversial."), *aff'd*, *Cal. Chamber of Commerce v. Council for Educ. & Research on Toxics*, 29 F.4th 468 (9th Cir. 2022).

PCPC's members urgently need relief from this Court to prevent the State, or private enforcers acting in the State's interest, from infringing their First Amendment freedoms, the loss of which "for even minimal periods of time, unquestionably constitutes irreparable injury." *Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 828 (9th Cir. 2013).  In particular, PCPC's members that sell and produce cosmetic and personal care products containing titanium dioxide are faced with a "Hobson's choice": either communicate to consumers a disparaging health warning about their products that is unsupported by the science, or face the significant risk of an enforcement action under Proposition 65 for failing to do so.  Either option impermissibly infringes their First Amendment rights.  PCPC's members also face ongoing reputational, competitive, and economic harms for which they cannot be compensated.

In support of this Motion, Plaintiff relies on the accompanying Memorandum of Points and Authorities; the Declarations of Dr. Stephen Nowlis, Dr. Amy Madl, Dr. Paola Boffetta, Thomas F. Myers, and Trenton H. Norris, and the Exhibits attached thereto; such oral argument that may be properly presented at or before the time of the hearing; and upon any other matter the Court deems proper.  Plaintiff anticipates that the hearing on this Motion will require one hour. Plaintiff does not anticipate calling live witnesses.

Dated: October 6, 2023                                      Respectfully submitted,

By: */s/ Trenton H. Norris*
Trenton H. Norris
*Attorneys for Plaintiff*
*Personal Care Products Council*