TRENTON H. NORRIS (CA Bar No. 164781)
trent.norris@hoganlovells.com
DAVID M. BARNES (CA Bar No. 318547)
david.barnes@hoganlovells.com
ALEXANDER TABLAN (CA Bar No. 346309)
alexander.tablan@hoganlovells.com
HOGAN LOVELLS US LLP
Four Embarcadero Center, 35th Floor
San Francisco, CA 94111-4024
Telephone:     415.374.2300
Facsimile:      415.374.2499

GREGORY G. SPERLA (CA Bar No. 278062)
greg.sperla@dlapiper.com
DLA PIPER LLP
1415 L Street, Suite 270
Sacramento, CA 95814-3976
Telephone:     916.930.3200
Facsimile:      916.930.3201

Attorneys for Plaintiff
THE PERSONAL CARE PRODUCTS COUNCIL

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PERSONAL CARE PRODUCTS COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>Defendant. | No. 2:23-CV-01006-TLN-JDP<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:  Hon. Troy L. Nunley<br>Date:  November 16, 2023<br>Time:  2:00 p.m.<br>Room:  2 (15th Floor)<br>Action Filed: May 26, 2023 |

Plaintiff The Personal Care Products Council ("PCPC") has filed herewith a Motion for Preliminary Injunction ("Motion"). "[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "Therefore, the Federal Rules of Evidence do not strictly apply to preliminary injunction proceedings." *Disney Enterprises, Inc. v. VidAngel, Inc.*, 224 F. Supp. 3d 957, 966 (C.D. Cal. 2016) (citing *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) (en banc); *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984)). The Court therefore "is permitted to consider inadmissible evidence in deciding a motion for a preliminary injunction." *Id.*

Nevertheless, in an abundance of caution, PCPC hereby requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following materials: (i) official publications from intergovernmental administrative agencies, which are listed below and attached as **Exhibits A** and **B**; (ii) official publications from the European Court of Justice, which are attached as **Exhibits C**, **D**, and **E**; (iii) screenshots from California government webpages, which are attached as **Exhibits F** and **G**; (iv) the official ballot pamphlet for Proposition 65, which is attached as **Exhibit H**; and (v) state court records, which are attached as **Exhibits I** and **J**.

Federal Rule of Evidence 201 provides that a district court must take judicial notice of facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). A fact is appropriate for judicial notice if it is not subject to reasonable dispute, in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b).

**REQUESTS FOR JUDICIAL NOTICE**

I. **Publications from Intergovernmental Agencies**

The Court should take judicial notice of the following publications from intergovernmental administrative agencies:

- **Exhibit A**: The World Health Organization, International Agency for Research on Cancer (IARC), *Monographs on the Evaluation of Carcinogenic Risks to Humans*, Vol. 93 (2010), available at https://publications.iarc.fr/Book-And-Report-Series/Iarc-

Monographs-On-The-Identification-Of-Carcinogenic-Hazards-To-Humans/Carbon-Black-Titanium-Dioxide-And-Talc-2010 [last accessed October 6, 2023].

- **Exhibit B**:  European Chemicals Agency, Committee for Risk Assessment (RAC), Opinion regarding risk assessment of Titanium Dioxide (Sept. 14, 2017), available at https://echa.europa.eu/documents/10162/682fac9f-5b01-86d3-2f70-3d40277a53c2 [last accessed October 6, 2023].

"Judicial notice is appropriate for records and reports of administrative bodies." *United States v. 14.02 Acres of land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008). Federal courts regularly take judicial notice of such reports even when published by foreign and intergovernmental administrative bodies whose accuracy cannot reasonably be questioned. *See, e.g., Marroquin v. Pfizer, Inc.*, 367 F. Supp. 3d 1152, 1167 n.10 (E.D. Cal. 2019) (World Health Organization's listing of a medicine); *In re German Auto. Mfrs. Antitrust Litig.*, 392 F. Supp. 3d 1059, 1063 n.2 (N.D. Cal. 2019) (European Commission's press release); *Barber v. Nestlé USA, Inc.*, 154 F. Supp. 3d 954, 958 n.1 (C.D. Cal. 2015) (documents published by the United Nations); *Dumitrescu v. General Maritime Mgmt., Inc.*, No. 8-cv-5461(PAC), 2009 WL 4823945, at *4  (S.D.N.Y. Dec. 15, 2009) (report published by the World Health Organization).

Accordingly, the Court should take judicial notice of **Exhibits A** and **B**.

## II.     European Court of Justice Publications

The Court should also take judicial notice of the following publications from the European Court of Justice concerning its November 23, 2022 decision annulling a regulation that classified titanium dioxide as a category 2 carcinogen.

- **Exhibit C**:  Press Release No. 190/22, Court of Justice of the European Union (Nov. 23, 2022), publicly available at available at https://curia.europa.eu/jcms/upload/docs/application/pdf/2022-11/cp220190en.pdf [last accessed October 6, 2023].
- **Exhibit D**:  Judgment of the European Court of Justice, Abstract, *CWS Powder Coatings GmbH and Others v. European Commission*, (Nov. 23, 2022), publicly available at available at

https://curia.europa.eu/juris/document/document.jsf?text=titanium%2Bdioxide&docid=268095&pageIndex=0&doclang=en&mode=req&dir=&occ=first&part=1&cid=3659362#ctx1 [last accessed October 6, 2023]

- **Exhibit E**: Judgment of the European Court of Justice, Full Decision, *CWS Powder Coatings GmbH and Others v. European Commission*, (Nov. 23, 2022), publicly available at available at https://curia.europa.eu/juris/document/document.jsf?text=&docid=268096&pageIndex=0&doclang=en&mode=lst&dir=&occ=first&part=1&cid=3665014 [last accessed October 6, 2023].

PCPC seeks judicial notice of these document for the fact that a judicial body of the European Union annulled a regulation pertaining to the risk assessment of airborne titanium dioxide. That the European Court of Justice reached this decision "can be accurately and readily determined" from reference to, *inter alia*, the CJEU's publicly available website, "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

In general, courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). This precept applies similarly when "determining foreign law," where "court[s] may consider any relevant material or source . . . whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1. As such, courts are "permitted to take judicial notice of authoritative statements of foreign law." *McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1424 n.10 (9th Cir. 1989); *see also Philips v. Ford Motor Co.*, No. 14-cv-02989 LHK(NC), 2016 WL 8505624, at *1 (N.D. Cal. June 10, 2016) (citing *McGhee* and taking judicial notice of a decision by the European Court of Justice); *Vinluan-Jularbal v. Redbubble, Inc.*, 21-cv-00573-JAM-JDP, 2021 WL 4286539, at *2 (E.D. Cal. Sep. 21, 2021) (Australian Federal Court decisions); *Cnty. of Stanislaus v. PG&E Co.*, No. 93–5866–OWW, 1995 WL 819150, at *8 (E.D. Cal. Dec. 18, 1995) (decisions from Canadian regulatory entities).

Accordingly, the Court should take judicial notice of **Exhibits C**, **D**, and **E**.

### III.  Government Websites

The Court should also take judicial notice of **Exhibit F**, which is a screenshot taken of the California Attorney General's online database ("AG Notice Database") listing 60-day notices of violations issued with respect to titanium dioxide (airborne, unbound particles of respirable size). It is publicly available at https://oag.ca.gov/prop65/60-day-notice-search [last accessed October 6, 2023].

The Court should also take judicial notice of **Exhibit G**, which is a screenshot taken of the Office of Environmental Health Hazard Assessment's webpage, entitled "Businesses and Proposition 65."  It is publicly available https://oehha.ca.gov/proposition-65/businesses-and-proposition-65  [last accessed October 5, 2023].

"Judicial notice is appropriate for records and reports of administrative bodies." *United States v. 14.02 Acres of land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008); *see also AECOM Energy & Constr., Inc. v. Ripley*, Case No. 17-5398-RSWL-SSX, 2019 WL 2610953, at *3 (C.D. Cal. Apr. 24, 2019) ("The records and reports of administrative bodies . . . are proper subjects of judicial notice, as long as their authenticity or accuracy is not disputed."); *Villanueva v. Biter*, No. 1:11-cv-01050-AWI-SAB(PC), 2017 WL 6040326, at *3 (E.D. Cal. Dec. 6, 2017) (taking judicial notice of reports by California state agencies).

The Court also may take judicial notice of information posted on the website of a government agency. *See, e.g., Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("[T]he court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies.") (internal citation omitted).

Accordingly, the Court should take judicial notice of **Exhibits F** and **G**.

### IV.  Ballot Initiative Pamphlet for Proposition 65

The Court should also take judicial notice of **Exhibit H**, which is an excerpt from the official pamphlet for the ballot initiative behind Proposition 65.  This pamphlet was publicly available to California's voters leading up to the passage of the Safe Drinking Water and Toxic

Enforcement Act of 1986, and is currently accessible at https://oehha.ca.gov/media/downloads/proposition-65/general-info/prop65ballot1986.pdf [last accessed October 5, 2023].

"[B]allot materials are a proper subject for notice where they are relevant." *Martin v. Metropolitan Life Ins. Co.*, 179 F. Supp. 3d 948, 949 n.1 (N.D. Cal. 2016); *see also Safari Club Intern. v. Harris*, No. 2:14–cv–01856–GEB–AC, 2015 WL 1956869, at *2 (E.D. Cal. Apr. 29, 2015) (taking judicial notice of California Ballot Pamphlet because it was publicly available to voters); *Luke v. City of Los Angeles*, No. 17–00495–CJC(SPx), 2017 WL 9486152, at *1 n.2 (C.D. Cal. July 27, 2017) (taking judicial notice of ballot initiative approved by California voters); *People v. Snyder*, 22 Cal. 4th 302, 309 n.5 (2000) (taking judicial notice of ballot arguments regarding statewide proposition as legislative history and aid for interpretation). Here, the ballot initiative arguments in favor of Proposition 65 were matters of public record and are relevant to the statute's legislative history.

Accordingly, the Court should take judicial notice of **Exhibit H**.

## V. State Court Records

Finally, the Court should take judicial notice of the following state court records that are attached as **Exhibits I** and **J**.

- **Exhibit I**: Los Angeles County Superior Court's tentative ruling overruling demurrer in *Physicians Committee for Responsible Medicine v. McDonald's Corp., et al.*, Case No. BC383722.
- **Exhibit J**: Orange County Superior Court's order denying motion for summary adjudication in *Mateel Envt'l Justice Foundation v. Walt Disney Parks & Resorts*, Case No. 30-2013-0063593.

Court filings are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" and are therefore proper subjects of judicial notice under Federal Rule of Evidence 201. *McVey v. McVey*, 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those

1  proceedings have a direct relation to matters at issue.").

2      Accordingly, the Court should take judicial notice of **Exhibits I** and **J**.

4  Dated: October 6, 2023                    Respectfully submitted,

   By: */s/ Trenton H. Norris*
   Trenton H. Norris
   *Attorneys for Plaintiff*
   *Personal Care Products Council*