Trenton H. Norris (CA Bar No. 164781)
trent.norris@hoganlovells.com
David M. Barnes (CA Bar No. 318547)
david.barnes@hoganlovells.com
Alexander Tablan (CA Bar No. 346309)
alexander.tablan@hoganlovells.com
HOGAN LOVELLS US LLP
Four Embarcadero Center, 35th Floor
San Francisco, CA 94111-4024
Telephone:    415.374.2300
Facsimile:    415.374.2499

Gregory G. Sperla (CA Bar No. 278062)
greg.sperla@dlapiper.com
DLA PIPER LLP
1415 L Street, Suite 270
Sacramento, CA 95814-3976
Telephone:    916.930.3200
Facsimile:    916.930.3201

Attorneys for Plaintiff
THE PERSONAL CARE PRODUCTS COUNCIL

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PERSONAL CARE PRODUCTS COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>Defendant. | No. 2:23-CV-01006-TLN-JDP<br><br>**DECLARATION OF THOMAS F. MYERS IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:   Hon. Troy L. Nunley<br>Date:   November 16, 2023<br>Time:   2:00 p.m.<br>Room:   2 (15th Floor)<br>Action Filed: May 26, 2023 |

DECLARATION OF THOMAS MYERS

# DECLARTION OF THOMAS F. MYERS

I, Thomas F. Myers, declare as follows in support of Plaintiff's Motion for a Preliminary Injunction in the above-captioned action:

1. I am the Executive Vice President—Legal and General Counsel for the Personal Care Products Council ("PCPC").

2. PCPC is a nonprofit business association with a membership of approximately 600 businesses in the cosmetics industry. The current list of PCPC members is available on its website at: https://www.personalcarecouncil.org/about-us/member-companies/ PCPC members supply ingredients for cosmetic and personal care products, manufacture cosmetic and personal care products, license their brands for use on cosmetic and personal care products, and sell cosmetic and personal care products in California and around the world. PCPC advocates for its members and the broader cosmetics and personal care industry before Congress and state and local legislative bodies, regulatory agencies, and courts.

3. Because so many of its members are directly impacted by Proposition 65, PCPC has historically been and continues to be deeply involved in a variety of Proposition 65-related regulatory and litigation matters in addition to such matters related to other laws that regulate cosmetics and personal care products. Specifically, PCPC has coordinated and spearheaded policy discussions on Proposition 65 and cosmetic/personal care product issues involving business leaders, policy makers, scientists, and advocacy groups in both regulatory and legislative forums. PCPC has also closely monitored proposed listings of chemicals and other regulatory activities under Proposition 65, has advised its members on these issues, and has represented its members in policy discussions where the cosmetic industry may be affected.

4. Titanium dioxide is approved by the U.S. Food & Drug Administration as a color additive in cosmetics. 21 C.F.R. § 73.2575(b). FDA's determination was based on consideration of the factors set out in Section 721 of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 379e(b)(5). Notably, the FDA could not have made this determination if it had found that titanium dioxide induces cancer in man or animals. *Id.*, § 379e(b)(5)(B). FDA has

also approved titanium dioxide in sunscreen products. *See* 21 C.F.R. § 352.10 (listing titanium dioxide as an active ingredient in sunscreens); 21 U.S.C. § 355h(a)(2) (adopting the requirements of 21 C.F.R. § 352.10); *see also* Final Administrative Order (OTC000006) Over-the-Counter Monograph M020: Sunscreen Drug Products for Over-the-Counter Human Use (Sept. 24, 2021), at § M020.10(n).

5.  Titanium dioxide is a recognized cosmetic ingredient listed in the International Cosmetic Ingredient Dictionary and Handbook, which is the authoritative source that FDA directs cosmetic companies to use in designating ingredients on cosmetic labels. 21 C.F.R. § 701.3. Like all ingredients in cosmetics (other than fragrances or flavors), titanium dioxide must be listed on the label of each package. 21 C.F.R. § 701.3(a).

6.  Titanium dioxide has been used widely in cosmetic and personal care products for decades, in both the United States and many other countries. Indeed, the regulatory authorities in Canada, Australia, New Zealand, and the United Kingdom hold views on titanium dioxide that are similar to those of FDA.

7.  Under its Safe Cosmetics Program, the State of California requires manufacturers of cosmetic products to report those that contain titanium dioxide and other ingredients. California makes this information available to the public in the form of the California Safe Cosmetics Program Product Database, which can be searched online at https://cscpsearch.cdph.ca.gov/search/publicsearch. As of October 1, 2023, that database identifies 94,710 cosmetic products that are reported to contain titanium dioxide or the form of titanium dioxide that is "airborne, unbound particles of respirable size" (which I refer to as Listed Titanium Dioxide).

8.  Many of PCPC's members have been and continue to be impacted by Proposition 65's compelled cancer warning for exposures to Listed Titanium Dioxide in cosmetic and personal care products. PCPC's members that produce, distribute, or sell cosmetic or personal care products containing titanium dioxide without providing a Proposition 65 cancer warning risk being targeted in Proposition 65 enforcement actions, and indeed many have been sued in such actions. Plaintiffs in these enforcement actions often seek substantial civil penalties and attorneys' fees. PCPC's

members often must choose between providing a cancer warning that they believe is false or facing the risks of costly enforcement actions.

9. Since 2013, more than 400 companies, including many of PCPC's members that sell cosmetic and personal care products, have been targeted with 60-day pre-litigation notices in connection with alleged exposures to Listed Titanium Dioxide in their products. Many of PCPC's members also have been sued in connection with these 60-day notices. Indeed, several of the companies represented on PCPC's Board of Directors have received 60-day notices on Listed Titanium Dioxide in their products and been sued in connection with such notices. These members of PCPC who have been noticed or sued in connection with notices alleging exposures to Listed Titanium Dioxide in their products have incurred and continue to incur significant legal and expert costs in assessing these claims and defending these lawsuits.

10. At the same time, due to the widespread (and FDA-permitted) presence of titanium dioxide in cosmetic and personal care products sold in California, many of PCPC's members that sell or manufacture products that are sold in California have not yet been sued under Proposition 65 in connection with some, or all, of their products whose ingredient lists bear the name titanium dioxide. Because of California's listing of Listed Titanium Dioxide and the attendant Proposition 65 warning requirement, these members must either take action, in conjunction with their distributors and customers, to provide false, misleading, and factually controversial warnings to California consumers about Listed Titanium Dioxide in their products—conveying the unsubstantiated message that Listed Titanium Dioxide in cosmetic products increases cancer risk in humans—or face a significant and imminent risk of an enforcement action seeking substantial civil penalties and attorneys' fees for failing to do so.

11. PCPC's many members that have not yet been notice or sued and want to prepare for the possibility of litigation are also forced to undertake costly testing of their titanium dioxide-containing products to demonstrate that Listed Titanium Dioxide is not contained in their products. That is not a simple chemical test for titanium dioxide but instead involves evaluation of whether the titanium dioxide in the product is in a form that is "airborne, unbound particles of respirable size."

12. If it might be argued that Listed Titanium Dioxide is contained in their products, members of PCPC may need to undertake costly exposure assessments to determine that that any exposures to the substance from their products do not exceed the NSRL and therefore do not require warnings. A key consideration is that the Office of Environmental Health Hazard Assessment (OEHHA) has not established a safe-harbor NSRL for Listed Titanium Dioxide. As a result, it may be necessary for a company facing a Proposition 65 notice for Listed Titanium Dioxide in a cosmetic product to undertake a complex scientific evaluation of what the appropriate NSRL would be.

13. And even if PCPC's members' assessments indicate that exposures to Listed Titanium Dioxide from their products do not exceed this appropriate NSRL, they still would need to prepare to defend against likely enforcement actions by private enforcers. Private enforcers are not required to defer to a company's exposure assessment and may dispute the exposure assessment. Thus, a company that wishes to defend its exposure assessment and to prove that an exposure does not exceed the NSRL faces the prospect of costly and risky litigation on a technical and expert-heavy defense.

14. All of this amounts to a significant burden on PCPC's members from Proposition 65's requirement to provide warnings for Listed Titanium Dioxide in cosmetic and personal care products.

15. The requirement to place a false, misleading, and highly controversial Proposition 65 cancer warning for Listed Titanium Dioxide on cosmetic and personal care products has had, and will continue to have, a substantial adverse impact on PCPC's members. Such a warning disparages PCPC's members and their products by creating the false impression among consumers that those products are unsafe and increase human cancer risk, despite scientific evidence indicating that Listed Titanium Dioxide in cosmetic and personal care products does not increase the risk of cancer in humans.

16. The interests that PCPC seeks to protect in this action are manifestly germane to its organizational purposes. PCPC's members have and continue to be impacted by Proposition 65's compelled cancer warnings for Listed Titanium Dioxide in cosmetic and personal care

products. PCPC has been and continues to be deeply involved with Proposition 65-related regulatory, legislative, and litigation matters, and it is well positioned to represent its members' interests in this litigation without the direct participation of any of its members.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 6th day of October, 2023, at Washington, District of Columbia.

By: */s/ Thomas F. Myers*
Thomas F. Myers