**HOGAN LOVELLS US LLP**
Trenton H. Norris (CA Bar No. 164781)
David M. Barnes (CA Bar No. 318547)
Alexander Tablan (CA Bar No. 346309)
4 Embarcadero Center, Suite 3500
San Francisco, California  94111
Telephone:    (415) 374-2300
Facsimile:    (415) 374-2499
trent.norris@hoganlovells.com

**DLA PIPER LLP**
Gregory G. Sperla (CA Bar No. 278062)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Telephone:    415.836.2500
Facsimile:    415.836.2501
greg.sperla@dlapiper.com

Attorneys for Plaintiff
THE PERSONAL CARE PRODUCTS COUNCIL

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PERSONAL CARE PRODUCTS COUNCIL,<br><br>            Plaintiff,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California,<br><br>            Defendant. | Case No.  2:23-CV-01006-TLN-JDP<br><br>**PLAINTIFF'S STATUS REPORT PURSUANT TO CIVIL LOCAL RULE 231(d)(3)**<br><br>Action Filed:  May 26, 2023<br>Judge:         Hon. Troy L. Nunley |

Plaintiff The Personal Care Products Council ("PCPC") hereby submits the following Status Report pursuant to Local Rule 231(d)(3), which requires that "[t]he parties shall inform the Court and all other parties immediately upon learning of a change in the need for a preliminary injunction . . . or other similar information." Pending before the Court is PCPC's Motion for Preliminary Injunction (ECF No. 27) ("PI Motion").

Since PCPC filed its PI Motion six months ago on October 6, 2023, private enforcement of Proposition 65's cancer warning requirement with respect to titanium dioxide (airborne, unbound particles of respirable size) ("Listed Titanium Dioxide") in cosmetic products has increased significantly. Indeed, one private enforcer has filed 37 new lawsuits in this intervening period. The need for preliminary injunctive relief from the enforcement of this unconstitutional warning requirement is now even more pressing than before.

Most notably, the total number of pre-suit notices of violation issued against cosmetic companies for alleged exposures to Listed Titanium Dioxide has since ballooned to 526, up from the approximately 411 notices at the time PCPC filed its PI Motion. This represents a nearly 28 percent increase since PCPC filed its motion. Of the 115 new notices of violation, roughly one quarter have already matured beyond Proposition 65's 60-day notice period and can therefore serve as the basis for private enforcement actions. The Attorney General and other government enforcers have not filed suit on the basis of any of these notices, but the issuing private enforcer has already filed 10 new lawsuits predicated on these notices.[1] By the end of this month, 40 more notices become eligible for lawsuits, putting dozens more businesses at risk of being sued.

Another private enforcer has also begun issuing pre-suit notices of violation seeking to compel cosmetic businesses to label their products with cancer warnings that PCPC challenges in

---

[1] *See EHA v. Benefit Cosmetics LLC*, Alameda Sup. Ct. Case No. 24CV067488 (filed March 12, 2024); *EHA v. Intercos America, Inc.*, Alameda Sup. Ct. Case No. 24CV068181 (filed March 18, 2024); *EHA v. Iredale Cosmetics, Inc.*, Alameda Sup. Ct. Case No. 24CV062717 (filed Feb. 5, 2024); *EHA v. Wormser Corp.*, Alameda Sup. Ct. Case No. 24CV067480 (filed March 12, 2024); *EHA v. Jones Road Beauty LLC*, Alameda Sup. Ct. Case No. 24CV067483 (filed March 12, 2024); *EHA v. Hous Inc.*, Alameda Sup. Ct. Case No. 24CV067486 (filed March 12, 2024); *EHA v. L'Oreal USA, Inc.*, Alameda Sup. Ct. Case No. 24CV068346 (filed March 18, 2024); *EHA v. Danz Distributors, LLC*, Alameda Sup. Ct. Case No. 24CV061759 (filed Jan. 29, 2024); *EHA v. Auraline, Inc.*, Alameda Sup. Ct. Case No. 24CV067267 (filed March 11, 2024); *EHA v. Kiko USA, Inc.*, Alameda Sup. Ct. Case No. 24CV061743 (filed Jan. 29, 2024).

its PI Motion as not "purely factual and noncontroversial" and therefore violative of the First Amendment rights of PCPC's members. On March 25, 2024, a private enforcer called Mothers Oversight Network for Actionable Response to Contaminant Harm, LLC ("MONARCH") issued 25 new pre-suit notices based on Listed Titanium Dioxide in cosmetics. These notices name dozens more manufacturers and retailers, all of them now vulnerable to future enforcement actions once the 60-day notice period has passed.

The issuance of 115 new notices of violation in the last six months for Listed Titanium Dioxide underscores PCPC's urgent need for preliminary relief. PCPC's PI motion does not seek to enjoin pending state court lawsuits, but instead seeks to "enjoin the Attorney General and all those in privity with him and/or acting in concert with him (including private enforcers of Proposition 65) from filing and/or prosecuting new lawsuits to enforce the Proposition 65 warning requirement as applied to Listed Titanium Dioxide in cosmetics and personal care products." (ECF No. 27-1 at 20). Absent preliminary injunctive relief, private enforcers of Proposition 65 will continue to file new lawsuits seeking to compel a misleading and controversial cancer warning that violates the First Amendment rights of PCPC's members. "The loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Valle Del Soc Inc. v. Whiting*, 709 F.3d 808, 828 (9th Cir. 2023) (same). Injunctive relief is urgently needed to protect PCPC's members from losing these freedoms.

Dated: April 3, 2024                                HOGAN LOVELLS US LLP


By: */s/ Trenton H. Norris*
   Trenton H. Norris
   *Counsel for Plaintiff*
   THE PERSONAL CARE PRODUCTS
   COUNCIL