# EXHIBIT I

```
 1   IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF CALIFORNIA
 2   - - - - - - - - - - - - - - - - x
     THE PERSONAL CARE PRODUCTS COUNCIL,
 3
                       Plaintiff,
 4
                              2:23-cv-01006-TLN-JDP
 5
             -v-
 6

 7   ROB BONTA, IN HIS OFFICIAL CAPACITY AS
     ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,
 8
                       Defendant.
 9   - - - - - - - - - - - - - - - - x
                 DATE:  Wednesday, August 7, 2024
10               TIME:  8:30 a.m.

11
             Deposition of Plaintiff's expert,
12
     STEPHEN M. NOWLIS, PhD, taken by Defendant, in
13
     the above-entitled action, held via Zoom,
14
     pursuant to notice, taken before Elizabeth A.
15
     Stella, a Stenographer and Notary Public
16
     within and for the State of New York.
17

18

19

20

21

22

23

24

25
```

Page 2

```
 1   R E M O T E   A P P E A R A N C E S:
 2        HOGAN LOVELLS US LLP
              Attorneys for Plaintiff
 3            Four Embarcadero Center
              35th Floor
 4            San Francisco, California 94111
              (415)374-2300
 5
          BY:   TRENTON H. NORRIS, ESQ.
 6              trent.norris@hoganlovells.com
 7
 8        ATTORNEY GENERAL OF CALIFORNIA
              Attorneys for Defendant
 9            300 South Spring Street
              Suite 1702
10            Los Angeles, California 90013
              (213)269-6221
11
          BY:   MEGAN K. HEY, ESQ.
12              Megan.Hey@doj.ca.gov
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

```
 1               STIPULATIONS
 2        It is hereby stipulated and agreed by
 3   counsel and among counsel for the respective
 4   parties hereto, that the filing, sealing, and
 5   certification of the witness' deposition shall
 6   be and the same are hereby waived; it is
 7   further stipulated and agreed that all
 8   objections, except as to the form of the
 9   question, shall be reserved to the time of
10   trial; it is further stipulated and agreed
11   that the within deposition may be signed
12   before any notary public with the same force
13   and effect as if signed and sworn to before
14   the Court.
15
16
17
18
19
20
21
22
23
24
25
```

Page 4

```
 1   S T E P H E N   N O W L I S, P h D, the witness
 2   herein, having been sworn, remotely, upon
 3   being examined testified as follows:
 4   EXAMINATION BY MS. HEY:
 5        Q    Mr. Nowlis, thanks again for taking
 6   the time to talk with us today.  Could you
 7   please state and spell your name for the
 8   record.
 9        A    Stephen Michael Nowlis.
10   S-T-E-P-H-E-N M-I-C-H-A-E-L N-O-W-L-I-S.
11        Q    Thank you.  The oath that was just
12   administered by Ms. Stella has the same force
13   and effect as testifying in court.  You
14   understand this?
15        A    Yes.
16        Q    My name is Megan Hey.  I'm deputy
17   attorney general, one of the attorneys
18   representing the attorney general of
19   California, the defendant in the lawsuit this
20   deposition concerns, captioned Personal Care
21   Products versus Bonta.  I may abbreviate
22   Personal Care Products Council as PCPC.  I may
23   also refer to the attorney general as the AG.
24   Do you understand?
25        A    Yes.
```

Page 5

```
 1        Q    I believe I know the answer to this
 2   question, but am I correct that you have had
 3   your deposition taken before?
 4        A    Yes.
 5        Q    About how many times?
 6        A    Forty to 50.
 7        Q    All in the capacity as an expert
 8   witness?
 9        A    Yes.
10        Q    Ms. Stella, the court reporter,
11   will be transcribing everything we say here
12   today, all of my questions, all of your
13   answers, and any interposed objections by
14   Mr. Norris, who is representing you today.  He
15   is counsel by the PCPC; am I right about that?
16        A    Yes.
17        Q    For her sake, we need to answer out
18   loud and try to speak one at a time.  Please
19   say no as opposed to gesticulating or shaking
20   your head.  Will you do your best to do that?
21        A    Yes.
22        Q    I will as well.  If your truthful
23   answer to any question today is I don't know,
24   that is fine so long as that's a truthful
25   answer.  The AG is entitled to your best
```

Page 174

1  to you.  It's just completely free of all that
2  have and you still get very large numbers of
3  people saying that they think it will increase
4  their risk of cancer.
5       Q    So I see 78 other responses and ten
6  don't know/unsure, so together those two
7  buckets is 88 people, right?
8       A    Yes.
9       Q    So that's 78 percent?
10      A    It's 78 divided by 201, so that's
11 why there's the 38.8.  It's at a third.  See
12 what I mean?
13      Q    More like 44 percent?
14      A    If you combine them, yeah, about
15 44, yeah, correct.
16      Q    And this is the product of one of
17 the two coders?
18      A    Correct.
19      Q    Using the same facets that we have
20 already looked at, Codes 1, 2, and 3?
21      A    Correct.
22      Q    With the idea that -- well, I'll
23 refrain from characterizing your definition of
24 risk.  Okay.  So let's look at the third
25 exhibit.

Page 175

1       (Exhibit 10 was introduced for the
2        record.)
3       Q    All right.  I just closed the Steno
4  app.  I'll just open it on the screen.  I'll
5  e-mail these to you Elizabeth.  So the third
6  item is the Arvai recoding.  We'll call this
7  Exhibit No. 10.
8       Professor Nowlis and Trent, you have
9  this up?
10      A    Are you sharing your screen?
11      Q    I'm not.  Can we just look at it or
12 you can share it if you wish.  It's just one
13 page.
14      A    I'm not sure what you're referring
15 to.  Sorry.
16      Q    You sent a file PDF, file name
17 Arvai recoding Test 1 and Test 2, Nowlis
18 count.  It's one page.
19      A    Got you.
20      MR. NORRIS:  Got you.  Somehow I managed
21    to lose it.
22      A    I described this a little bit
23 earlier, but what this is is Dr. Arvai recoded
24 the open-ended responses in a way he thought
25 was appropriate.  I disagree with him.  But

Page 176

1  still what he didn't do is he never tallied up
2  the results across all the questions.  If you
3  recall, I did do that, and I gave a final
4  number.  I think it was somewhere around 80
5  percent.  I thought it would be interesting to
6  see, since he thinks it should have been coded
7  this way, he likes his Codes 4 or 5, and we
8  get a Code number 1, 2, or 3 that he doesn't
9  think is appropriate.  But he likes his Codes
10 4 or 5.  And so what he reported in his expert
11 declaration was the results individually for
12 just QF1, just QF1a, just QF3, and just QF5,
13 so I said, well, let's see what happens if we
14 combine across all four questions, and we're
15 looking for did somebody say at least one time
16 in there, either Code 4 or 5, which again he
17 likes.  So I did this for, first of all,
18 there's two tests, Test 1 is the long-form,
19 Test 2 is the short-form.  And you'll see in
20 the first group of tables it says Test 1, net
21 results recoded across Q1, Q1a, Q3, Q6.  I
22 think it's really Q5. That's a misprint.  So
23 originally we did the total for QF1 and QF1a
24 combined.  He didn't combine those.  He did
25 them separately.  Then we combined 1, 1a, 3,

Page 177

1  and 5, and that is, in my opinion, sort of the
2  bottom line response.  If you do that, you
3  find over 27 percent of people take away a
4  message that he himself says that would be an
5  indicator that they think they're going to get
6  cancer or there's some problem with the
7  product.  And if they do the same logic
8  applied to Test 2, which is the short-form,
9  the final bottom line number is over 25
10 percent.  Those seem like pretty significant
11 numbers, and I'm accustom to having an expert
12 provide this kind of bottom line across all
13 questions.  That's what I did.  That's what I
14 typically do.  He didn't do that, that's fine,
15 so I kind of did it for him.
16      Q    So you're suggesting that the 25.49
17 percent for Arvai Code 4 or 5, across Q1, Q1a,
18 Q3, and 6 is significant?  Is that the word
19 you described to it?
20      A    It's really Q5.  There's a typo.
21 It should be 1, 1a, 3, and 5.  But anyway,
22 that number seems to me significant.  I mean,
23 over 20 percent of people are saying this, so
24 I don't, you know, that seems like a
25 significant number to me.  Of course at the

Page 182

1  A  I just don't know, yeah.  It's a
2  possibility that something may come up that I
3  would want to review.  I can't say
4  specifically now.  But, you know, as far as I
5  know, I don't plan to offer any new opinions.
6  Q  Okay.  Do you plan to conduct any
7  more other analyses regarding any of this as
8  you sit here today?
9  A  I would say not as I sit here
10  today, but I know Dr. Arvai's deposition is
11  coming up, and he could bring things up in
12  there that he reanalyzed that might open up
13  the box again and then I might want to look at
14  it from a different perspective that he's
15  raising that I had never thought of.
16  Q  Are there any answers to my
17  questions that you would like to change before
18  we stop?
19  A  No.
20  Q  Is there any information I asked
21  you about that you remember now but didn't
22  recall when I asked you the question?
23  A  No.
24  MS. HEY:  Trent, do you have any
25  questions?

Page 183

1  MR. NORRIS:  I don't.
2  Q  Okay.  Well, off the record.
3  (An off-the-record discussion was
4  held.)
5  MS. HEY:  So we would like a copy
6  expedited and understand it can be available on
7  August 14th.  Thank you.  And AG will retain
8  custody.
9  MR. NORRIS:  We will read and sign within
10  five business days of receiving the transcript.
11  (The deposition of Stephen M. Nowlis,
12  PhD concluded at 2:03 p.m.)

Page 184

1  C E R T I F I C A T E
2  STATE OF NEW YORK )
3  ) ss.
4  COUNTY OF NEW YORK)
5  I, ELIZABETH A. STELLA, a Stenographic
6  Reporter and Notary Public within and for the
7  State of New York, do hereby certify:
8  That STEPHEN M. NOWLIS, PhD, the witness
9  whose deposition is hereinbefore set forth, was
10  duly sworn by me and that such deposition is a
11  true record of the testimony given by such
12  witness.
13  I further certify that I am not related
14  to any of the parties to this action by blood or
15  marriage and that I am in no way interested in the
16  outcome of this matter.
17  IN WITNESS WHEREOF, I have hereunto set
18  my hand this 7th day of August 2024.
19  *[signature: Elizabeth A. Stella]*
20  ELIZABETH A. STELLA, STENOGRAPHER
21  My Commission Expires:  May 31, 2028

Page 185

I N D E X

| WITNESS | EXAMINATION BY | PAGE |
|---|---|---|
| Stephen M. Nowlis | Ms. Hey | 4 |

(Exhibits attached to transcript.)

E X H I B I T S

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Amended notice of deposition | 7 |
| Exhibit 2 | Rebuttal report of Joseph Arvai | 12 |
| Exhibit 3 | Spreadsheet | 149 |
| Exhibit 4 | Declaration and Expert report of Stephen M. Nowlis, PhD | 24 |
| Exhibit 5 | Expert report of Stephen M. Nowlis, PhD | 25 |
| Exhibit 6 | Swagbucks screenshot | 77 |
| Exhibit 7 | Shari Diamond guide | 85 |
| Exhibit 8 | Gender survey results | 170 |
| Exhibit 9 | Preliminary results QF1 and QF1a | 172 |
| Exhibit 10 | Arvai recoding | 175 |