# EXHIBIT  P

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 05/02/2014          TIME: 11:00:00 AM          DEPT: C18

JUDICIAL OFFICER PRESIDING: William Claster
CLERK: Gus Hernandez
REPORTER/ERM: Aaron Joseph Mintz CSR# 5102
BAILIFF/COURT ATTENDANT: Deanna Parsons

CASE NO: **30-2013-00635953-CU-BT-CJC**  CASE INIT.DATE: 03/08/2013
CASE TITLE: **Mateel Environmental Justice Foundation vs. Walt Disney Parks & Resorts U.S., Inc.**
CASE CATEGORY: Civil - Unlimited          CASE TYPE: Business Tort

EVENT ID/DOCUMENT ID: 71944745

**EVENT TYPE**: Motion for Summary Judgment and/or Adjudication

EVENT ID/DOCUMENT ID: 71944746

**EVENT TYPE**: Motion for Summary Judgment and/or Adjudication

**APPEARANCES**
Brian D. Acree, counsel, present for Cross - Defendant,Plaintiff(s) telephonically.
Tiffany M. Ikeda, from Klamath Environmental Law Center, present for Cross - Defendant,Plaintiff(s) telephonically.
Trenton H. Norris, from Arnold & Porter LLP, present for Defendant,Cross - Complainant(s) telephonically.

**Defendant Walt Disney Parks & Resorts U.S., Inc.'s**
**1) Motion for Summary Judgment and/or Adjudication**
**2) Motion for Summary Judgment and/or Adjudication**

Tentative Ruling posted on the Internet.

The Court hears oral argument and rules as follows.

Defendant Walt Disney Parks and Resorts, U.S., Inc.'s (Disney) motion for summary adjudication pursuant to Code of Civil Procedure Section 437c(s) as to the Fourth Cause of Action for Declaratory Relief in its Cross-Complaint against plaintiff and Cross-Defendant Mateel Environmental Justice Foundation (Mateel).
Disney's request for judicial notice is granted as to exhibits 20-26, and denied as to exhibit 27. Mateel's objections are overruled for failure to comply with California Rule of Court 3.1354 (b). Disney's objections to the Declaration of Brian Acree are sustained as to (a) paragraph 4 where it reads, "my colleagues and," (b) the first full sentence of paragraph 5, (c) paragraph 6 where it reads, "and my colleagues concurred," and (d) exhibit A. The objections are overruled as to the remainder.

CASE TITLE: Mateel Environmental Justice Foundation        CASE NO: **30-2013-00635953-CU-BT-CJC**
vs. Walt Disney Parks & Resorts U.S., Inc.

The motion is DENIED. Disney has failed to meet its initial burden while Mateel has met its initial burden regarding its compliance with Proposition 65's pre-suit notice requirements. Disney's evidence does not demonstrate that Mateel had no information or evidence of employee exposure or the failure to warn. Mateel's responses to Disney's first and second set of form interrogatories are subject to objections based on the attorney-client privilege and attorney work product doctrine, and refuse to provide any such information. Mateel's responses to the requests for admission do not conclusively demonstrate the lack of information or evidence. Furthermore, the motion is procedurally improper. The factual basis of the certificate of merit is not discoverable and the court's authority to review it is limited. (Health & Saf. Code, § 25249.7(h)(1)-(2).) A motion for summary adjudication or judgment that challenges the basis of a certificate of merit potentially forces the plaintiff to disclose privileged information to establish a triable issue of material fact, and requires the court to conduct a premature inquiry into the basis of the certificate, while allowing defendant to evade the limitations imposed by Health and Safety Code section 25249.7(h). Although the defendant may challenge the adequacy of the notice (Consumer Advocacy Group, Inc. v. Kintetsu Enterprises of America (2007) 150 Cal.App.4th 953, 969; Consumer Defense Group v. Rental Housing Industry Members (2006) 137 Cal.App.4th 1185, 1188-1189), the failure to serve a certificate of merit containing the requisite representations (DiPirro v. American Isuzu Motors, Inc. (2004) 119 Cal.App.4th 966, 969), and/or the sufficiency of the allegations concerning compliance with notice requirements in the complaint (see Physicians Committee for Responsible Medicine v. Applebee's International, Inc. (2014) 224 Cal.App.4th 166) prior to the conclusion of litigation, defendant cannot bring a motion to verify compliance with the certificate of merit requirement until he has secured a favorable termination. (Health & Saf. Code, § 25249.7, subd. (h)(1)-(2).)

Defendant Walt Disney Parks and Resorts, U.S., Inc.'s (Disney) motion for summary adjudication pursuant to Code of Civil Procedure Section 437c(s) as to the second and third causes of action in its cross-complaint against plaintiff and cross-defendant Mateel Environmental Justice Foundation (Mateel).

Disney's request for judicial notice is granted as to all exhibits except the consent judgments. Mateel's objections are overruled for failure to comply with California Rule of Court 3.1354(b). Disney's objections are moot.

The motion is DENIED. " 'There are two elements to any [Prop. 65] warning: the manner in which the warning is presented, and the message by which the warning is communicated. ... [I]n order for a warning to be clear and reasonable, the manner of transmission must be reasonable, and the message employed must be sufficiently clear to communicate the warning.' [Citations.]" (Environmental Law Foundation v. Wykle Research, Inc. (2005) 134 Cal.App.4th 60, 67 (Wykle), quoting OEHHA, Rev. Final Statement of Reasons (Oct. 8, 1988) p. 2; see also OEHHA, Final Statement of Reasons (July 2002) p. 2.)

Disney is correct that the regulations provide for "safe harbor" warnings and methods. "If a warning message in the words specified in the regulation is given in one of the methods specified by the regulation, the warning 'shall be deemed to be clear and reasonable.' " (Wykle, supra, 134 Cal.App.4th at p. 66; Cal. Code Regs. tit. 27, § 25603, subd. (a).)

However, Mateel is also correct that Disney has not used the exact language of the safe harbor warnings or a substantially similar variation thereof and therefore is not entitled to safe harbor protection. Thus, Disney must demonstrate that its warnings are clear and reasonable as a matter of fact to meet its initial burden. (Ingredient Communication Council, Inc. v. Lungren (1992) 2 Cal.App.4th 1480, 1485, n. 3 (Lungren) [whether a warning is reasonable is a question of fact to be determined on a case by case

CASE TITLE: Mateel Environmental Justice Foundation      CASE NO: **30-2013-00635953-CU-BT-CJC**
vs. Walt Disney Parks & Resorts U.S., Inc.

basis]. Disney has failed to meet its initial burden. The language of Disney's 2012 warnings and the manner of their transmission present a triable issue of material fact in the first instance as to whether the warnings are "clear and reasonable." Disney's warnings do not recite or follow the safe harbor warnings.

Court orders clerk to give notice.