**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PERSONAL CARE PRODUCTS COUNCIL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California,<br><br>　　　　　　Defendant. | Case No. 2:23-CV-01006-TLN-JDP<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF PERSONAL CARE PRODUCTS COUNCIL'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff the Personal Care Products Council's Motion for Summary Judgment having come before the Court for consideration; the Court having considered the memoranda of the parties, the supporting materials submitted by each party, the oral arguments of counsel, and otherwise being duly advised, it is hereby:

**ORDERED** that Plaintiff's Motion for Summary Judgment **is GRANTED**, as follows:

1. Personal Care Products Council is entitled to summary judgment on its claim for a permanent injunction against enforcement of Proposition 65's cancer warning requirement as to Titanium Dioxide (airborne, unbound particles of respirable size) ("Listed Titanium Dioxide") in cosmetics and personal care products. No genuine issue of material fact exists with respect to a whether the California Proposition 65 warning requirement for Listed Titanium Dioxide violates the rights of the Personal Care Products Council and its members under the First Amendment to the United States Constitution, because, *inter alia* (1) the State of California has not determined that Listed Titanium Dioxide causes cancer in humans; (2) no regulatory agency or scientific body has determined that Listed Titanium Dioxide causes cancer in humans; (3) the International Agency for Research on Cancer ("IARC"), the foreign entity whose decision triggered the listing of this substance under Proposition 65, found "inadequate evidence" that Listed Titanium Dioxide causes cancer in humans; and (4) the U.S. Food & Drug Administration has continuously approved the use of titanium dioxide in cosmetics, foods, and drugs. As such, the Proposition 65 cancer warning requirement for Listed Titanium Dioxide is misleading, controversial, unjustified, and unduly burdensome, and therefore violates the First Amendment rights of the Personal Care Products Council and its members. The Court finds that no genuine issue of material fact exists as to whether the Personal Care Products Council would suffer irreparable injury if such warnings were compelled, whether a remedy at law such as monetary damages would be inadequate to compensate for that injury, whether the balance of hardships between Personal Care Products Council and Defendant warrants a remedy in equity, and whether the public interest will be served by a permanent injunction.

For these reasons, it is hereby **ORDERED** that Defendant, his officers, employees, and agents, and all those acting in privity or concert with those individuals, including private citizen

enforcers under California Health & Safety Code § 25249.7(d), are hereby **ENJOINED** from filing or prosecuting new lawsuits to enforce, or otherwise seeking to enforce, Proposition 65's warning requirement, California Health & Safety Code § 25249.6, for cancer as applied to titanium dioxide (airborne, unbound particles of respirable size) in cosmetic and personal care products.

2. Plaintiff The Personal Care Products Council is entitled to summary judgment on its claim for a declaration, pursuant to 28 U.S.C. § 2201, that the Proposition 65 warning requirement for cancer as applied to Listed Titanium Dioxide in cosmetic and personal care products violates the First Amendment to the United States Constitution. The Court finds that there is no genuine issue of material fact exists with respect to whether there is an actual case or controversy. Furthermore, the Court finds that declaratory relief will provide needed clarity as to the constitutionality of this misleading, controversial, unjustified and unduly burdensome warning requirement by delineating the important constitutional rights of the Personal Care Products Council and its members and by placing on notice all those who might otherwise seek to enforce Proposition 65's cancer warning requirement for Listed Titanium Dioxide in cosmetics and personal care products.

Accordingly, the Court hereby **DECLARES** that the Proposition 65 cancer warning requirement for titanium dioxide (airborne, unbound particles of respirable size) violates the First Amendment to the United States Constitution and may not lawfully be enforced.

**IT IS SO ORDERED.**

DATED:

_____
Hon. Troy L. Nunley
United States District Judge