Rob Bonta, State Bar No. 202668
Attorney General of California
Laura J. Zuckerman, State Bar No. 161896
Supervising Deputy Attorney General
Megan K. Hey, State Bar No. 232345
Rafael J. Hurtado, State Bar No. 292694
Deputy Attorneys General
  300 South Spring Street
  Los Angeles, CA 90013
  Telephone: (213) 269-3344
  Fax: (916) 731-2128
  E-mail: Megan.Hey@doj.ca.gov
*Attorneys for Rob Bonta, in his Official Capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE PERSONAL CARE PRODUCTS COUNCIL,**<br><br>Plaintiff,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California,**<br><br>Defendant. | 2:23-CV-01006-TLN-JDP<br><br>**ATTORNEY GENERAL ROB BONTA'S OBJECTIONS TO THE DECLARATION OF TRENTON H. NORRIS, ECF NO. 43-3 CITED IN SUPPORT OF THE PERSONAL CARE PRODUCTS COUNCIL'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: 11/14/2024<br>Time: 2:00 p.m.<br>Dept: Courtroom 2<br>Judge: Hon. Troy L. Nunley<br>Trial Date: None Set.<br>Action Filed: 5/26/2023 |

Pursuant to Federal Rule of Civil Procedure 56(c)(2), Defendant Rob Bonta, Attorney General of the State of California (Attorney General) submits the following objections to portions of the Declaration of Trenton H. Norris, ECF No. 43-3, cited in Support of the Personal Care Products Council's (PCPC) Motion for Summary Judgment (Norris Decl.).

## LEGAL BACKGROUND

Pursuant to Federal Rule of Civil Procedure 56, a declaration used to support a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Here, the Court should give no weight to the portions of the Norris Declaration that fail to meet the basic evidentiary standards for the competence and personal knowledge of the declarant, or that set out facts inadmissible in evidence.

## OBJECTIONS

### I.  OBJECTIONS TO HEARSAY EVIDENCE

The Attorney General objects to the statements in paragraphs 30-36 of the Norris Decl., quoted below, on the ground that the statements are based on inadmissible hearsay not subject to any exception in the Federal Rules of Evidence. Fed. R. Evid. 801, 802. These assertions are double or triple hearsay, representing an attempt to relay the out-of-court statements or assertions of other entities, offered for the truth of the matter asserted therein, without any additional substantiation. Mr. Norris attempts to characterize the statements as a summary of his experience and his "observations" to avoid the fact that—assuming such conversations were with businesses that are members of his client PCPC and actually occurred—the musings are, in fact, out-of-court statements offered for their truth. Norris Decl., ¶ 30. However, the Court should not accept this mischaracterization.

And if the statements do not reflect actual out-of-court discussions between Mr. Norris and his business clients about alleged "Efforts to Comply with Proposition 65 with Respect to Titanium Dioxide in Cosmetics," then many of them simply constitute inadmissible speculation under Rules 602 and 403 of the Federal Rules of Evidence, and the Court should exclude them, or, at a minimum, disregard them from its consideration of PCPC's motion for summary

1

Attorney General's Objections to Norris Declaration Cited in Support of Opposition to PCPC's Motion for Summary Judgment (Case No. 2:23-CV-01006-TLN-JDP)

judgment. *See* Norris Decl. at 6; Fed. R. Evid. 602; 27 Charles Alan Wright et al., Federal Practice & Procedure Evidence § 6026 (2d ed. 2007) (Witnesses are not "permitted to speculate, guess, or voice suspicions."); 4-701 Weinstein's Federal Evidence § 701.03 (2017) ("Where lay "testimony is mere speculation," it does not assist the trier of fact, and thus is inadmissible.").

The statements in this category are as follows:

- "[M]y experience has made me familiar with the types of decisions these businesses are forced to make and the costs they frequently incur to reduce their risk of Proposition 65 enforcement litigation . . . ." Norris Decl., ¶ 30.

- "Many businesses have conducted expensive testing to determine whether their cosmetic and personal care products contain the listed form of titanium dioxide, i.e., airborne, unbound particles of respirable size. Because OEHHA has not defined these terms, there is ambiguity about how to determine whether Listed Titanium Dioxide is present in a product. Plaintiff's counsel in Proposition 65 enforcement actions have their litigation positions on this issue, which businesses also have to take into account." *Id*. ¶ 31.

- "Ordinarily, businesses can rely on a safe harbor No Significant Risk Level ("NSRL") set by OEHHA as an affirmative defense against allegations that their products contain a cancer-causing chemical. Although proving that an exposure to a chemical falls below the NSRL is costly, the availability of this default safe harbor level is a valuable tool for many companies. Where products containing Listed Titanium Dioxide are concerned, however, businesses do not enjoy the benefit of this safe harbor because OEHHA has not set a default NSRL for Listed Titanium Dioxide." *Id*. ¶ 32.

- "From my experience advising companies that sell cosmetics and other products containing listed chemicals without a default NSRL, defending against Proposition 65 claims in these circumstances is especially difficult because, in the absence of a safe harbor level, a private enforcer need only detect a listed chemical in *any amount* (and a plausible route of exposure) before issuing a notice of violation and file a lawsuit. As a result, companies who wish to defend themselves must undertake an even costlier and more uncertain battle to establish an NSRL in the first place, before proving that their products fall below that safe

2

Attorney General's Objections to Norris Declaration Cited in Support of Opposition to PCPC's Motion for Summary Judgment (Case No. 2:23-CV-01006-TLN-JDP)

harbor threshold. Establishing an NSRL in the course of litigation is a highly time- and cost-intensive endeavor, as it involves competing testimony from epidemiological and toxicological experts." *Id*. ¶ 33.

- "Many businesses have also evaluated the feasibility of reformulating their products to reduce the likelihood of airborne exposure to titanium dioxide, whether through the addition or replacement of ingredients. Such alternative formulations, however, are often undesirable due to a variety of reasons, including the high expense and negative effects on the characteristics of the products." *Id*. ¶ 34.

- "To avoid the expense of asserting the safe harbor defense and reformulating their products, some businesses decide to provide a Proposition 65 cancer warning for their cosmetic and personal care products that contain Listed Titanium Dioxide, even though they believe that such a warning is unfounded. This is especially true for smaller business owners who cannot afford to litigate because of the significant legal fees and expert costs necessary to prove an NSRL defense at trial." *Id*. ¶ 35.

- "All these impacts on businesses are ongoing. Businesses that produce cosmetic and personal care products must continually assess their Proposition 65 litigation risk for each new product they produce that may contain Listed Titanium Dioxide. In addition, businesses that use alternative formulations to reduce the presence of Listed Titanium Dioxide must incur these costs on an ongoing basis for each unit they produce. Finally, as discussed above, private enforcers have shown no signs of slowing their pace in targeting new cosmetic and personal care products with pre-litigation notices for alleged exposures to Listed Titanium Dioxide." *Id.* ¶ 36.

The Attorney General objects to this evidence on the ground that it is inadmissible hearsay. Fed. R. Evid. 802; *United States v. Pena-Gutierrez*, 222 F.3d 1080, 1087-1088 (9th Cir. 2000) ("hearsay within hearsay" not admissible unless exceptions for each level satisfied). In this case, the testimony is double or triple hearsay, and goes to a critical element of Plaintiff's summary judgment motion; therefore, it is not entitled to any weight. *See Id.* at 1088 (9th Cir. 2000); *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1121 (E.D. Cal. 2006) ("[T]he *moving*

3

party's affidavits must be free of hearsay.") (original italics). Thus, the Attorney General respectfully requests that the Court sustain the above objections and strike all the evidence referred to above, or, at a minimum, disregard it when considering Plaintiff's motion for summary judgment.

## II. OBJECTIONS TO LACK OF FOUNDATION AND IMPERMISSIBLE SPECULATION

The Attorney General also objects to a portion of paragraph 18 of the Norris Declaration, on the ground that it lacks foundation and constitutes inadmissible speculation: "For those noticed manufacturers who did not settle, this second set of notices resulted in more than a year's worth of expensive litigation, including extensive fact and expert discovery." Mr. Norris did not establish that he was counsel for each of the manufacturers noticed or that he had personal knowledge of what occurred in litigation. The assertion is speculative and the Court should exclude it. Fed. R. Evid. 602. This assertion also should be excluded under 403 of the Federal Rules of Evidence because, even if it were marginally probative of any material issue in these proceedings (which it is not), that probative value would be substantially outweighed by the danger of unfair prejudice or confusion of the issues.

## CONCLUSION

For the foregoing reasons, the Attorney General respectfully requests that the Court enter an order sustaining his objections to the identified portions of the Norris Declaration cited in support of PCPC's motion for summary judgment.

.

4

Attorney General's Objections to Norris Declaration Cited in Support of Opposition to PCPC's Motion for Summary Judgment (Case No. 2:23-CV-01006-TLN-JDP)

1  
2  Dated: September 24, 2024                    Respectfully submitted,

3                                               ROB BONTA
                                                Attorney General of California
                                                LAURA J. ZUCKERMAN
4                                               Supervising Deputy Attorney General

5

6
                                                */s/ Megan K. Hey*
7                                               MEGAN K. HEY
                                                RAFAEL J. HURTADO
8                                               Deputy Attorneys General
                                                *Attorneys for Rob Bonta, in His Official*
9                                               *Capacity as Attorney General of the State of*
                                                *California*
10
   LA2023950048
11 84734560.docx

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Attorney General's Objections to Norris Declaration Cited in Support of Opposition to PCPC's Motion for Summary Judgment (Case No. 2:23-CV-01006-TLN-JDP)