| | |
|---|---|
| 1 | ROB BONTA, State Bar No. 202668<br>Attorney General of California |
| 2 | LAURA J. ZUCKERMAN, State Bar No. 161896<br>Supervising Deputy Attorney General |
| 3 | MEGAN K. HEY, State Bar No. 232345<br>RAFAEL J. HURTADO, State Bar No. 292694 |
| 4 | Deputy Attorneys General<br>  300 South Spring Street |
| 5 |   Los Angeles, CA 90013<br>  Telephone: (213) 269-3344 |
| 6 |   Fax: (916) 731-2128<br>  E-mail: Megan.Hey@doj.ca.gov |
| 7 | *Attorneys for Rob Bonta, in his Official Capacity as*<br>*Attorney General of the State of California* |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE PERSONAL CARE PRODUCTS COUNCIL,**<br><br>                                    Plaintiff,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California,**<br><br>                                    Defendant. | 2:23-CV-01006-TLN-JDP<br><br>**ATTORNEY GENERAL ROB BONTA'S OBJECTIONS TO THE DECLARATION OF THOMAS MYERS, ECF NO. 27-19, CITED IN SUPPORT TO THE PERSONAL CARE PRODUCTS COUNCIL'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:          November 14, 2024<br>Time:          2:00 p.m.<br>Dept:          Courtroom 2<br>Judge:         Honorable Troy L. Nunley<br>Trial Date:    None Set<br>Action Filed:  May 26, 2023 |

Pursuant to Federal Rule of Civil Procedure 56(c)(2), Defendant Rob Bonta, Attorney General of the State of California (Attorney General) submits the following objections to portions of the Declaration of Thomas F. Myers, ECF No. 27-19, cited in Support of the Personal Care Products Council's (PCPC) Motion for Summary Judgment (Myers Decl.).

## LEGAL BACKGROUND

Pursuant to Federal Rule of Civil Procedure 56, a declaration used to support a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Here, the Court should give no weight to the portions of the Myers Declaration that fail to meet the basic evidentiary standards for the competence and personal knowledge of the declarant, or that set out facts inadmissible in evidence.

## OBJECTIONS

### I.   OBJECTIONS TO HEARSAY EVIDENCE

The Attorney General objects to the statements quoted below on the ground that the statements are based on inadmissible hearsay not subject to any exception in the Federal Rules of Evidence. Fed. R. Evid. 801, 802. These assertions are hearsay, representing an attempt to relay the out-of-court statements or assertions of other entities, offered for the truth of the matter asserted therein, without any additional substantiation.

Even if the statements do not reflect actual out-of-court communications between Mr. Myers and PCPC members, many of them simply constitute inadmissible speculation under Rules 602 and 403 of the Federal Rules of Evidence, and the Court should exclude them, or, at a minimum, disregard them from its consideration of PCPC's motion for summary judgment. *See* Fed. R. Evid. 602; 27 Charles Alan Wright et al., Federal Practice & Procedure Evidence § 6026 (2d ed. 2007) (Witnesses are not "permitted to speculate, guess, or voice suspicions."); 4-701 Weinstein's Federal Evidence § 701.03 (2017) ("Where lay "testimony is mere speculation," it does not assist the trier of fact, and thus is inadmissible."). The statements in this category are as follows:

- "Many of PCPC's members have been and continue to be impacted by Proposition 65's compelled cancer warning for exposures to Listed Titanium Dioxide in cosmetic and personal care products. PCPC's members that produce, distribute, or sell cosmetic or personal care products containing titanium dioxide without providing a Proposition 65 cancer warning risk being targeted in Proposition 65 enforcement actions, and indeed many have been sued in such actions. Plaintiffs in these enforcement actions often seek substantial civil penalties and attorneys' fees. PCPC's members often must choose between providing a cancer warning that they believe is false or facing the risks of costly enforcement actions." Myers Decl., ¶ 8.
- "All of this amounts to a significant burden on PCPC's members from Proposition 65's requirement to provide warnings for Listed Titanium Dioxide in cosmetic and personal care products." *Id*. ¶ 14.

The Attorney General objects to this evidence on the ground that it is based on inadmissible hearsay. Fed. R. Evid. 802; *United States v. Pena-Gutierrez*, 222 F.3d 1080, 1088 (9th Cir. 2000) ("hearsay-within-hearsay" not admissible).

## II.   OBJECTIONS TO IMPROPER OPINION TESTIMONY BY LAY WITNESS

The Attorney General objects to the statements quoted below on the ground that they constitute improper opinion testimony by a lay witness that are based on scientific, technical, or other specialized knowledge, Fed. R. Evid. 701. As lay witness, Mr. Myers is not qualified to opine on consumer "impression[s]" of the safety of titanium dioxide; the "scientific evidence" on the "cancer risk" of titanium dioxide, or the "views" of various regulatory agencies. Meyers Decl. ¶¶ 6 and 10. The statements in this category are as follows:

- "Titanium dioxide has been used widely in cosmetic and personal care products for decades, in both the United States and many other countries. Indeed, the regulatory authorities in Canada, Australia, New Zealand, and the United Kingdom hold views on titanium dioxide that are similar to those of FDA." *Id*. ¶ 6.
- "… Because of California's listing of Listed Titanium Dioxide and the attendant Proposition 65 warning requirement, these members must either take action, in conjunction

with their distributors and customers, to provide false, misleading, and factually controversial warnings to California consumers about Listed Titanium Dioxide in their products—conveying the unsubstantiated message that Listed Titanium Dioxide in cosmetic products increases cancer risk in humans—or face a significant and imminent risk of an enforcement action seeking substantial civil penalties and attorneys' fees for failing to do so." *Id.* ¶ 10.

These topics concern scientific or other specialized knowledge for which Mr. Meyers is not qualified to offer testimony. These statements should also be excluded for lack of foundation because the declarant has not established that he has personal knowledge of the matters that are the subject of his testimony, Fed. R. Evid. 602.

### III.  OBJECTIONS BASED ON LACK OF FOUNDATION

In addition, the Attorney General objects to the statements in the paragraphs quoted below on the ground that they are speculative and lack foundation, and thus violate Rule 602 of the Federal Rules of Evidence. These statements lack foundation because the declarant has no personal knowledge or information to establish that these hypothetical outcomes may actually occur or are "likely." *Id.* ¶ 13. As such, the assertions are speculative, and the Court should exclude them under Federal Rule of Evidence 602.

- "PCPC's many members that have not yet been notice[d] or sued and want to prepare for the possibility of litigation are also forced to undertake costly testing of their titanium dioxide containing products to demonstrate that Listed Titanium Dioxide is not contained in their products…." *Id.* ¶ 11.

- "If it might be argued that Listed Titanium Dioxide is contained in their products, members of PCPC may need to undertake costly exposure assessments to determine that that any exposures to the substance from their products do not exceed the NSRL and therefore do not require warnings. A key consideration is that the Office of Environmental Health Hazard Assessment (OEHHA) has not established a safe-harbor NSRL for Listed Titanium Dioxide. As a result, it may be necessary for a company facing a Proposition 65 notice for

Listed Titanium Dioxide in a cosmetic product to undertake a complex scientific evaluation of what the appropriate NSRL would be." *Id.* ¶ 12.

- "And even if PCPC's members' assessments indicate that exposures to Listed Titanium Dioxide from their products do not exceed this appropriate NSRL, they still would need to prepare to defend against likely enforcement actions by private enforcers. Private enforcers are not required to defer to a company's exposure assessment and may dispute the exposure assessment. Thus, a company that wishes to defend its exposure assessment and to prove that an exposure does not exceed the NSRL faces the prospect of costly and risky litigation on a technical and expert-heavy defense." *Id.* ¶ 13.

As a result, the Attorney General respectfully requests that the Court strike the evidence referred to above, or, at a minimum, disregard it when considering PCPC's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Attorney General respectfully requests that the Court enter an order sustaining his objections to the identified portions of the Myers Declaration cited in support of PCPC's motion for summary judgment.

Dated:  September 24, 2024   Respectfully submitted,

ROB BONTA
Attorney General of California
LAURA J. ZUCKERMAN
Supervising Deputy Attorney General

*/s/ Megan K. Hey*

MEGAN K. HEY
RAFAEL J. HURTADO
Deputy Attorneys General
*Attorneys for Rob Bonta, in His Official Capacity as Attorney General of the State of California*

LA2023950048
67110381.docx