**HOGAN LOVELLS US LLP**
Trenton H. Norris (CA Bar No. 164781)
David M. Barnes (CA Bar No. 318547)
Four Embarcadero Center, 35th Floor
San Francisco, CA 94111-4024
Telephone: 415.374.2300
Facsimile: 415.374.2499
trent.norris@hoganlovells.com
david.barnes@hoganlovells.com

**DLA PIPER LLP**
Gregory G. Sperla (CA Bar No. 278062)
1415 L Street, Suite 270
Sacramento, CA 95814-3976
Telephone: 916.930.3200
Facsimile: 916.930.3201
greg.sperla@dlapiper.com

Attorneys for Plaintiff
THE PERSONAL CARE PRODUCTS COUNCIL

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

THE PERSONAL CARE PRODUCTS COUNCIL,

Plaintiff,

v.

ROB BONTA, in his official capacity as Attorney General of the State of California,

Defendant.

Case No. 2:23-CV-01006-TLN-JDP

**PLAINTIFF THE PERSONAL CARE PRODUCTS COUNCIL'S NOTICE OF MOTION AND MOTION FOR CIVIL CONTEMPT AGAINST ENVIRONMENTAL HEALTH ADVOCATES, INC. ("EHA") OR, IN THE ALTERNATIVE, TO ORDER EHA TO CEASE ITS EFFORTS TO FILE A SUPPLEMENTAL COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Judge: Hon. Troy L. Nunley

Date: May 1, 2025
Time: 2:00 p.m.

**Table of Contents**

**Page**

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

A. COMPLAINT AND EHA'S MOTION TO INTERVENE ..... 2

B. INTERVENTION DENIED; PRELIMINARY INJUNCTION ISSUED ..... 3

C. DISMISSAL OF EHA'S STATE COURT ACTIONS ..... 4

D. EHA'S PROPOSED SUPPLEMENTAL COMPLAINT ..... 4

E. CURRENT STATUS OF THIS CASE ..... 5

III. LEGAL STANDARD ..... 5

IV. ARGUMENT ..... 6

A. EHA'S SUPPLEMENTAL COMPLAINT SEEKS TO ADD NEW CAUSES OF ACTION THAT HAD NOT ARISEN AT THE TIME THE INJUNCTION WAS ENTERED. ..... 6

B. EHA'S PROPOSED SUPPLEMENTAL COMPLAINT IS A NEW LAWSUIT BARRED BY THIS COURT'S INJUNCTION. ..... 8

C. THE ANTI-INJUNCTION ACT DOES NOT APPLY. ..... 9

V. REQUESTED RELIEF ..... 12

A. THE COURT SHOULD HOLD EHA IN CONTEMPT OF COURT AND COMPEL IT TO ABIDE BY THE PRELIMINARY INJUNCTION. ..... 12

B. THE COURT SHOULD ALTERNATIVELY ORDER EHA TO CEASE ITS EFFORTS TO FILE ITS PROPOSED SUPPLEMENTAL COMPLAINT. ..... 14

C. THE COURT SHOULD AWARD PCPC ITS ATTORNEY FEES. ..... 14

VI. CONCLUSION ..... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. Valley View Min. Co.*
127 Cal. 630 (1900)....................9

*Cohn v. Cohn*,
47 Cal. App. 2d 683 (1941)....................9

*Council for Educ. & Research on Toxics v. Starbucks Corp.*,
84 Cal. App. 5th 879 (2022)....................6

*David v. Hooker, Ltd.*,
560 F.2d 412 (9th Cir. 1977)....................8

*Flood v. Simpson*,
45 Cal. App. 3d 644 (1975)....................8

*Foster v. Sexton*,
61 Cal. App. 5th 998 (2021)....................9

*Gen. Signal Corp. v. Donallco, Inc.*,
787 F.2d 1376 (9th Cir. 1986)....................8, 12

*Go-Video, Inc. v. Motion Picture Ass'n of Am.*,
10 F.3d 693 (9th Cir. 1993)....................8

*ITT Gilfillan, Inc. v. City of L.A.*,
136 Cal. App. 3d 581 (1982)....................10

*Lee v. Bank of Am.*,
27 Cal. App. 4th 197 (1994), *as modified on denial of reh'g* (Aug. 29, 1994)....................10

*Maggio v. Zeitz*,
333 U.S. 56 (1948)....................12

*Methven & Assocs. Prof'l Corp. v. Kelley*,
669 F. App'x 923 (9th Cir. 2016)....................8

*Miofsky v. Super. Ct.*,
703 F.2d 332 (9th Cir. 1983)....................11, 12

*Mitchum v. Foster*,
407 U.S. 225 (1972)....................11

*Roche Palo Alto LLC v. Apotex, Inc.*,
526 F. Supp.2d 985 (N.D. Cal. 2007)....................7

*Shillitani v. United States*,
384 U.S. 364 (1966) ........................................................ 7

*Shuffler v. Heritage Bank*,
720 F.2d 1141 (9th Cir. 1983) ........................................................ 8

*Stack v. Wilder*,
3 Cal. 2d 71 (1935) ........................................................ 3, 9, 10, 12

*United States v. Asay*,
614 F.2d 655 (9th Cir. 1980) ........................................................ 12

*Westlake North Property Owners Ass'n v. Thousand Oaks*,
915 F.2d 1301 (9th Cir. 1990) ........................................................ 7

**Statutes**

United States Code

28 U.S.C. § 2283 ........................................................ 11

42 U.S.C. § 1983 ........................................................ 5, 11, 12

California Code of Civil Procedure

§ 464 ........................................................ 3, 4, 8, 10

California Health & Safety Code

§ 25249.6 ........................................................ 1, 4, 6

**Regulations**

California Code of Regulations

tit. 27, § 25903(a) ........................................................ 6

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on Thursday, May 1, 2025, at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 2 of the above-titled court, located in the United States Courthouse at 501 I Street, Sacramento, California 95814, before the Honorable Troy L. Nunley, Plaintiff The Personal Care Products Council ("PCPC") will and hereby does move for an order holding Denied Intervenor Environmental Health Advocates, Inc. ("EHA") in civil contempt of court or, in the alternative, ordering EHA to cease its efforts to file a supplemental complaint in Alameda Superior Court in violation of the Preliminary Injunction entered in this action (ECF No. 40).

The Preliminary Injunction enjoins all private enforcers of Proposition 65 (Cal. Health & Safety Code § 25249.6 *et seq.*) "from filing or prosecuting new lawsuits to enforce Prop 65's warning requirement [citation], for cancer as applied to Listed Titanium Dioxide (i.e., titanium dioxide that consists of airborne, unbound particles of respirable size) in cosmetic and personal care products." ECF No. 40 at 19:4–9. After the dismissal of more than 80 cases it had filed in state court concerning Listed Titanium Dioxide prior to the issuance of this Court's Preliminary Injunction, EHA is attempting to prosecute new claims, including some against defendants that were dismissed in those actions, via a "Proposed Supplemental Complaint" in one of the remaining actions that was not dismissed by the Alameda Superior Court. EHA's assertion of these new claims is an attempt to prosecute new claims and lawsuits that were not pending at the time the Preliminary Injunction was issued. An order for contempt of court, or alternatively an order directing EHA to withdraw its motion for leave to file a supplemental complaint and otherwise cease its efforts to do so, is needed to effectuate the Preliminary Injunction. That order is needed before May 22, 2025, the date on which the Alameda Superior Court is scheduled to hear, and may decide, EHA's motion for leave to file its Proposed Supplemental Complaint. The Court should also award PCPC its reasonable attorney fees incurred in remedying EHA's willful disobedience of the Preliminary Injunction.

This application is based on PCPC's Notice of Motion and Motion for Civil Contempt, the accompanying Memorandum of Points and Authorities, the Declaration of Trenton H. Norris, the

Request for Judicial Notice and exhibits attached thereto, and such further evidence and argument as may be presented at the time of the hearing.

Dated: March 27, 2025

Respectfully submitted,

By: /s/ Trenton H. Norris
Trenton H. Norris (CA Bar No. 164781)
HOGAN LOVELLS US LLP
Four Embarcadero Center, 35th Floor
San Francisco, CA 94111
Tel: (415) 374-2300
trent.norris@hoganlovells.com

Attorneys for Plaintiff
Personal Care Products Council

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On June 12, 2024, this Court issued a Preliminary Injunction enjoining the Defendant Attorney General and all those acting in privity with him (including private citizen enforcers) "from filing or prosecuting new lawsuits to enforce Prop 65's warning requirement [citation] for cancer as applied to Listed Titanium Dioxide (i.e., titanium dioxide that consist of airborne, unbound particles of respirable size) in cosmetic and personal care products." ECF No. 40 at 19:4–9. The terms of this order are clear: private enforcers, such as nonparty Environmental Health Advocates, Inc. ("EHA"), cannot file or prosecute new actions for alleged exposures to Listed Titanium Dioxide that were not pending when the Preliminary Injunction was issued. EHA knows well of this prohibition's existence because the Court issued the preliminary injunction in the same order denying EHA's intervention. ECF No. 40. Plaintiff Personal Care Products Council ("PCPC") also served EHA with a copy of the Preliminary Injunction the same day it was issued.

An order of civil contempt against EHA is needed to stop its attempt to prosecute new claims concerning Listed Titanium Dioxide that were not pending when this Court issued its injunction. On February 21, 2025, EHA filed in Alameda County Superior Court a "Motion for Leave to File a Supplemental Complaint," to which it attached a Proposed Supplemental Complaint adding claims concerning 16 new notices of violation of Proposition 65 for exposures to Listed Titanium Dioxide. These claims were not asserted in the original complaint EHA seeks to supplement, which it filed in one of the few lawsuits remaining among EHA's 125 coordinated lawsuits, almost all of which were dismissed on an omnibus motion for judgment on the pleadings addressing EHA's failure to comply with Proposition 65's mandatory pre-suit notice requirements. EHA attempts to use a purported "Supplemental Complaint" in this one action to assert new claims against new defendants, many of whom were parties in actions that were part of the mass dismissal.

The issue for EHA is that plaintiffs cannot use supplemental complaints to allege new facts giving rise to a new cause of action. *See, e.g.*, *Stack v. Wilder*, 3 Cal. 2d 71, 75–76 (1935) (supplemental complaint "obviously [] alleged entirely new matter, in addition to the original cause of action, materially affecting the rights of appellants"). Rather, this rarely used procedural vehicle

is intended only to allow a plaintiff the opportunity to "alleg[e] facts material to the case occurring after the former complaint or answer." Cal. Code Civ. Proc. § 464. Here, EHA's Proposed Supplemental Complaint does not allege new facts material to its case concerning the few products and parties in the original action but rather adds a plethora of new claims for new products against new defendants, each of whom, as EHA recognizes, could not be sued in new lawsuits because of this Court's Preliminary Injunction. The Alameda Superior Court may deny EHA's motion, but if it grants EHA's motion, EHA will file its Supplemental Complaint in contravention of this Court's Preliminary Injunction, and these new claims will then be pending in Alameda Superior Court, altering the status quo this Court sought to preserve and providing EHA with a clear path to prosecuting additional claims in state court.

EHA's attempt to skirt this Court's Preliminary Injunction reflects its willful disobedience of this Court's order and subjects EHA to a finding of contempt. Indeed, were EHA's view of the law correct, EHA could continue to add and prosecute an infinite number of new causes of action concerning Listed Titanium Dioxide, so long as one case is pending in state court. EHA's effort flouts the Court's Preliminary Injunction and subjects the newly targeted state court defendants (including some of PCPC's members) to the violations of their First Amendment rights this Court has recognized are more likely than not to occur.

The Court should accordingly issue a civil contempt order against EHA. In the alternative, the Court should order EHA to cease its pursuit of its Motion for Leave to File Supplemental Complaint and any other effort to prosecute claims in state court that were not pending on the date the Preliminary Injunction was issued. Regardless of the form of relief issued, the Court should award PCPC its reasonable attorney fees for remedying EHA's willful disregard of this Court's Preliminary Injunction.

## II. FACTUAL BACKGROUND

### A. COMPLAINT AND EHA'S MOTION TO INTERVENE

On May 26, 2023, PCPC filed its complaint in this action, alleging that Proposition 65's (Cal. Health & Safety Code § 25249.6 *et seq.*) cancer warning requirement for titanium dioxide (airborne, unbound particles of respirable size) ("Listed Titanium Dioxide") violated the First

Amendment as false, misleading, and controversial compelled speech. ECF No. 1, ¶ 1. In addition to seeking declaratory relief, PCPC sought prospective preliminary and permanent injunctions under 42 U.S.C. § 1983 ("§ 1983"), prohibiting the Defendant Attorney General and all those in privity or acting in concert with him (including EHA) from enforcing or threatening to enforce Proposition 65's warning requirement for Listed Titanium Dioxide in cosmetics and personal care products. *Id.*, Prayer for Relief.

More than three months later, on September 12, 2023, EHA attempted to intervene as a party defendant. ECF No. 19–1. At the time it attempted to intervene, EHA had issued more than 250 notices of violation and filed at least 108 lawsuits for alleged violations of Proposition 65 for exposures to Listed Titanium Dioxide. *Id.* at 3:12–15. EHA contended that intervention was warranted because "EHA has an interest in being able to continue to enforce Proposition 65 with respect to TiO2," *id.* at 6:12–13, while acknowledging that "[a]n adverse outcome in this litigation would impair the interests of EHA by denying it the ability to enforce Proposition 65's cancer warning for TiO2." PCPC (ECF No. 22) and the Attorney General (ECF No. 21) opposed.

**B. INTERVENTION DENIED; PRELIMINARY INJUNCTION ISSUED**

On June 12, 2024, the Court issued an order denying EHA's intervention and granting PCPC's Motion for Preliminary Injunction. ECF No. 40. In rejecting EHA's motion, the Court reasoned that EHA's and the Attorney General's interests in this action—upholding the warning requirement for Listed Titanium Dioxide—were identical, and EHA failed to show that the Attorney General (who oversees all private enforcers of Proposition 65) would not adequately represent EHA's interests. *Id.* at 8:20–9:26. The Court found further that intervention by EHA would delay the adjudication of PCPC's Motion for Preliminary Injunction. *Id.* at 11:10–24.

The Court then found that preliminary injunctive relief was warranted because the State did not show that the warning requirement for Listed Titanium Dioxide was purely factual, uncontroversial, and not unduly burdensome. *See id.* at 16:2–7 (finding that warning requirement conveys the message that exposures to chemical may cause or increase the risks of cancer in humans and that the message is "particularly" misleading for Listed Titanium Dioxide). Because PCPC made the remaining necessary showings for injunctive relief, the Court issued the

prospective Preliminary Injunction requested by PCPC:

> The Court further GRANTS Plaintiff's Motion for a Preliminary Injunction. (ECF No. 27.) [The Attorney General] his officers, employees, and agents, and all those acting in privity or concert with those individuals, ***including private citizen enforcers*** under California Health & Safety Code § 25249.7(d), are hereby ENJOINED from ***filing or prosecuting new lawsuits*** to enforce Prop 65's warning requirement, California Health & Safety Code § 25249.6, for cancer as applied to Listed Titanium Dioxide (i.e., titanium dioxide that consists of airborne, unbound particles of respirable size) in cosmetics and personal care products.

*Id.* at 19:3–9 (emphasis added). The same day the Preliminary Injunction was issued, PCPC served notice of the injunction on all private enforcers of Proposition 65 that had issued notices for alleged exposures to Listed TiO2, including EHA. ECF No. 41.

**C. DISMISSAL OF EHA'S STATE COURT ACTIONS**

In August 2023, the Alameda County Superior Court coordinated EHA's then-108 cases that had been filed for alleged exposures to Listed Titanium Dioxide. ECF No. 19-1 at 4:1–3. Defendants in the vast majority of those actions sought dismissal on the grounds that EHA's pre-suit notices of violation of Proposition 65 failed to comply with the statute's mandatory pre-suit notice requirements. *See* Cal. Code Regs. tit. 27, § 25903(a). On January 28, 2025, the Alameda Superior Court granted the motion and dismissed 84 of EHA's coordinated cases. Request for Judicial Notice ("RJN"), Ex. A (Order); Ex. B (Memorandum) at 2:24–25. Because defects in pre-suit notices cannot be corrected after lawsuits are filed, EHA's claims for these products were dismissed with prejudice. *See Council for Educ. & Research on Toxics v. Starbucks Corp.*, 84 Cal. App. 5th 879, 900 (2022) ("Failure to comply with presuit notice requirements is grounds for dismissal, and deficiencies cannot be cured after the complaint is filed.") (citation omitted). Because of the Preliminary Injunction entered by this Court, EHA is barred from filing new suits for the dismissed claims based on later notices that corrected the defects at issue.

**D. EHA'S PROPOSED SUPPLEMENTAL COMPLAINT**

While opposing the state court Defendants' motion, EHA never claimed the ability to amend its complaints to rely on corrected notices. But less than a month later, on February 21, 2025, EHA filed a "Motion for Leave to File a Supplemental Complaint" in one of the 24 actions that was not dismissed, against the sole defendant in that action, Lurella Cosmetics, Inc.

("Lurella"). RJN, Ex. B (*EHA v. Lurella Cosmetics, Inc.*, Alameda Sup. Ct. Case No. 23CV027328 (action filed Feb. 3, 2023)). Via its Proposed Supplemental Complaint, EHA seeks to add new Proposition 65 claims against more than a dozen new defendants, arising out of notices of violation issued in **early 2024**. RJN, Ex. C (Supporting Declaration, Exs. 17–18 thereto). EHA, however, did not limit its new claims to notices concerning Lurella alone but sought to add claims concerning ***16 new notices***, including those it had issued to several defendants in many of the 84 dismissed actions, including members of PCPC. *Id.* (Supporting Declaration, Exs. 1–16 thereto). If granted, EHA's motion will result in the filing of the Proposed Supplemental Complaint and enable EHA to prosecute new claims that were not pending at the time this Court issued its Preliminary Injunction. EHA's motion is scheduled to be heard by the Alameda Superior Court on May 22, 2025. That court may decide EHA's motion on that day.

### E. CURRENT STATUS OF THIS CASE

Following the close of discovery, PCPC filed it Motion for Summary Judgment in this case on September 10, 2024. ECF No. 43. On September 25, 2024, this Court took the matter under submission and cancelled the hearing on PCPC's Motion for Summary Judgment. ECF No. 45. If this Court grants PCPC's Motion for Summary Judgment and enters judgment for PCPC, including the permanent injunction sought by PCPC, EHA's pending actions in Alameda Superior Court seeking to enforce Proposition 65 as to Listed Titanium Dioxide in cosmetics and personal care products, including the *Lurella* action in which EHA seeks to file its Proposed Supplemental Complaint, will immediately be barred as a matter of claim preclusion, mooting this Motion for Contempt. This is true regardless of whether the Attorney General appeals this Court's judgment. *See Roche Palo Alto LLC v. Apotex, Inc.*, 526 F. Supp.2d 985, 998 (N.D. Cal. 2007) ("The preclusive effect of a federal district court judgment is unaffected by any appeals pending therefrom.").

## III. <u>LEGAL STANDARD</u>

It has long been settled that courts have "inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). Courts may enforce court orders against non-parties under the authority granted by Rule 70(e),

("[t]he court may also hold the disobedient party in contempt") and Rule 71 ("[w]hen an order ... may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party"). *See, e.g.*, *Westlake North Property Owners Ass'n v. Thousand Oaks*, 915 F.2d 1301, 1304 (9th Cir. 1990) ("Rule 71 was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action."). Therefore, courts may properly find non-parties who disobey court orders in civil contempt of court. *See, e.g., Methven & Assocs. Prof'l Corp. v. Kelley*, 669 F. App'x 923, 924 (9th Cir. 2016) (recognizing "findings of civil contempt against non-parties"); *David v. Hooker, Ltd.*, 560 F.2d 412, 416 (9th Cir. 1977) (same).

To support a finding of civil contempt, the movant must show by "clear and convincing" evidence, *Go-Video, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993), the contemnor's "willful disobedience of a court order." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983). When the movant meets their burden, "[s]anctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). Here, the evidence is clear that EHA—as a party that is aware of this Court's injunction—is plainly disobeying the injunction's express terms by attempting to prosecute claims for alleged exposures to Listed Titanium Dioxide.

## IV. <u>ARGUMENT</u>

### A. EHA'S SUPPLEMENTAL COMPLAINT SEEKS TO ADD NEW CAUSES OF ACTION THAT HAD NOT ARISEN AT THE TIME THE INJUNCTION WAS ENTERED.

Under California law, the purpose of a supplemental complaint is to allow a plaintiff the opportunity to "alleg[e] facts material to the case occurring after the former complaint or answer." Cal. Civ. Proc. Code § 464. Precedent prevents a plaintiff from using a supplemental complaint to allege facts giving rise to a new cause of action. *See, e.g., Flood v. Simpson,* 45 Cal. App. 3d 644, 647 (1975) (affirming denial of a motion to supplement a complaint when the supplemental complaint sought to introduce new causes of action). "[W]here an original pleading is filed before the cause of action has arisen, that defect cannot be cured by a supplemental complaint addressing

matters that *occurred after* the original pleading was filed." *Foster v. Sexton*, 61 Cal. App. 5th 998, 1032 (2021) (emphasis added); *see Cohn v. Cohn*, 47 Cal. App. 2d 683, 689 (1941) ("[S]ince a supplemental pleading is proper only in aid of the case made by the original complaint, relief cannot be granted upon a supplemental complaint, where the proof shows that the plaintiff had no cause of action when his original complaint was filed."). Thus, the additional facts pled in a *supplemental* complaint must do just that—*supplement* the originally pled cause of action.

In *Brown v. Valley View Min. Co.*, the plaintiff filed for breach of contract of an "express contract to pay the sum of $480 for a certain period of services," later filing a supplemental complaint for failure to pay monthly wages. 127 Cal. 630, 633 (1900). The Court found the former to be "a cause of action distinct and independent from the alleged cause of action," though the parties and cause of action—breach of contract—were identical. *Id.* Further, *Stack v. Welder* is in accord. 3 Cal. 2d at 75–76. There, the Court held that a supplemental complaint filed by an entirely different party for collection of debt on a different instrument "obviously [] alleged entirely new matter, in addition to the original cause of action, materially affecting the rights of appellants." *Id.*

EHA's Proposed Supplemental Complaint does far more than provide additional material facts relating to its original claim against Lurella. Rather, EHA introduces *new claims* for relief against *new defendants* arising out of the alleged TiO2 levels in *new products*. Specifically, neither the claims against those new defendants nor their products were implicated in EHA's original complaint against Lurella. For the first time in its supplemental complaint, EHA now attempts to seek recovery from the newly-named defendants based off its allegation that those defendants knew or intended that customers would use three of its products allegedly containing TiO2 in violation of Prop 65. Nevertheless, and as EHA itself recognizes, the right to sue Defendants did not arise until after the expiration of the 60-day notice period from the issuance of EHA's Notices of Violations. RJN, Ex. 3 (Memorandum at 3:2–3). For one PCPC member, the notices of violation concerning the newly-named defendants' products were issued on February 27 and 29, 2024. RJN, Ex. C (Supporting Declaration, Exs. 6, 11, 15, thereto). Therefore, EHA did not have a viable cause of action against Defendants until almost a year after it filed its original complaint

against Lurella.

EHA cannot argue in good faith that its Proposed Supplemental Complaint does not seek to add a new cause of action against the non-Lurella defendants. The purpose of a supplemental complaint is to provide additional material facts that continue the story started by the original complaint. Supplementing the original complaint to add allegations against Defendants and their products does not continue the story of EHA's claims against Lurella. Rather, it introduces an entirely new story—one with new characters and claims of wrongdoing arising out of wholly new products.

PCPC therefore believes that EHA's motion should be found impermissible under Code of Civil Procedure section 464. The state court Defendants intend to oppose EHA's motion on this basis, but under this Court's order, EHA should not have filed its motion, and the Alameda Superior Court should not need to consider EHA's motion.

**B. EHA'S PROPOSED SUPPLEMENTAL COMPLAINT IS A NEW LAWSUIT BARRED BY THIS COURT'S INJUNCTION.**

The injunction issued by this Court explicitly prohibits EHA from "filing or prosecuting new lawsuits to enforce Prop 65's warning requirement . . . as applied to Listed Titanium Dioxide." ECF No. 40 at 19:4–9. EHA now attempts to circumvent this order by disguising what is clearly a new lawsuit as a "supplemental complaint." For one, a supplemental complaint against a new party does not "relate back," for purposes of the statute of limitations. *Lee v. Bank of Am.*, 27 Cal. App. 4th 197, 214–15 (1994), *as modified on denial of reh'g* (Aug. 29, 1994); *see ITT Gilfillan, Inc. v. City of L.A.*, 136 Cal. App. 3d 581, 586 (1982) ("[T]he doctrine of relation-back does not apply to a supplemental complaint."). Additionally, "where a supplemental complaint has been filed it is really two separate complaints . . . and they are considered separately and this is true although combined in one pleading." *ITT Gilfillan, Inc.*, 136 Cal. App. 3d at 589. In fact, judgment as to an original complaint is wholly severable from judgment on a supplemental complaint. *Stack*, 3 Cal. 2d at 76.

Here, EHA's Proposed Supplemental Complaint will be treated as separate from and not a replacement for its original complaint. The Alameda Superior Court's January 28, 2025 order

granting the state court defendants' motion for judgment on the pleadings dismissed any viable claims EHA had against the defendants that it attempts to re-sue via its backdoor supplemental complaint. Should EHA's Proposed Supplemental Complaint be filed as EHA intends, it would reintroduce those defendants into the coordinated proceeding under a new case heading. By asking the Alameda Superior Court to permit it to file its Proposed Supplemental Complaint, EHA seeks to enforce a cause of action against those defendants that had not accrued at the time of this Court's injunction. EHA should not be allowed to skirt this Court's injunction by tacking on new defendants and products to cases filed before the injunction went into effect and pretending it is a single Proposition 65 action. If this bad faith tactic were permitted, it would allow EHA to endlessly pull defendants back into these coordinated cases, even after they have been dismissed elsewhere, and alter the status quo that this Court's Preliminary Injunction seeks to protect. For these reasons, EHA's supplemental complaint is indisputably a new lawsuit prohibited by this Court's Preliminary Injunction.

### C. THE ANTI-INJUNCTION ACT DOES NOT APPLY.

During meet and confer discussions, EHA's counsel raised the issue of whether PCPC's present motion runs afoul of the Anti-Injunction Act, 28 U.S.C. § 2283. Norris Decl. ¶ 2. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress." *Id.* It does not apply because PCPC is not requesting that this Court stay the proceedings in Alameda Superior Court or direct the Alameda Superior Court to do anything. Instead, this Court's injunction is aimed at EHA and its conduct, and PCPC seeks to enforce the injunction as directed toward EHA.

Furthermore, if there were any doubt as to whether the Anti-Injunction Act may apply, it is dispelled by established Supreme Court precedent holding that Section 1983 is an "expressly authorized" exemption to the Anti-Injunction Act. *Mitchum v. Foster*, 407 U.S. 225, 243 (1972). This Circuit's precedent is crystal clear:

> [C]ivil rights actions under § 1983 are among the exceptions to the Anti-Injunction Act that have been "expressly authorized by Act of Congress," *id. See Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). Thus, as *Mitchum* makes clear, Congress has not rendered federal courts impotent in the face of an infringement of constitutional

> rights by the judicial arm of state government. As the Court said in *Mitchum*, "[t]he very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law, 'whether that action be executive, legislative, *or judicial*.' " 407 U.S. at 242, 92 S.Ct. at 2162 (quoting *Ex parte Virginia*, 100 U.S. 339, 346, 25 L.Ed. 676 (1879) (emphasis added)).

*Miofsky v. Super. Ct.*, 703 F.2d 332, 335 (9th Cir. 1983). Because the Preliminary Injunction was issued under § 1983, the Anti-Injunction Act does not apply. Any attempt by EHA to use the Anti-Injunction Act as a tool to avoid complying with an injunction to which it is bound by its express terms is simply inappropriate.

## V. REQUESTED RELIEF

### A. THE COURT SHOULD HOLD EHA IN CONTEMPT OF COURT AND COMPEL IT TO ABIDE BY THE PRELIMINARY INJUNCTION.

There are three types of contempt sanctions: punitive, compulsory, and compensatory. The first is a criminal contempt sanction and is not sought by way of this motion. The latter two are civil. *United States v. Asay*, 614 F.2d 655, 659 (9th Cir. 1980). A judgment of civil contempt is coercive in nature and is entered to achieve full compliance with the court's order or to compensate a party for losses or damage sustained by reason of the contemnor's noncompliance. *See, e.g.*, *Maggio v. Zeitz*, 333 U.S. 56, 67–68 (1948); *Gen. Signal Corp.*, 787 F.2d at 1380 ("Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both.").

Here, civil compulsory sanctions are appropriate because clear and convincing evidence demonstrates that EHA willfully disobeyed the Court's Preliminary Injunction. The Preliminary Injunction—which was issued in the same order denying EHA's intervention and then served on EHA the same day by PCPC—prohibits EHA from "filing or prosecuting new lawsuits to enforce Proposition 65's warning requirement" for cancer for Listed Titanium Dioxide in cosmetic and personal care products. ECF No. 40 at 19:6–9. As discussed above, California law is clear that supplemental complaints "allege entirely new matter[s], in addition to the original cause of action." *Stack*, 3 Cal. 2d at 75–76. EHA's "Supplemental Complaint" does just that—it attempts to prosecute new causes of action that were not pending at the time this Court issued its Preliminary

Injunction. EHA cannot disguise this fact by trying to shoehorn claims it could not prosecute in a new lawsuit into a "supplemental" complaint in an action that was already pending.

Indeed, EHA's course of conduct demonstrates that its actions were deliberately taken to skirt this Court's Preliminary Injunction. Not once during the litigation of the dispositive motion addressing EHA's pre-suit notice defects did it raise the possibility of modifying or supplementing any complaint. Alameda County's dismissal of 84 of EHA's actions took place after this Court issued its Preliminary Injunction, meaning that EHA could not file new lawsuits for these products (predicated on subsequently issued notices that corrected the defects in the prior notices). Indeed, Alameda County's dismissal of those actions ended EHA's ***prosecution*** of those actions. EHA's attempt to "supplement" its complaint in one of the few cases that was not dismissed to reassert those claims and add others is a transparent attempt to prosecute new claims that were not pending at the time this Court issued its injunction.

A civil contempt order against EHA is necessary to effectuate compliance with this Court's Preliminary Injunction. EHA's Motion to File Supplemental Complaint attached its Proposed Supplemental Complaint; if granted, the motion would result in this claim being filed with the Alameda County Superior Court and enable EHA to prosecute new matters for alleged exposures to Listed Titanium Dioxide. Defendants in Alameda County Superior Court have informed that court of the Preliminary Injunction, but as the judicial body that issued this order, only this Court can compel EHA's compliance with the order.

Further, a contempt finding is necessary to prevent EHA from attempting to prosecute additional matters for alleged exposures to Listed Titanium Dioxide. Indeed, by EHA's logic, as long as one case is pending in the state court, EHA can "supplement" the complaint in that action to add as many new claims as it wishes. California caselaw clearly refutes this interpretation of the word "supplemental," and the Court should hold EHA in contempt for having refused to cease its attempt to prosecute these matters after having been informed they were violating the Preliminary Injunction.

//

//

**B. THE COURT SHOULD ALTERNATIVELY ORDER EHA TO CEASE ITS EFFORTS TO FILE ITS PROPOSED SUPPLEMENTAL COMPLAINT.**

In the alternative to finding EHA in contempt of court for violating the Preliminary Injunction, the Court should order EHA to cease its efforts to file its Proposed Supplemental Complaint because complaints in cases existing at the time of the Preliminary Injunction cannot be "supplemented" to prosecute new matters that were not pending at the time of the Preliminary Injunction's issuance. During meet and confer discussions, EHA raised the issue of whether a contempt order would be an advisory opinion because EHA has not yet filed its Proposed Supplemental Complaint. Norris Decl. ¶ 2. EHA, however, submitted its Proposed Supplemental Complaint along with its Motion to File Supplemental Complaint; the granting of that motion, which could occur as early as May 22, 2025, would likely result in EHA's Supplemental Complaint immediately being filed. PCPC believes that EHA's submission of a Motion to File Supplemental Complaint is only the first step in the prosecution of new lawsuits for the claims identified therein. An order from the Court that EHA must cease this conduct because it violates the Preliminary Injunction and will subject EHA to contempt should remedy the issue before the Court.

**C. THE COURT SHOULD AWARD PCPC ITS ATTORNEY FEES.**

Regardless of which alternative the Court elects, it should award PCPC its reasonable attorney fees for having had to respond to EHA's attempt to violate the Preliminary Junction. To date, PCPC has incurred reasonable attorney fees totaling $40,638.50 for investigating and bringing this motion. Norris Decl. ¶¶ 4–9. PCPC will incur additional fees drafting its reply brief, which should also be recovered. PCPC will update its attorney fees request with its reply brief.

## VI. CONCLUSION

For the reasons stated above, this Court should find EHA in contempt of the June 11, 2024 Order Granting Plaintiff's Motion for a Preliminary Injunction or, in the alternative, should order EHA to withdraw its Motion to File Supplemental Complaint and cease any further effort to prosecute claims for alleged violations of Proposition 65's warning requirement for cancer based on Listed Titanium Dioxide in cosmetics and personal care products that were not pending in state court on June 11, 2024. The Court should accordingly impose sanctions to induce compliance and

award PCPC its reasonable attorney fees.

Dated: March 27, 2025

Respectfully submitted,

By: /s/ Trenton H. Norris
Trenton H. Norris (CA Bar No. 164781)
HOGAN LOVELLS US LLP
Four Embarcadero Center, 35th Floor
San Francisco, CA 94111
Tel: (415) 374-2300
trent.norris@hoganlovells.com

Attorneys for Plaintiff
Personal Care Products Council