# EXHIBIT A

**FILED**
Superior Court of California
County of Alameda

01/28/2025

Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
        T. Smith

JCCP 5285 – Titanium Dioxide Powder Cosmetics Cases
22CV008711 EHA vs BARE MINERALS (Lead Case)

Motions for Judgment on the Pleadings and Motion for Stay

ORDERS

The court GRANTS the motions for judgment on the pleadings by Bareminerals US Holdco Inc., Shiseido Americas Corporation, and Alima Cosmetics, Inc. based on the failure of Environmental Health Advocate's ("EHA's") notices to those defendants to comply with state regulations, particularly 27 CCR section 25093.  The moving defendants are to prepare and file a proposed judgment within ten court days of this Order, after conferring with counsel for EHA.

The court DENIES without prejudice the motion for stay pending resolution of a case in the Eastern District of California sought by L'Oreal USA S/D, Inc., Dermablend, Inc., Giorgio Armani Corp., IT Cosmetics LLC, Maybelline LLC, NYX Professional Makeup LLC, Profusion Cosmetic Corp., Urban Decay Cosmetics LLC, ColorScience, Inc., Glossier, Inc., Merle Norman Cosmetics, Inc., THGPP LLC, Tru Fragrance and Beauty LLC, and Alima Cosmetics, Inc.

OVERVIEW

Sufficiency of EHA's Prop. 65 Notices

The moving defendants, Bareminerals US Holdco Inc., Shiseido Americas Corporation, and Alima Cosmetics, Inc., seek judgment on the pleadings that the notices they received from Plaintiff EHA failed to comply with state regulations.  If they are correct then EHA lacks a factual predicate to a claim under Proposition 65 as a matter of law.

EHA all but concedes that its notices to the moving defendants did not comply with the relevant regulation.  EHA instead contends that its notices were in substantial compliance with the regulation, provided adequate notice to the moving defendants of their alleged violations of law, and so EHA has done what it must do to maintain a claim under Proposition 65.  The moving defendants respond that other judges of this court have ruled against EHA in other cases in which the adequacy of one of EHA's notices under Proposition 65 were challenged on substantially similar grounds and so EHA's claims are barred by virtue of offensive collateral estoppel.  The moving defendants further argue that substantial compliance is insufficient for purposes of evaluating whether a particular notice may function as a factual basis for a Prop 65 claim.  Instead, as other judges of this court have found, strict compliance is necessary.  Even if strict compliance is not necessary, they continue, the court should grant judgment on the pleadings because EHA's notices failed to meet the standard for substantial compliance.

Stay Pending Parallel Federal Litigation and/or OEHHA Action

Another group of moving defendants seek a stay of the litigation pending the outcome of a declaratory judgment action brought by a trade association representing many of the named defendants here against the California Attorney General, and involving similar issues pending in the Eastern District of California:  *The Personal Care Products Council v. Bonta*, Case No. 2:23-cv-01006 TLN (JDP) (E.D. Cal. 2024), 2024 WL 3011001 ("PCPC").  Defendants argue that if the federal court resolves that case in favor of the trade association PCPC, it will necessarily resolve all the claims in this case.  They point out that the federal court issued an anti-suit injunction barring further lawsuits under Proposition 65 based on Listed TiO2 exposure in cosmetics.

As an alternative theory concerning why the court should stay these cases, Defendants argue that California's Office of Environmental Health Hazard Assessment ("OEHHA") has proposed a safe harbor "No Significant Risk Level" exposure level for titanium dioxide.  Defendants believe that if the NSRL is in fact adopted by the OEHHA, it "will have a profound effect on the affirmative defenses raised in this litigation."  (Open. Br. at p. 6.)

## MOTIONS FOR JUDGMENT ON THE PLEADINGS RE EHA'S PROP. 65 NOTICES TO THE MOVING DEFENDANTS

There is no dispute that EHA's notices to the moving defendants failed to comply with the requirements of 27 CCR section 25093.  The notices did not include a current copy of "The Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65):  A Summary," referenced by the parties as Appendix A, included contact information for outside counsel rather than "a responsible individual within the noticing entity," and were sent to a registered agent rather than a corporate officer (CEO, President, or General Counsel).

The moving defendants argue that strict compliance is mandatory for all pre-suit Proposition 65 notice requirements.  Notice helps enable the Attorney General's Office to investigate claims "before ceding them to financially-incentivized private enforcers."  (Open. Br. at p. 8, citing *Consumer Advocacy Group, Inc. v. Kinetsu Enters. Am.* (2007) 150 Cal.App.4th 953, 963-964.)

The court agrees with Defendants that a notice under Proposition 65 must strictly comply with the requirements of California's Code of Regulations in order for a private plaintiff to enforce it. Health and Safety Code section 25249.7, subdivision (d) authorizes a private action to enforce the statute "may be brought by a person in the public interest" subject to giving notice to both law enforcement and to the alleged violator.  The statute is mandatory.  (See *Troyk v. Farmers Group, Inc.* (2009) 171 Cal.App.4th 1305, 1333.)  It provides that the relevant law enforcement agencies must not commence a suit of their own, and that the private action has to be commenced "more than 60 days from the date that the person has given notice of the alleged violation . . . that is the subject of the private action to the Attorney General and the district attorney, city attorney, or prosecutor in whose jurisdiction the violation is alleged to have occurred, and to the alleged violator."  (Health & Saf. Code, § 25249.7, subd. (d)(1).)

The regulation interpreting section 25249.7, which sets out the requirements for a Proposition 65 notice, is also the most persuasive authority concerning the need to comply with the notice

requirements.  Section 25903 of title 27 of the California Code of Regulations provides: "For purposes of Section 25249.7(d) of the Act, 'notice of the violation which is the subject of the action' (hereinafter 'notice') shall mean a notice meeting all requirements of this section.  No person shall commence an action to enforce the provisions of the Act 'in the public interest' pursuant to Section 25249.7(d) of the Act except in compliance with all requirements of this section."  (Cal. Code Regs, tit 27, § 25903(a).)

The regulation specifies that a Prop 65 notice must meet "all requirements" twice, emphasizing the point.  Further, cases including *Kinetsu, supra*, 150 Cal.App.4th at pp. 973-974, are in accord.  Even the failure to serve a copy of the pamphlet "Summary" of Prop 65, called Appendix A by the parties, is referenced by the cases as deserving of enforcement.  (Id. at pp. 973-974.)  Defendants also note that four of the undersigned's colleagues on the Alameda County Superior Court have reached a similar conclusion in connection with compliance concerning Prop 65 notice requirements.  (RJN Exhs. B-E.)

EHA argues that it substantially complied with section 25903 and should be permitted to maintain its case even if notice deviated from the letter of that regulation.  The court disagrees that substantial compliance is the appropriate standard, given the weight of relevant case law and the text of the regulation itself.  But if substantial compliance were sufficient, the lack of contact information for a "responsible individual" at EHA and the failure to serve a corporate officer indicate a lack of substantial compliance.  One can imagine a target of a potential lawsuit wanting to avoid interacting with outside counsel and instead negotiating with a person with authority to negotiate inside the putative plaintiff.  One can debate whether notice is better targeted to a registered agent for service instead of a CEO, President, or General Counsel, but the regulation itself specifies notice to one of these three officers and not also to a registered agent.

The moving defendants argue that collateral estoppel based on Judge Grillo's order in the Embry/EHA case is a further reason to dismiss the cases against them based on the notice defect issue.  The court elects not to rely on collateral estoppel as a basis for its decision.  The key question is whether the notices at issue were defective.  The fact that different notices in another case were deficient in similar ways, which justified dismissal of the earlier case, does not necessarily trigger collateral estoppel.  Rather, a final valid judgment on the merits by a court precludes further litigation between the same parties or privies in subsequent litigation as to the same issues that were actually and necessarily decided in the earlier case.  It is unclear whether the Embry/EHA decision was  a final valid judgment with regard to the Appendix A issue given the lack of an appellate decision on that issue.

EHA relies heavily on *Mission Springs Water District v. Desert Water Agency* (2024) 101 Cal.App.5th 413, in arguing that strict compliance ought not to be imposed on its Prop 65 notices here.  Unlike the notice defects at issue in *Mission Springs*, the notice deficiencies that the moving defendants have identified have an actual statutory basis.  (*Mission Springs, supra*, 101 Cal.App.5th at pp. 431-435.)  The court cannot conclude that the compliance with the notice requirement does not go to "the essence of the particular object sought to be obtained,

or the purpose to be accomplished," as the court in *Mission Springs* was able to determine. (101 Cal.App.5th at p. 433.)

<u>JOINT MOTION FOR STAY</u>

Defendants ask the court to stay the JCCP action based on the court's "fundamental inherent equity, supervisory, and administrative powers" under the California Constitution and its "inherent power to control litigation." (Open. Br. at p. 10, quoting *Brown v. Upside Gading, LP* (2019) 42 Cal.App.5th 140, 145.) Defendants also invoke section 187 of the Code of Civil Procedure, which vests the court with the powers to employ "any suitable process or mode of proceeding" to carry out the court's exercise of jurisdiction under the Constitution. (Ibid.)

Defendants note that, when evaluating whether to impose a discretionary stay of pending litigation – including in light of related pending federal litigation – the courts evaluate which action was filed first, the overlap in the subject matter between the cases, avoiding "unseemly conflicts with" the federal court, whether the federal court is the best to adjudicate the case "because [of] the nature of the subject matter," the stage of the proceedings, and whether the cases are pending in California or elsewhere. (*Farmland Irrigation Co. v. Dopplmaier* (1947) 48 Cal.2d 208, 215; *Caifa Professional Law Corp. v. State Farm & Cas. Co.* (1993) 15 Cal.App.4th 800, 804.)

Defendants' primary argument is that the PCPC federal case may definitively resolve this case. EHA responds that it will be many months, if not years, before collateral estoppel could potentially apply to any of the issues in this case. A final valid judgment by a court precludes further litigation between parties and privies in subsequent litigation as to the same issues that were actually and necessarily litigated in the earlier case. (See *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.) Even then, EHA argues it is a stretch to say that EHA is in privity with the California Attorney General for purposes of use of offensive collateral estoppel by Defendants.

A final valid judgment is likely a long way off in the federal case. Further, it remains to be seen whether Defendants' defense that a warning label on all powder cosmetics relating to the alleged cancer risk associated with titanium dioxide is a violation of a cosmetics makers' rights under the First Amendment will ultimately prove successful. It is also unclear whether Defendants could employ offensive collateral estoppel against EHA when the federal case names the California Attorney General rather than EHA. It seems more likely that collateral estoppel might not apply and Defendants would instead need to argue that whatever rule is established by the federal court against the California Attorney General applies equally to a non-governmental actor like EHA.

The court is confident that the parties will keep it informed of the rulings in the federal court action so as to reduce any risk of conflicting rulings. Likewise, if this court reaches a conclusion concerning a new NSRL by the OEHHA (if the OEHHA adopts it), the court is confident the parties will inform the court in the federal action.

Defendants note the federal court enjoined EHA from bringing new Prop 65 cases based on titanium dioxide. EHA filed this case in March of 2022, well before the federal court's anti-suit injunction went into effect.

The court does not believe the public interest is served by a stay of this litigation pending further action by the OEHHA concerning a potential new NSRL. The regulatory process is not especially speedy. Defendants note that the comment period for a proposal regarding a new NSRL for TiO2 closed on July 1, 2024. But, the hearing on the motion for stay took place in the Fall, and the court has already waited over 80 days before issuing this decision. Based on the limited record available there is no telling if or when a new NSRL might be issued, and further delay seems inappropriate. The mere possibility that the OEHHA might act on this point is not enough to warrant a stay. If an NSRL is adopted, then the court anticipates the parties will inform the court. The court anticipates the parties would then further develop the factual record, followed by motion practice to resolve whether and how the NSRL applies to the facts in this case.

Finally, the court notes that its decision on the motion for stay is similar to the decision reached by Judge Grillo in connection with a stay request in a Proposition 65 case relating to acrylamide. (EHA RJN Exh. A.) The court believes it is in a good position to resolve this lawsuit on the merits without imposing a stay at this time. If developments in the federal case or in the OEHHA warrant, the court is denying the motion for stay without prejudice.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
01/28/2025
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
T. Smith

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
Environmental Health Advocates, Inc.,

DEFENDANT/RESPONDENT:
Bareminerals US HoldCo Inc., a Delaware corporation et al

**CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6**

CASE NUMBER:
22CV008711

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Motions for Judgment on the Pleadings ad Motion for Stay Order entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Amy P. Lally
SIDLEY AUSTIN LLP
alally@sidley.com

Anna Sophie Tirre
Tucker Ellis LLP
anna-sophie.tirre@tuckerellis.com

Bryan Bitzer
Weinberg Gonser LLP
bryan@wgcounsel.com

Christopher A. Rheinheimer
Wilmer Cutler Pickering Hale and Dorr LLP
chris.rheinheimer@wilmerhale.com

Corey Michael Day
STOEL RIVES LLP
corey.day@stoel.com

Gregory George Sperla
DLA PIPER LLP (US)
Greg.Sperla@us.dlapiper.com

Jay J. Chung
jaychung@lacwkrr.com

Jeffrey Brian Margulies
Norton Rose Fulbright US LLP
jeff.margulies@nortonrosefulbright.com

Kseniya Belysheva
Sidley Austin LLP
kbelysheva@sidley.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 01/28/2025

By:

T. Smith, Deputy Clerk

| SHORT TITLE: ENVIRONMENTAL HEALTH ADVOCATES, INC., vs BAREMINERALS US HOLDCO INC., A DELAWARE CORPORATION, et al. | CASE NUMBER: 22CV008711 |
|---|---|

LAUREN SHOOR
NORTON ROSE FULBRIGHT US LLP
lauren.shoor@nortonrosefulbright.com

Lauren Marian Michals
Nixon Peabody LLP
lmichals@nixonpeabody.com

Matthew I Kaplan
Tucker Ellis LLP
matthew.kaplan@tuckerellis.com

Noam Glick
Entorno Law, LLP
noam@entornolaw.com

Orlando F. Cabanday
Cabanday Law Group
orlando@cabandaylawgroup.com

Owen Michael Praskievicz
Solomon Ward Seidenwurm & Smith LLP
opraskievicz@swsslaw.com

Peggy Otum
Wilmer Cutler Pickering Hale and Dorr LLP
peggy.otum@wilmerhale.com

Skyler J. May
Frost Brown Todd LLP
smay@fbtlaw.com

Stephen T. Holzer
LEWITT HACKMAN SHAPIRO MARSHALL & HARLAN
sholzer@lewitthackman.com

Willis Wagner
GREENBERG TRAURIG, LLP
Will.Wagner@gtlaw.com

**ADDITIONAL PAGE – CERTIFICATE OF MAILING**