# EXHIBIT B

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
02/24/2025 at 09:04:46 AM
By: Darrell Drew,
Deputy Clerk

**ENTORNO LAW, LLP**
  Noam Glick (SBN 251582)
  Craig M. Nicholas (SBN 178444)
  Jake W. Schulte (SBN 293777)
  Janani Natarajan (SBN 346770)
  Gianna E. Tirrell (SBN 358788)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 629-0527
Email: noam@entornolaw.com
Email: craig@entornolaw.com
Email: jake@entornolaw.com
Email: janani@entornolaw.com
Email: gianna@entornolaw.com

Attorneys for Plaintiff,
ENVIRONMENTAL HEALTH ADVOCATES, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| ENVIRONMENTAL HEALTH ADVOCATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LURELLA COSMETICS, INC., a California corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 23CV027328 <br> JCCP No. 5285 <br> Reservation No. 346279698347 <br><br> **PLAINTIFF ENVIRONMENTAL HEALTH ADVOCATES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** <br><br> **Date**: May 22, 2025 <br> **Time**: 10:00 AM <br><br> **Complaint Filed**: February 3, 2023 <br> **Trial**: None |

## I. INTRODUCTION

This coordinated action arises from Defendants' failure to sufficiently warn California consumers of exposures to Titanium Dioxide (airborne, unbound particles of respirable size) (hereafter, "TiO2") in various cosmetic products, such as eyeshadow, blush, bronzer, and setting powder.

Plaintiff Environmental Health Advocates, Inc. ("Plaintiff" or "EHA") seeks leave to supplement one of the first-filed complaints in this action to add cosmetic products containing dangerous levels of TiO2 and associated manufacturer defendants. This supplementation should be non-controversial: no trial date has been set, discovery has scarcely begun, and therefore the requested supplementation poses no prejudice to the Defendants.

Rather, Plaintiff understands that Defendants contend the supplementation is proscribed by the District Court's June 2024 ruling enjoining "new lawsuits." (*See The Personal Care Products Council v. Bonta,* (E.D. Cal., June 12, 2024, No. 2:23-CV-01006-TLN-JDP) 2024 WL 3011001 ("*PCPC*"). However, this argument is flawed on its face, based on a plain reading of the District Court's injunction. This is not a "new lawsuit" subject to this injunction. Plaintiff simply seeks to supplement its *existing* lawsuit to include additional products and defendants that violate Proposition 65.

Further, each of the defendants in Plaintiff's proposed supplemental complaint has been a party to this litigation—that is, until the Court's recent granting of Defendants' Motion for Judgment on the Pleadings ("MJOP"). The amendment simply adds back these same parties, after Plaintiff issued new Notices of Violation curing the notice defects at issue in the MJOP.

In short, there is no prejudice to Defendants from the requested supplemental filing, and the Eastern District's preliminary injunction order is facially inapplicable. Under the liberal standard for supplemental complaints (similar to amended complaints), the Court should allow Plaintiff to file its proposed supplemental complaint.

///

///

///

## II. RELEVANT BACKGROUND

### A. Procedural History.

Plaintiff is a citizen enforcer of Proposition 65 dedicated to protecting the health of California citizens through the elimination or reduction of toxic exposure from consumer products. Beginning in approximately December 2021, Plaintiff served Defendants, the California Attorney General, and all other public enforcement agencies with a number of 60-Day Notices of Violation (the "Original Notices"). (Declaration of Noam Glick ["Glick Decl."] at ¶ 2.) The Original Notices alleged that Defendants violated Proposition 65 by failing to sufficiently warn consumers in California of the health hazards associated with exposures to TiO2 contained in the cosmetic products at issue. (*Id.*) Upon the expiration of each 60-day notice period, Plaintiff proceeded with litigation. (*Id.*) The first of these complaints was filed on or around March 22, 2022. (*See* Compl., *Environmental Health Advocates, Inc. v. BareMinerals US Holdco Inc.,* No. 22CV008711, (Alameda County Superior Court).) ("BareMinerals"). The complaint Plaintiff seeks to supplement was filed on February 3, 2023. (*See* Compl., *EHA* v. *Lurella Cosmetics, Inc*., Case No. 23CV027328, (Alameda County Superior Court).)

On May 3, 2023, Defendants in one of the first-filed cases filed a Petition to Coordinate a number of Plaintiff's Proposition 65 enforcement actions as to TiO2. (*See* Defendants' Notice of Submission of Petition for Coordination*, EHA v. BareMinerals*.) In June 2023, Defendants' Petition was granted, and the cases were coordinated Alameda County. Several add-on petitions to include subsequently filed cases were granted in the following months, resulting in approximately 137 coordinated cases.

On January 28, 2025, the Court granted a Motion for Judgment on the Pleadings brought by some of the defendants, dismissing 84 cases on the basis that Plaintiff failed to comply with three notice sub-provisions set forth in Proposition 65. The Court's ruling had no bearing on 41 active cases. These cases are all in active litigation. (Glick Decl. at ¶ 3)

### B. The New Notices that are the Basis of the Supplemental Complaint.

Beginning in early 2024, as part of its continued efforts to uncover consumer exposures to TiO2 in violation of Proposition 65, Plaintiff issued approximately 16 additional notices (the "New

Notices"). (*Id.* at ¶ 4, **Ex. 1 - 16**.) The New Notices concern similar (and in some cases, identical) cosmetic products to those which initially gave rise to this coordinated action. (*Id.*) The New Notices also cured any purported notice defect issues raised by Defendants as the basis for dismissal. Plaintiff's New Notices also implicate the very same Defendants that were already parties to this action, up until the Court's recent granting of Defendants' MJOP. (*Id.*) The requisite 60-day notice period has now expired for each of the products at issue in the New Notices. (*Id.*) Plaintiff has satisfied all other pre-suit requirements. (*Id.*)

Plaintiff now seeks leave to file a supplemental complaint to this coordinated action so that it can add the defendants/products in the 16 New Notices, alongside the 41 JCCP cases which remain in active litigation. (*Id.* at ¶ 5, **Exs. 17-18.**)

        C.        **The Federal *PCPC* Action's Limited Injunction of "<u>New</u>" Proposition 65 Cases.**

On May 26, 2023, Defendants' interest group, The Personal Care Products Council (PCPC), represented by the same attorneys representing some of the Defendants here, brought a 42 U.S.C. § 1983 action in the U.S. District Court for the Eastern District of California against the California Attorney General. The lawsuit alleges that the State (through Plaintiff and others) seeks to compel PCPC members to display warnings about the dangers of TiO2 in cosmetics and personal care products in violation of the First Amendment. (*See The Personal Care Products Council v. Bonta,* (E.D. Cal., June 12, 2024, No. 2:23-CV-01006-TLN-JDP) 2024 WL 3011001 ("*PCPC*").

On June 12, 2024, the Eastern District granted PCPC's motion for preliminary injunction, enjoining the Attorney General and private citizen enforcers "from filing or prosecuting **<u>new lawsuits</u>** to enforce Prop 65's warning requirement [] for cancer as applied to [TiO2] in cosmetic and personal care products. (*PCPC,* 2024 WL 3011001*,* at 10.) (Emphasis added.) The preliminary injunction "does not alter any existing consent decrees, settlements, or other agreements related to Prop 65 warning requirements," nor does it affect any preexisting enforcement cases—including this action. (*Id.*) Indeed, as the Court notes in its January 28, 2025 Order, Plaintiff "filed this case in March of 2022, well before the federal court's anti-suit injunction went into effect." (*Id.* "Motions for Judgment on the Pleadings ad Motion for Stay Order")

///

      **D.**      **Plaintiff Satisfied its Meet-and-Confer Requirement.**

On February 20, 2024, Plaintiff met and conferred telephonically with lead counsel for the coordinated action regarding the instant motion. (Glick Decl. at ¶ 6.) Counsel for Defendants represented that Defendants intend to oppose. (*Id.*)

### III. LEGAL STANDARD

A supplemental pleading is used to allege relevant facts occurring after the original pleading was filed. (*See* Code Civ. Proc. § 464(a); *see also Foster v. Sexton* (2021) 61 Cal. App. 5th 998, 1032.) Code Civ. Proc. § 464(a) authorizes supplemental pleadings, providing as follows: "The plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint or answer, alleging facts material to the case occurring after the former complaint or answer." The "occurring-after" facts must supplement the original cause of action or defense—in other words, a supplemental pleading cannot be used to allege facts constituting a *new* cause of action or defense altogether. (*Flood v. Simpson,* 45 Cal. App. 3d 644, 647.)

The same policy favoring liberality in amending pleadings applies to supplemental pleadings, so that all matters in dispute between the parties can be resolved in a single lawsuit if practicable, in consideration of party and judicial resources. (*Louie Queriolo Trucking, Inc. v. Superior Court of Kern County,* 252 Cal. App. 2d 194, 197-8; *see also California Practice Guide: Civil Procedure Before Trial* (The Rutter Group 2024) ¶ 6:819 ["Ordinarily, leave to file supplemental pleadings is granted even more readily than amended pleadings. There is far less chance that granting leave will prejudice the opposing parties, or delay the trial, because of the rule that supplemental pleadings cannot allege 'new' causes of action or defenses"].)

### IV. THE COURT SHOULD GRANT PLAINTIFF LEAVE TO FILE A SUPPLEMENTAL COMPLAINT

      **A.**      **This Case Remains Unaffected by the Federal *PCPC* Action.**

The preliminary injunction is unambiguous: it enjoins enforcers from "filing or prosecuting **new lawsuits** . . . ." Plaintiff is not seeking leave to file a new lawsuit. It seeks to supplement an *existing* lawsuit. By its clear terms, the *PCPC* ruling does not, and cannot, bar the requested supplementation. (*PCPC,* 2024 WL 3011001 at 10.) It is undisputed that the JCCP actions were

1  filed <u>before</u> the *PCPC* preliminary injunction issued—i.e., before June 12, 2024. Therefore, the
2  injunction is inapplicable here by its own terms.

3  **B.  Plaintiff Easily Satisfies the Other Requirements for a Supplemental
4  Complaint.**

5  A supplemental pleading is used to allege facts material to the case that occurred after the
6  filing of the original pleading, and "must be in furtherance of, and consistent with, the original
7  action." (Civ. Proc. Code § 464(a); *see also Erickson v. Boothe,* 127 Cal. App. 2d 644, 647.) As with
8  amended pleadings, a motion to file supplemental pleadings is addressed to the sound discretion of
9  the Court. It follows that the Court may similarly deny leave to file a supplemental pleading when
10 the party making the request has been dilatory and the delay has prejudiced the opposing party. (*See,*
11 *e.g., Hirsa v. Sup.Ct. (Vickers)* (1981) 118 Cal. App. 3d 486, 490.)

12  Here, the supplemental complaint is clearly "in furtherance of, and consistent with, the
13 original action." Plaintiff's first Complaint in this coordinated action was filed on March 22, 2022,
14 and contained a single cause of action: a violation of Proposition 65. The proposed supplemental
15 complaint contains no new causes of action; it merely adds cosmetic products and their
16 corresponding manufacturers for which additional laboratory results revealed the presence of
17 dangerous levels of TiO2 in violation of Proposition 65.

18  Further, Plaintiff's proposed supplemental complaint will not cause undue prejudice to
19 Defendants, nor is Plaintiff's request dilatory. No trial date has been set in this case, and discovery
20 has just commenced. Further, Defendants can hardly claim "surprise" as they have been aware of
21 the subject New Notices when they were filed beginning in 2024. Moreover, as discussed above, 41
22 of the original JCCP actions remain in active litigation. Granting Plaintiff leave to file its
23 supplemental complaint promotes the policies of judicial economy and efficiency by consolidating
24 related claims among existing parties into the same case.
25 *[Rest of page intentionally left blank]*

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Leave to File its Supplemental Complaint.

Dated: February 21, 2025

**ENTORNO LAW, LLP**

By: _____
Janani Natarajan

Noam Glick
Craig M. Nicholas
Jake W. Schulte
Gianna E. Tirrell

Attorneys for Plaintiff
Environmental Health Advocates, Inc.