# EXHIBIT C

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
02/24/2025 at 09:04:46 AM
By: Darrell Drew,
Deputy Clerk

**ENTORNO LAW, LLP**
   Noam Glick (SBN 251582)
   Craig M. Nicholas (SBN 178444)
   Jake W. Schulte (SBN 293777)
   Janani Natarajan (SBN 346770)
   Gianna E. Tirrell (SBN 358788)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 629-0527
Email: noam@entornolaw.com
Email: craig@entornolaw.com
Email: jake@entornolaw.com
Email: janani@entornolaw.com
Email: gianna@entornolaw.com

Attorneys for Plaintiff,
ENVIRONMENTAL HEALTH ADVOCATES, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ENVIRONMENTAL HEALTH ADVOCATES, INC.,<br><br>     Plaintiff,<br><br>  v.<br><br>LURELLA COSMETICS, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 23CV027328<br>JCCP No. 5285<br>Reservation No. 346279698347<br><br>**DECLARATION OF NOAM GLICK IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**<br><br>**Date**: May 22, 2025<br>**Time**: 10:00 AM<br><br>**Complaint Filed**: February 3, 2023<br>**Trial**: None |

I, Noam Glick, declare that:

## I.      **INTRODUCTION**

1.      I am an attorney and a member in good standing of the California State Bar. I represent Plaintiff Environmental Health Advocates, Inc ("EHA"), and I am one of the attorneys of record in this California Health and Safety Code section 25249.5 *et seq*. ("Proposition 65") coordinated action. I have personal knowledge of the facts declared herein and will testify to them competently if called upon to do so.

2.      Beginning in December 2021, Plaintiff, acting as a citizen enforcer pursuant to Health and Safety Code section 25249.7, subdivision (d), served Defendants, the California Attorney General, and all other public enforcement agencies with a number of 60-Day Notices of Violation (the "Original Notices"). The Original Notices alleged that Defendants violated Proposition 65 by failing to sufficiently warn consumers in California of the health hazards associated with exposures to Titanium Dioxide (airborne, unbound particles of respirable size) ("TiO2") contained in the cosmetic products at issue. Upon the expiration of each 60-day notice period, Plaintiff proceeded with litigation.

3.      41 JCCP cases remain in active litigation, following the Court's January 28, 2025 Order as to Defendants' Motion for Judgment on the Pleadings.

4.      Beginning in early 2024, as part of its continued efforts to uncover consumer exposures to TiO2 in violation of Proposition 65, Plaintiff issued 16 additional notices (the "New Notices") curing the notice defects that were identified in Defendants' recently-granted Motion for Judgment of the Pleadings. The New Notices concern similar (and in some cases, identical) cosmetic products to those which initially gave rise to this coordinated action. The requisite 60-day notice period has now expired for each of the products at issue in the New Notices. Plaintiff has satisfied all other pre-suit requirements. Attached hereto as **Exhibits 1 – 16** are true and correct copies of the New Notices.

5.      Attached hereto as **Exhs. 17 and 18** are a redlined version and clean version, respectively, of Plaintiff's proposed supplemental complaint.

DECLARATION OF NOAM GLICK IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

1        6.      On February 20, 2024, I met and conferred telephonically with lead counsel for the

2 coordinated action regarding the instant motion. Counsel for Defendants represented to me that

3 Defendants intended to oppose this motion.

4        I declare under penalty of perjury under the laws of the State of California that the foregoing

5 is true and correct. Executed on February 21, 2025, in San Diego, California.

6

7 Dated: February 21, 2025                **ENTORNO LAW LLP**

8

9                        By:    _____

                                Noam Glick

10

11                        Declarant/Attorney for Plaintiff
                        Environmental Health Advocates, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF NOAM GLICK IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

EXHIBIT 1



ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527
noam@entornolaw.com
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

225 Broadway, Suite 1900
San Diego, CA 92101

February 29, 2024

*__Via Certified Mail:__*

Absolute New York
c/o Registered Agents Solutions, Inc.
1773 Western Avenue
Albany, NY 12203

Nevada Beauty Supplies
c/o Patrick C. Carroll
6440 Oak Canyon 200
Irvine, CA 92618

Re:     **Proposition 65 Notice of Violation**

To Whom It May Concern:

We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

|    | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|----|------------------|------------------|--------------------------|
| 1. | Absolute New York Locked-In Powder Foundation - Neutral Almond | Absolute New York | Nevada Beauty Supplies |

The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities.  A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

**CERTIFICATE OF MERIT**

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is alleged the parties identified in the notice have violated Health and Safety Code section 25249.6 by failing to provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: February 29, 2024

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, Jackson Noye, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19th Floor, San Diego, California 92101.

On February 29, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at my business address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fully prepaid:

### Via Certified Mail

Absolute New York
c/o Registered Agents Solutions, Inc.
1773 Western Avenue
Albany, NY 12203

Nevada Beauty Supplies
c/o Patrick C. Carroll
6440 Oak Canyon 200
Irvine, CA 92618

On February 29, 2024, I served the California Attorney General (via website Portal) by uploading a true and correct copy thereof as a PDF file via the California Attorney General's website.

On February 29, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail service and the authorization appears on the Attorney General's web site.

### See Attached Service List

On February 29, 2024, I served the following persons and/or entities at the last known address by placing a true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S. Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 29, 2024, at San Diego, California.

*Jackson Noye*
Jackson Noye

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

***Clear and reasonable warnings.*** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies. The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical. Some exposures are exempt from the warning requirement under certain circumstances discussed below.

***Prohibition from discharges into drinking water.*** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes. You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

***Grace Period.*** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed. The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

***Governmental agencies and public water utilities.*** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

***Businesses with nine or fewer employees.*** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11. A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017


NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

**E-Mail Service List**

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankcorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

## MAIL SERVICE LIST

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br>  6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 2



ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527
noam@entornolaw.com
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

225 Broadway, Suite 1900
San Diego, CA 92101

February 29, 2024

**_Via Certified Mail:_**

Petunia Products, Inc.
c/o Robert Plain
15 Hammond, STE 301
Irvine, CA 92618

Amazon.com, Inc.
Attn. Legal Dept
410 Terry Avenue
North Seattle, WA 98109

Amazon.com, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Re:     **Proposition 65 Notice of Violation**

To Whom It May Concern:

We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

|   | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | Billion Dollar Brows Eyebrow Powder - Taupe | Petunia Products, Inc. | Amazon.com, Inc. |

The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities. A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

## CERTIFICATE OF MERIT

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is alleged the parties identified in the notice have violated Health and Safety Code section 25249.6 by failing to provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: February 29, 2024

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, Jackson Noye, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19th Floor, San Diego, California 92101.

On February 29, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at my business address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fully prepaid:

### Via Certified Mail

Petunia Products, Inc.
c/o Robert Plain
15 Hammond, STE 301
Irvine, CA 92618

Amazon.com, Inc.
Attn. Legal Dept
410 Terry Avenue
North Seattle, WA 98109

Amazon.com, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

On February 29, 2024, I served the California Attorney General (via website Portal) by uploading a true and correct copy thereof as a PDF file via the California Attorney General's website.

On February 29, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail service and the authorization appears on the Attorney General's web site.

### See Attached Service List

On February 29, 2024, I served the following persons and/or entities at the last known address by placing a true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S. Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 29, 2024**,** at San Diego, California.

*Jackson Noye*
Jackson Noye

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental
Health Hazard Assessment (OEHHA), the lead agency for the implementation of the
Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as
"Proposition 65"). A copy of this summary must be included as an attachment to any
notice of violation served upon an alleged violator of the Act. The summary provides
basic information about the provisions of the law, and is intended to serve only as a
convenient source of general information. It is not intended to provide authoritative
guidance on the meaning or application of the law. The reader is directed to the statute
and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE
NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON
THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through
25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html.
Regulations that provide more specific guidance on compliance, and that specify
procedures to be followed by the State in carrying out certain aspects of the law, are
found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1]
These implementing regulations are available online at:
http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes
a list of chemicals that are known to the State of California to cause cancer and/or
reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known
to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless
otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website
at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

***Clear and reasonable warnings.*** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies. The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical. Some exposures are exempt from the warning requirement under certain circumstances discussed below.

***Prohibition from discharges into drinking water.*** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes. You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

***Grace Period.*** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed. The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

***Governmental agencies and public water utilities.*** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

***Businesses with nine or fewer employees.*** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

## E-Mail Service List

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD.county@napa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-<br>county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankcorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

## MAIL SERVICE LIST

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br>6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 3



ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527
noam@entornolaw.com
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

225 Broadway, Suite 1900
San Diego, CA 92101

February 29, 2024

***Via Certified Mail:***

Perfume Worldwide, Inc.
Attn Registered Agent
2020 Ocean Ave, Unit A
Ronkonoma, NY 11779

Amazon.com, Inc.
Attn. Legal Dept
410 Terry Avenue North
Seattle, WA 98109

Carter Beauty Cosmetics
Attn. Legal Department
68 Patrick St.
Dún Laoghaire, Co. Dublin
A96 WK37 Ireland

Amazon.com, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

Re:    **Proposition 65 Notice of Violation**

To Whom It May Concern:

    We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

    The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

| | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | Carter Beauty 18 Shade Eyeshadow Palette - Smooth Nude | Perfume Worldwide, Inc. // Carter Beauty Cosmetics | Amazon.com, Inc. |

    The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities.  A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

## CERTIFICATE OF MERIT

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is allegedthe parties identified in the notice have violated Health and Safety Code section 25249.6 by failingto provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: February 29, 2024

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, Jackson Noye, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19th Floor, San Diego, California 92101.

On February 29, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at my business address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fully prepaid:

### Via Certified Mail

Perfume Worldwide, Inc.
Attn Registered Agent
2020 Ocean Ave, Unit A
Ronkonoma, NY 11779

Carter Beauty Cosmetics
Attn. Legal Department
68 Patrick St.
Dún Laoghaire, Co. Dublin
A96 WK37 Ireland

Amazon.com, Inc.
Attn. Legal Dept
410 Terry Avenue North
Seattle, WA 98109

Amazon.com, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

On February 29, 2024, I served the California Attorney General (via website Portal) by uploading a true and correct copy thereof as a PDF file via the California Attorney General's website.

On February 29, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail service and the authorization appears on the Attorney General's web site.

### See Attached Service List

On February 29, 2024, I served the following persons and/or entities at the last known address by placing a true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S. Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 29, 2024**,** at San Diego, California.

*Jackson Noye*
Jackson Noye

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

***Clear and reasonable warnings.*** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies.  The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical.  Some exposures are exempt from the warning requirement under certain circumstances discussed below.

***Prohibition from discharges into drinking water.*** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes.  You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

***Grace Period.*** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed.  The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

***Governmental agencies and public water utilities.*** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

***Businesses with nine or fewer employees.*** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017


NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

## E-Mail Service List

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankcorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

## MAIL SERVICE LIST

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br>6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 4



ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527
noam@entornolaw.com
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

225 Broadway, Suite 1900
San Diego, CA 92101

March 15, 2024

*__Via Certified Mail:__*

Cosnova Inc.
c/o The Corporation Trust Company
1209 Orange St
Wilmington, DE 19801

Cosnova USA Inc.
c/o The Corporation Trust Company
1209 Orange St
Wilmington, DE 19801

Re:    **Proposition 65 Notice of Violation**

To Whom It May Concern:

We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

|   | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | Catrice Cosmetics Prime and Fine Mattifying Powder Waterproof | Cosnova Inc. // Cosnova USA Inc. | Cosnova Inc. // Cosnova USA Inc. |

The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper

warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities. A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

# CERTIFICATE OF MERIT

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is allegedthe parties identified in the notice have violated Health and Safety Code section 25249.6 by failingto provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: March 15, 2024

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, JR Holliday, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19th Floor, San Diego, California 92101.

On March 15, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at my business address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fully prepaid:

### Via Certified Mail

Cosnova Inc.
c/o The Corporation Trust Company
1209 Orange St
Wilmington, DE 19801

Cosnova USA Inc.
c/o The Corporation Trust Company
1209 Orange St
Wilmington, DE 19801

On March 15, 2024, I served the California Attorney General (via website Portal) by uploading a trueand correct copy thereof as a PDF file via the California Attorney General's website.

On March 15, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail serviceand the authorization appears on the Attorney General's web site.

### See Attached Service List

On March 15, 2024, I served the following persons and/or entities at the last known address by placinga true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S.Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is trueand correct.

Executed on March 15, 2024**,** at San Diego, California.

*JR Holliday*
JR Holliday

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

***Clear and reasonable warnings.*** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies.  The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical.  Some exposures are exempt from the warning requirement under certain circumstances discussed below.

***Prohibition from discharges into drinking water.*** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes.  You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

***Grace Period.*** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed.  The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

***Governmental agencies and public water utilities.*** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

***Businesses with nine or fewer employees.*** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

**E-Mail Service List**

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankcorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

## MAIL SERVICE LIST

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br>  6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 5



ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527
noam@entornolaw.com
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

225 Broadway, Suite 1900
San Diego, CA 92101

February 29, 2024

*Via Certified Mail:*

Maesa LLC
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Dr STE 150N
Sacramento, CA 95833

Sally Beauty Supply LLC
c/o Corporate Creations Network Inc.
7801 Folsom Boulevard #202
Sacramento, CA 95826

Re:    **Proposition 65 Notice of Violation**

To Whom It May Concern:

We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

| | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | Col Lab Banana Loose Setting Powder | Maesa LLC | Sally Beauty Supply LLC |

The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

      Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities.  A summary of Proposition 65 is attached.

      EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

      If you have any questions or wish to discuss any of the above, please contact me.

      Sincerely,

      **ENTORNO LAW LLP.**

      Noam Glick

      Craig M. Nicholas
      Jake Schulte
      Janani Natarajan

**CERTIFICATE OF MERIT**

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is allegedthe parties identified in the notice have violated Health and Safety Code section 25249.6 by failingto provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: February 29, 2024

Noam Glick, Attorney at Law

**CERTIFICATE OF SERVICE**

I, JR Holliday, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19th Floor, San Diego, California 92101.

On February 29, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at my business address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fully prepaid:

**Via Certified Mail**

Maesa LLC
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Dr STE 150N
Sacramento, CA 95833

Sally Beauty Supply LLC
c/o Corporate Creations Network Inc.
7801 Folsom Boulevard #202
Sacramento, CA 95826

On February 29, 2024, I served the California Attorney General (via website Portal) by uploading a true and correct copy thereof as a PDF file via the California Attorney General's website.

On February 29, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail service and the authorization appears on the Attorney General's web site.

**See Attached Service List**

On February 29, 2024, I served the following persons and/or entities at the last known address by placing a true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S. Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

**See Attached Service List**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 29, 2024**,** at San Diego, California.

*Jr Holliday*
JR Holliday

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

***Clear and reasonable warnings.*** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies. The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical. Some exposures are exempt from the warning requirement under certain circumstances discussed below.

***Prohibition from discharges into drinking water.*** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes. You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

***Grace Period.*** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed. The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

***Governmental agencies and public water utilities.*** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

***Businesses with nine or fewer employees.*** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

## E-Mail Service List

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankcorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

## MAIL SERVICE LIST

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br>  6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 6



ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527
noam@entornolaw.com
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

225 Broadway, Suite 1900
San Diego, CA 92101

February 29, 2024

***Via Certified Mail:***

Dermablend, Inc.
c/o The Corporation Trust Company
Corporation Trust Center 1209 Orange St
Wilmington, DE 19801

Ulta Salon Cosmetics & Fragrance, Inc.
c/o CSC- Lawyers Incorporating Services
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Re:    **Proposition 65 Notice of Violation**

To Whom It May Concern:

We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

|   | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | DermaBlend Professional Loose Setting Powder | Dermablend, Inc. | Ulta Salon Cosmetics & Fragrance, Inc. |

The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities.  A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

## CERTIFICATE OF MERIT

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is allegedthe parties identified in the notice have violated Health and Safety Code section 25249.6 by failingto provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: February 29, 2024

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, Jackson Noye, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19th Floor, San Diego, California 92101.

On February 29, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at my business address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fully prepaid:

### Via Certified Mail

Dermablend, Inc.
c/o The Corporation Trust Company
Corporation Trust Center 1209 Orange St
Wilmington, DE 19801

Ulta Salon Cosmetics & Fragrance, Inc.
c/o CSC- Lawyers Incorporating Services
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

On February 29, 2024, I served the California Attorney General (via website Portal) by uploading a true and correct copy thereof as a PDF file via the California Attorney General's website.

On February 29, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail service and the authorization appears on the Attorney General's web site.

### See Attached Service List

On February 29, 2024, I served the following persons and/or entities at the last known address by placing a true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S. Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 29, 2024**,** at San Diego, California.

*Jackson Noye*
Jackson Noye

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

***Clear and reasonable warnings.*** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies.  The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical.  Some exposures are exempt from the warning requirement under certain circumstances discussed below.

***Prohibition from discharges into drinking water.*** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes.  You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

***Grace Period.*** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed.  The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

***Governmental agencies and public water utilities.*** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

***Businesses with nine or fewer employees.*** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017


NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

## E-Mail Service List

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankcorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

**MAIL SERVICE LIST**

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br>  6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 7



ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527                                              225 Broadway, Suite 1900
noam@entornolaw.com                                    San Diego, CA 92101
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

February 29, 2024

***Via Certified Mail:***

Dominique Cosmetics Inc.                        Amazon.com, Inc.
c/o Edward Rodriguez                               c/o Corporation Service Company
204 Terrapin                                               251 Little Falls Drive
Irvine, CA 92618                                        Wilmington, Delaware 19808

Amazon.com, Inc.
Attn. Legal Dept
410 Terry Avenue North
Seattle, WA 98109

Re:     **Proposition 65 Notice of Violation**

To Whom It May Concern:

We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

|   | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | Dominique Cosmetics Unconditional Palette | Dominique Cosmetics Inc. | Amazon.com, Inc. |

The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities.  A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

## CERTIFICATE OF MERIT

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is allegedthe parties identified in the notice have violated Health and Safety Code section 25249.6 by failingto provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: February 29, 2024

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, Jackson Noye, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my businessaddress is 225 Broadway, 19th Floor, San Diego, California 92101.

On February 29, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at mybusiness address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fullyprepaid:

### Via Certified Mail

Dominique Cosmetics Inc.
c/o Edward Rodriguez
204 Terrapin
Irvine, CA 92618

Amazon.com, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

Amazon.com, Inc.
Attn. Legal Dept
410 Terry Avenue North
Seattle, WA 98109

On February 29, 2024, I served the California Attorney General (via website Portal) by uploading a trueand correct copy thereof as a PDF file via the California Attorney General's website.

On February 29, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail serviceand the authorization appears on the Attorney General's web site.

### See Attached Service List

On February 29, 2024, I served the following persons and/or entities at the last known address by placinga true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S.Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is trueand correct.

Executed on February 29, 2024**,** at San Diego, California.

*Jackson Noye*
Jackson Noye

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

*Clear and reasonable warnings.* A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies. The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical. Some exposures are exempt from the warning requirement under certain circumstances discussed below.

*Prohibition from discharges into drinking water.* A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes. You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

*Grace Period.* Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed. The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

*Governmental agencies and public water utilities.* All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

*Businesses with nine or fewer employees.* Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

## E-Mail Service List

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-<br>county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankcorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

## MAIL SERVICE LIST

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br>6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 8



*ENTORNO LAW*

ATTORNEYS AT LAW

Tel: 619-629-0527
noam@entornolaw.com
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

225 Broadway, Suite 1900
San Diego, CA 92101

March 15, 2024

*Via Certified Mail:*

Joss Cosmetics, LLC
c/o David Flores
13635 Freeway Drive
Santa Fe Springs, CA 90670

Planet Beauty, Inc.
c/o Raheleh Shakoori
3 Hutton Center Dr. #620
Santa Ana, CA 92707

Re:     **Proposition 65 Notice of Violation**

To Whom It May Concern:

        We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

        The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

| | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | Frankie Rose Pressed Powder Foundation - Buff | Joss Cosmetics, LLC | Planet Beauty, Inc. |

        The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

        Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities. A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

## CERTIFICATE OF MERIT

I, Noam Glick, hereby declare:

    1. This Certificate of Merit accompanies the attached sixty-day notice in which it is allegedthe parties identified in the notice have violated Health and Safety Code section 25249.6 by failingto provide clear and reasonable warnings.

    2. I am an attorney for the noticing party.

    3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

    4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

    5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: March 15, 2024

Noam Glick, Attorney at Law

**CERTIFICATE OF SERVICE**

I, JR Holliday, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19ᵗʰ Floor, San Diego, California 92101.

On March 15, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at my business address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fully prepaid:

**Via Certified Mail**

Joss Cosmetics, LLC
c/o David Flores
13635 Freeway Drive
Santa Fe Springs, CA 90670

Planet Beauty, Inc.
c/o Raheleh Shakoori
3 Hutton Center Dr. #620
Santa Ana, CA 92707

On March 15, 2024, I served the California Attorney General (via website Portal) by uploading a true and correct copy thereof as a PDF file via the California Attorney General's website.

On March 15, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail service and the authorization appears on the Attorney General's web site.

**See Attached Service List**

On March 15, 2024, I served the following persons and/or entities at the last known address by placing a true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S. Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

**See Attached Service List**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 15, 2024**,** at San Diego, California.

*JR Holliday*
JR Holliday

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

***Clear and reasonable warnings.*** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies.  The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical.  Some exposures are exempt from the warning requirement under certain circumstances discussed below.

***Prohibition from discharges into drinking water.*** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes.  You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

***Grace Period.*** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed.  The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

***Governmental agencies and public water utilities.*** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

***Businesses with nine or fewer employees.*** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

**Exposures that pose no significant risk of cancer.** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

**Exposures that will produce no observable reproductive effect at 1,000 times the level in question.** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

**Exposures to Naturally Occurring Chemicals in Food.** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

**Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017


NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

## E-Mail Service List

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankcorn<br>City of San Diego, Deputy City Attorney 1200 Third Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

## MAIL SERVICE LIST

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br>  6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 9



ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527                                          225 Broadway, Suite 1900
noam@entornolaw.com                                  San Diego, CA 92101
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

March 4, 2024

**_Via Certified Mail:_**

Juvia's Holdings, LLC                                    Target Corporation
c/o Corporation Service Company                 c/o C T Corporation System
251 Little Falls Drive                                    28 Liberty Street
Wilmington, DE 19808                                 New York, NY 10005

Re:    **Proposition 65 Notice of Violation**

To Whom It May Concern:

We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

| | Product Name | Manufacturer | Distributor/Retailer |
|---|---|---|---|
| 1. | Juvia's Place Bronzer Bronzer - Shade 2 | Juvia's Holdings, LLC | Target Corporation |

The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities. A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

## CERTIFICATE OF MERIT

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is allegedthe parties identified in the notice have violated Health and Safety Code section 25249.6 by failingto provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: March 4, 2024

*Noam Glick*

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, Jackson Noye, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19th Floor, San Diego, California 92101.

On March 4, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at my business address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fully prepaid:

### Via Certified Mail

Juvia's Holdings, LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Target Corporation
c/o C T Corporation System
28 Liberty Street
New York, NY 10005

On March 4, 2024, I served the California Attorney General (via website Portal) by uploading a true and correct copy thereof as a PDF file via the California Attorney General's website.

On March 4, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail service and the authorization appears on the Attorney General's web site.

### See Attached Service List

On March 4, 2024, I served the following persons and/or entities at the last known address by placing a true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S. Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 4, 2024**,** at San Diego, California.

*Jackson Noye*
Jackson Noye

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

***Clear and reasonable warnings.*** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies. The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical. Some exposures are exempt from the warning requirement under certain circumstances discussed below.

***Prohibition from discharges into drinking water.*** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes. You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

***Grace Period.*** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed. The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

***Governmental agencies and public water utilities.*** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

***Businesses with nine or fewer employees.*** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

**E-Mail Service List**

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

**MAIL SERVICE LIST**

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br>  6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 10



## ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527
noam@entornolaw.com
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

225 Broadway, Suite 1900
San Diego, CA 92101

March 4, 2024

***Via Certified Mail:***

Jon Davler, Inc.
c/o David J Sheen
9440 Gidley Street
Temple City, CA 91780

Re:     **Proposition 65 Notice of Violation**

To Whom It May Concern:

We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

|   | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | LASplash Cosmetics Golden Gatsby Glam Eyeshadow Palette | Jon Davler, Inc. | Jon Davler, Inc. |

The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities.  A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

## CERTIFICATE OF MERIT

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is allegedthe parties identified in the notice have violated Health and Safety Code section 25249.6 by failingto provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: March 4, 2024

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, JR Holliday, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19th Floor, San Diego, California 92101.

On March 4, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at mybusiness address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fullyprepaid:

### Via Certified Mail

Jon Davler, Inc.
c/o David J Sheen
9440 Gidley Street
Temple City, CA 91780

On March 4, 2024, I served the California Attorney General (via website Portal) by uploading a true and correct copy thereof as a PDF file via the California Attorney General's website.

On March 4, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail service and the authorization appears on the Attorney General's web site.

### See Attached Service List

On March 4, 2024, I served the following persons and/or entities at the last known address by placing a true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S. Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 4, 2024**,** at San Diego, California.

*JR Holliday*
JR Holliday

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

***Clear and reasonable warnings.*** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies.  The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical.  Some exposures are exempt from the warning requirement under certain circumstances discussed below.

***Prohibition from discharges into drinking water.*** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes.  You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

***Grace Period.*** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed.  The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

***Governmental agencies and public water utilities.*** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

***Businesses with nine or fewer employees.*** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

**E-Mail Service List**

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorbble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-<br>county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankcorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of San Jose, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

**MAIL SERVICE LIST**

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br> 6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 11



ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527
noam@entornolaw.com
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

225 Broadway, Suite 1900
San Diego, CA 92101

February 27, 2024

***Via Certified Mail:***

Maybelline LLC
c/o Corporation Service Company
80 State Street
Albany, NY 12207

Walmart Inc.
c/o C T Corporation
330 N Brand Blvd STE 700
Glendale, CA 91203

        **Re:    Proposition 65 Notice of Violation**

To Whom It May Concern:

     We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

     The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

| | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | Maybelline New York The Glo Down | Maybelline LLC | Walmart Inc. |

     The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

     Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities. A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

<u>CERTIFICATE OF MERIT</u>

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is allegedthe parties identified in the notice have violated Health and Safety Code section 25249.6 by failingto provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified  in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with  and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: February 27, 2024

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, JR Holliday, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19th Floor, San Diego, California 92101.

On February 27, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at my business address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fully prepaid:

### Via Certified Mail

Maybelline LLC
c/o Corporation Service Company
80 State Street
Albany, NY 12207

Walmart Inc.
c/o C T Corporation
330 N Brand Blvd STE 700
Glendale, CA 91203

On February 27, 2024, I served the California Attorney General (via website Portal) by uploading a true and correct copy thereof as a PDF file via the California Attorney General's website.

On February 27, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail service and the authorization appears on the Attorney General's web site.

### See Attached Service List

On February 27, 2024, I served the following persons and/or entities at the last known address by placing a true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S. Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 27, 2024, at San Diego, California.

_JR Holliday_
JR Holliday

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

***Clear and reasonable warnings.*** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies.  The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical.  Some exposures are exempt from the warning requirement under certain circumstances discussed below.

***Prohibition from discharges into drinking water.*** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes.  You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

***Grace Period.*** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed.  The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

***Governmental agencies and public water utilities.*** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

***Businesses with nine or fewer employees.*** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

**E-Mail Service List**

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: (530) 886-9000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

## MAIL SERVICE LIST

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br>  6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 12



ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527
noam@entornolaw.com
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

225 Broadway, Suite 1900
San Diego, CA 92101

February 27, 2024

***Via Certified Mail:***

Origins Natural Resources Inc.
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Dr. STE 150N
Sacramento, CA 95833

Amazon.com, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Amazon.com, Inc.
Attn. Legal Dept.
410 Terry Avenue North
Seattle, WA 98109

**Re:     Proposition 65 Notice of Violation**

To Whom It May Concern:

We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

|   | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | Origins Silk Screen Refining Makeup Powder - Oatmeal | Origins Natural Resources Inc. | Amazon.com, Inc. |

The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities. A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

<u>**CERTIFICATE OF MERIT**</u>

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is allegedthe parties identified in the notice have violated Health and Safety Code section 25249.6 by failingto provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: February 27, 2024

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, JR Holliday, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19th Floor, San Diego, California 92101.

On February 27, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at my business address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fully prepaid:

### Via Certified Mail

Origins Natural Resources Inc.
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Dr. STE 150N
Sacramento, CA 95833

Amazon.com, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Amazon.com, Inc.
Attn. Legal Dept.
410 Terry Avenue North
Seattle, WA 98109

On February 27, 2024, I served the California Attorney General (via website Portal) by uploading a true and correct copy thereof as a PDF file via the California Attorney General's website.

On February 27, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail service and the authorization appears on the Attorney General's web site.

### See Attached Service List

On February 27, 2024, I served the following persons and/or entities at the last known address by placing a true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S. Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 27, 2024, at San Diego, California.

_JR Holliday_
JR Holliday

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

**Clear and reasonable warnings.** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies.  The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical.  Some exposures are exempt from the warning requirement under certain circumstances discussed below.

**Prohibition from discharges into drinking water.** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes.  You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

**Grace Period.** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed.  The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

**Governmental agencies and public water utilities.** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

**Businesses with nine or fewer employees.** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

**E-Mail Service List**

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankcorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

## MAIL SERVICE LIST

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br>6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 13



ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527
noam@entornolaw.com
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

225 Broadway, Suite 1900
San Diego, CA 92101

February 27, 2024

_**Via Certified Mail:**_

Pacifica Beauty, LLC
c/o Cogency Global Inc.
1325 J Street STE 1550
Sacramento, CA 95814

Amazon.com, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Amazon.com, Inc.
Attn. Legal Dept.
410 Terry Avenue North
Seattle, WA 98109

Re:     **Proposition 65 Notice of Violation**

To Whom It May Concern:

We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

| | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | Pacifica Pink Nudes Mineral Eyeshadow Palette | Pacifica Beauty, LLC | Amazon.com, Inc. |

The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities.  A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

**CERTIFICATE OF MERIT**

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is allegedthe parties identified in the notice have violated Health and Safety Code section 25249.6 by failingto provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: February 27, 2024

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, JR Holliday, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19th Floor, San Diego, California 92101.

On February 27, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at my business address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fully prepaid:

### Via Certified Mail

Pacifica Beauty, LLC
c/o Cogency Global Inc.
1325 J Street STE 1550
Sacramento, CA 95814

Amazon.com, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Amazon.com, Inc.
Attn. Legal Dept.
410 Terry Avenue North
Seattle, WA 98109

On February 27, 2024, I served the California Attorney General (via website Portal) by uploading a true and correct copy thereof as a PDF file via the California Attorney General's website.

On February 27, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail service and the authorization appears on the Attorney General's web site.

### See Attached Service List

On February 27, 2024, I served the following persons and/or entities at the last known address by placing a true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S. Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 27, 2024**,** at San Diego, California.

*Jr Holliday*
JR Holliday

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

*Clear and reasonable warnings.* A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies.  The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical.  Some exposures are exempt from the warning requirement under certain circumstances discussed below.

*Prohibition from discharges into drinking water.* A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes.  You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

*Grace Period.* Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed.  The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

*Governmental agencies and public water utilities.* All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

*Businesses with nine or fewer employees.* Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

## E-Mail Service List

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankcorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

## MAIL SERVICE LIST

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br>  6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 14



ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527                                                      225 Broadway, Suite 1900
noam@entornolaw.com                                          San Diego, CA 92101
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

February 29, 2024

***Via Certified Mail:***

Pixi, Inc.                                                                    Amazon.com, Inc.
c/o Petra Strand-Oppe                                          c/o Corporation Service Company
10351 Santa Monica Blvd. Suite 410                  251 Little Falls Drive
Los Angeles, CA 90025                                        Wilmington, Delaware 19808

                                                                               Amazon.com, Inc.
                                                                               Attn. Legal Dept
                                                                               410 Terry Avenue North
                                                                               Seattle, WA 98109

**Re:     Proposition 65 Notice of Violation**

To Whom It May Concern:

        We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

        The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

|   | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | Pixi Beauty +Rose Glow-y Powder | Pixie, Inc. | Amazon.com, Inc. |

        The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least September 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities.  A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

## CERTIFICATE OF MERIT

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is allegedthe parties identified in the notice have violated Health and Safety Code section 25249.6 by failingto provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: February 29, 2024

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, Jackson Noye, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my businessaddress is 225 Broadway, 19th Floor, San Diego, California 92101.

On February 29, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at mybusiness address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fullyprepaid:

### Via Certified Mail

Pixi, Inc.
c/o Petra Strand-Oppe
10351 Santa Monica Blvd. Suite 410
Los Angeles, CA 90025

Amazon.com, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

Amazon.com, Inc.
Attn. Legal Dept
410 Terry Avenue North
Seattle, WA 98109

On February 29, 2024, I served the California Attorney General (via website Portal) by uploading a trueand correct copy thereof as a PDF file via the California Attorney General's website.

On February 29, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail serviceand the authorization appears on the Attorney General's web site.

### See Attached Service List

On February 29, 2024, I served the following persons and/or entities at the last known address by placinga true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S.Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is trueand correct.

Executed on February 29, 2024**,** at San Diego, California.

*Jackson Noye*
Jackson Noye

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental
Health Hazard Assessment (OEHHA), the lead agency for the implementation of the
Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as
"Proposition 65"). A copy of this summary must be included as an attachment to any
notice of violation served upon an alleged violator of the Act. The summary provides
basic information about the provisions of the law, and is intended to serve only as a
convenient source of general information. It is not intended to provide authoritative
guidance on the meaning or application of the law. The reader is directed to the statute
and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE
NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON
THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through
25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html.
Regulations that provide more specific guidance on compliance, and that specify
procedures to be followed by the State in carrying out certain aspects of the law, are
found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1]
These implementing regulations are available online at:
http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes
a list of chemicals that are known to the State of California to cause cancer and/or
reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known
to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless
otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website
at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

***Clear and reasonable warnings.*** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies. The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical. Some exposures are exempt from the warning requirement under certain circumstances discussed below.

***Prohibition from discharges into drinking water.*** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes. You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

***Grace Period.*** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed. The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

***Governmental agencies and public water utilities.*** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

***Businesses with nine or fewer employees.*** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017


NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

**E-Mail Service List**

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankcorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

## MAIL SERVICE LIST

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br> 6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 15



## ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527                                                        225 Broadway, Suite 1900
noam@entornolaw.com                                          San Diego, CA 92101
craig@entornolaw.com
jake@entornolaw.com
janani@entornolaw.com

February 27, 2024

***Via Certified Mail:***

Profusion Cosmetics Corp.                        Ross Stores, Inc.
c/o Shujung Wang                                        c/o CT Corporation System
5491 Schaefer Ave.                                       330 N Brand Blvd, STE 700
Chino, CA 91710                                           Glendale, CA 91203

**Re:    Proposition 65 Notice of Violation**

To Whom It May Concern:

We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

|   | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | Profusion Face 41pc Full Face Palette | Profusion Cosmetics Corp. | Ross Stores, Inc. |

The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least August 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities. A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick

Craig M. Nicholas
Jake Schulte
Janani Natarajan

## CERTIFICATE OF MERIT

I, Noam Glick, hereby declare:

     1. This Certificate of Merit accompanies the attached sixty-day notice in which it is allegedthe parties identified in the notice have violated Health and Safety Code section 25249.6 by failingto provide clear and reasonable warnings.

     2. I am an attorney for the noticing party.

     3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

     4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

     5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: February 27, 2024

*Noam Glick*

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, JR Holliday, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19th Floor, San Diego, California 92101.

On February 27, 2024, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at mybusiness address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fullyprepaid:

### Via Certified Mail

Profusion Cosmetics Corp.
c/o Shujung Wang
5491 Schaefer Ave.
Chino, CA 91710

Ross Stores, Inc.
c/o CT Corporation System
330 N Brand Blvd, STE 700
Glendale, CA 91203

On February 27, 2024, I served the California Attorney General (via website Portal) by uploading a true and correct copy thereof as a PDF file via the California Attorney General's website.

On February 27, 2024, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail service and the authorization appears on the Attorney General's web site.

### See Attached Service List

On February 27, 2024, I served the following persons and/or entities at the last known address by placing a true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S. Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is trueand correct.

Executed on February 27, 2024, at San Diego, California.

*JR Holliday*
JR Holliday

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental
Health Hazard Assessment (OEHHA), the lead agency for the implementation of the
Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as
"Proposition 65"). A copy of this summary must be included as an attachment to any
notice of violation served upon an alleged violator of the Act. The summary provides
basic information about the provisions of the law, and is intended to serve only as a
convenient source of general information. It is not intended to provide authoritative
guidance on the meaning or application of the law. The reader is directed to the statute
and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE
NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON
THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through
25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html.
Regulations that provide more specific guidance on compliance, and that specify
procedures to be followed by the State in carrying out certain aspects of the law, are
found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1]
These implementing regulations are available online at:
http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes
a list of chemicals that are known to the State of California to cause cancer and/or
reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known
to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless
otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website
at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

**Clear and reasonable warnings.** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies. The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical. Some exposures are exempt from the warning requirement under certain circumstances discussed below.

**Prohibition from discharges into drinking water.** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes. You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

**Grace Period.** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed. The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

**Governmental agencies and public water utilities.** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

**Businesses with nine or fewer employees.** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

**E-Mail Service List**

| | | |
|---|---|---|
| The Honorable Pamela Price<br>Alameda County, District Attorney<br>7677 Oakport Street, Suite 650<br>Oakland, CA 94621<br>CEPDProp65@acgov.org | The Honorable Barbara Yook<br>Calaveras County, 891 Mountain Ranch Rd.<br>San Andreas, CA 95249<br>Phone: 209-754-6330<br>Prop65Env@co.calaveras.ca.us | The Honorable Stacey Grassini<br>Contra Costa County, Deputy District Attorney<br>900 Ward Street<br>Martinez, CA 94553<br>sgrassini@contracostada.org |
| The Honorable James Clinchard<br>El Dorado County, Assistant District Attorney<br>778 Pacific Street<br>Placerville, CA 95667<br>EDCDAPROP65@edcda.us | The Honorable Lisa A. Smittcamp,<br>Fresno County, District Attorney<br>2100 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 600-3141<br>consumerprotection@fresnocountyca.gov | The Honorable Thomas L. Hardy<br>Inyo County, District Attorney<br>168 North Edwards Street<br>Independence, CA 93526<br>Phone: 760.878.0282<br>inyoda@inyocounty.us |
| The Honorable Michelle Latimer<br>Lassen County, Program Coordinator<br>220 S. Lassen Street<br>Susanville, CA 96130<br>Phone: 530-251-8284<br>mlatimer@co.lassen.ca.us | The Honorable Lori Frugoli<br>Marin County, District Attorney<br>3501 Civic Center Drive, Room 145<br>San Rafael, CA 94903<br>consumer@marincounty.gov | The Honorable Walter W. Wall ,<br>Mariposa County, District Attorney<br>P.O. Box 730<br>Mariposa, CA 95338<br>Phone: (209) 966-3626<br>mcda@mariposacounty.org |
| The Honorable Kimberly Lewis,<br>Merced County, District Attorney<br>550 West Main Street<br>Merced, CA 95340<br>Phone: (209) 385-7381<br>Prop65@countyofmerced.com | The Honorable Jeannine M. Pacioni,<br>Monterey County, District Attorney<br>1200 Aguajito Road<br>Monterey , CA 93940<br>Prop65DA@co.monterey.ca.us | The Honorable Allison Haley<br>Napa County, District Attorney<br>1127 First Street, Suite C<br>Napa , CA 94559<br>CEPD@countyofnapa.org |
| The Honorable Clifford H. Newell<br>Nevada County, District Attorney<br>201 Commercial Street<br>Nevada City , CA 95959<br>DA.Prop65@co.nevada.ca.us | The Honorable Morgan Briggs Gire<br>Placer County, District Attorney<br>10810 Justice Center Drive<br>Roseville, CA 95678<br>Phone: 916-543-8000<br>prop65@placer.ca.gov | The Honorabble David Hollister<br>Plumas County, District Attorney<br>520 Main St.<br>Quincy, CA 95971<br>Phone: (530) 283-6303<br>davidhollister@countyofplumas.com |
| The Honorable Paul E. Zellerbach<br>Riverside County, District Attorney<br>3072 Orange Street<br>Riverside, CA 92501<br>Prop65@rivcoda.org | The Honorable Anne Marie Schubert<br>Sacramento County, District Attorney<br>901 G Street<br>Sacramento, CA 95814<br>Prop65@sacda.org | The Honorable Summer Stephan<br>San Diego County, District Attorney<br>330 West Broadway<br>San Diego, CA 92101<br>SanDiegoDAProp65@sdcda.org |
| The Honorable Alexander Grayner<br>San Francisco County, Asst. District Attorney<br>350 Rhode Island Street<br>San Francisco, CA 94103<br>alexandra.grayner@sfgov.org | The Honorable Tori Verber Salazar<br>San Joaquin County, District Attorney<br>222 E. Weber Avenue, Room 202<br>Stockton, CA 95202<br>DAConsumer.Environmental@sjcda.org | The Honorable Eric J. Dobroth<br>San Luis Obispo County, Deputy District Attorney<br>County Government Center Annex, 4th Floor<br>San Luis Obispo, CA 93408<br>Phone: 805-781-5800<br>edobroth@co.slo.ca.us |
| The Honorable Christopher Dalbey<br>Santa Barbara County, Deputy District Attorney<br>1112 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Phone: 805-568-2300<br>DAProp65@co.santa-barbara.ca.us | The Honorable Bud Porter<br>Santa Clara County, Supervising Deputy District<br>Attorney 70 W<br>Hedding St San Jose, CA 95110<br>EPU@da.sccgov.org | The Honorable Jeffrey S. Rosell<br>Santa Cruz County, District Attorney<br>701 Ocean Street<br>Santa Cruz, CA 95060<br>Phone: 831-454-2400<br>Prop65DA@santacruzcounty.us |
| The Honorable Jill Ravitch<br>Sonoma County, District Attorney<br>600 Administration Drive<br>Santa Rosa, CA 95403 Jeannie.Barnes@sonoma-<br>county.org | The Honorable Phillip J. Cline<br>Tulare County, District Attorney<br>221 S Mooney Blvd<br>Visalia, CA 95370<br>Prop65@co.tulare.ca.us | The Honorable Gregory D. Totten<br>Ventura County, District Attorney<br>800 S Victoria Ave<br>Ventura, CA 93009 daspecialops@ventura.org |
| The Honorable Jeff W. Resig<br>Yolo County, District Attorney<br>301 Second Street<br>Woodland, CA 95695<br>cfepd@yolocounty.org | The Honorable Mark Ankcorn<br>City of San Diego, Deputy City Attorney 1200 Third<br>Avenue<br>San Diego, CA 92101<br>CityAttyProp65@sandiego.gov | The Honorable Henry Lifton<br>City of San Francisco, Deputy City Attorney<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102<br>Prop65@sfcityatty.org |
| The Honorable Nora V. Frimann<br>City of Santa Clara, City Attorney<br>200 E. Santa Clara Street, 16th Floor<br>San Jose, CA 96113<br>Proposition65notices@sanjoseca.gov | | |

## MAIL SERVICE LIST

| | | |
|---|---|---|
| The Honorable Robert Priscaro<br>Alpine County, District Attorney<br>P.O. Box 248<br>Markleeville, CA 96120 | The Honorable Todd Riebe<br>Amador County, District Attorney<br>708 Court Street, #202<br>Jackson, CA 95642 | The Honorable Michael L. Ramsey<br>Butte County, District Attorney<br>25 County Center Drive - Administrative Building<br>Oroville, CA 95965 |
| The Honorable Brenden Farrell<br>Colusa County, District Attorney<br>310 6th Street<br>Colusa, CA 95932 | The Honorable Katherine Micks<br>Del Norte County, District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Dwayne Stewart Glenn<br>County, District Attorney<br>P.O. Box 430<br>Willows, CA 95988 |
| The Honorable Stacey Eads Humboldt<br>County, District Attorney<br>825 5th Street<br>Eureka, CA 95501 | The Honorable George Marquez<br>Imperial County, District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Cynthia Zimmer<br>Kern County, District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 |
| The Honorable Sarah Hacker<br>Kings County, District Attorney<br>1400 West Lacey Blvd.<br>Hanford, CA 93230 | The Honorable Susan Krones<br>Lake County, District Attorney<br>255 N. Forbes Street<br>Lakeport, CA 95453 | The Honorable George Gascon<br>Los Angeles County, District Attorney<br>211 W. Temple Street, Suite 1200<br>Los Angeles, CA 90012 |
| The Honorable Sally O. Moreno<br>Madera County, District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable C. David Eyster<br>Mendocino County, District Attorney<br>P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Cynthia Campbell<br>Modoc County, District Attorney<br>204 S. Court Street, Room 202<br>Alturas, CA 96101 |
| The Honorable David Anderson<br>Mono County, District Attorney<br>P.O. Box 2053<br>Mammoth Lakes, CA 93546 | The Honorable Todd Spitzer<br>Orange County, District Attorney<br>300 N. Flower Street<br>Santa Ana, CA 92703 | The Honorable Joel Buckingham<br>San Benito County, District Attorney<br>419 4th Street<br>Hollister, CA 95023 |
| The Honorable Jason Anderson<br>San Bernardino County, District Attorney<br>303 W. Third Street<br>San Bernardino, CA 92415 | The Honorable Stephen M. Wagstaffe<br>San Mateo County, District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Stephanie A. Bridgett<br>Shasta County, District Attorney<br>1355 West Street<br>Redding, CA 96001 |
| The Honorable Sandra Groven<br>Sierra County, District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable James Kirk Andrus<br>Siskiyou County, District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | The Honorable Krishna A. Abrams<br>Solano County, District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 |
| The Honorable Jeff Laugero<br>Stanislaus County, District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95353 | The Honorable Jennifer Dupre<br>Sutter County, District Attorney<br>463 2nd Street, Suite 102<br>Yuba City, CA 95991 | The Honorable Matthew Rogers<br>Tehama County, District Attorney<br>P.O. Box 519<br>Red Bluff, CA 96080 |
| The Honorable David Brady<br>Trinity County, District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 | The Honorable Cassandra Jenecke<br>Tuolumne County, District Attorney<br>  6 *UHHQ 6W<br>Sonora, CA 95370 | The Honorable Clint Curry<br>Yuba County, District Attorney<br>215 Fifth Street, Suite 152<br>Marysville, CA 95901 |
| The Honorable Mike Feuer<br>City of Los Angeles, City Attorney<br>200 N. Main Street<br>Los Angeles, CA 90012 | | |

EXHIBIT 16



ENTORNO LAW

ATTORNEYS AT LAW

Tel: 619-629-0527                                        225 Broadway, Suite 1900
noam@entornolaw.com                                 San Diego, CA 92101
jake@entornolaw.com
craig@entornolaw.com
janani@entornolaw.com


July 27, 2023

*Via Certified Mail:*

Warpaint Cosmetics Inc.                              Warpaint Cosmetics Ltd.
c/o National Registered Agents, Inc.                Units B and C, Orbital Forty Six,
1209 Orange Street                                   The Ridgeway Trading Estate
Wilmington, DE 19801                                Iver,
                                                     SL0 9HW
                                                     Buckinghamshire, England


Re:    **Proposition 65 Notice of Violation**

To Whom It May Concern:

       We represent Environmental Health Advocates, Inc., an organization in the State of California acting in the interest of the general public. This letter serves as notice that the parties listed above are in violation of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act, commencing with section 25249.5 of the Health and Safety Code ("Proposition 65"). In particular, the violations alleged by this notice consist of types of harm that may potentially result from exposures to the toxic chemical Titanium dioxide (airborne, unbound particles of respirable size) ("TiO2"). This chemical was listed as a carcinogen on September 2, 2011.

       The specific type of product that is causing exposures in violation of Proposition 65 is powdered face makeup including but not limited to:

|   | **Product Name** | **Manufacturer** | **Distributor/Retailer** |
|---|---|---|---|
| 1. | W7 Nudification Pressed Pigment Palette | Warpaint Cosmetics Inc. | Warpaint Cosmetics Inc. |

       The routes of exposure for the violations include inhalation by consumers. These exposures occur through the reasonably foreseeable use of the product. The sales of this product have been occurring since at least January 2023, are continuing to this day and will continue to occur as long as the product subject to this notice is sold to and used by

consumers.

Proposition 65 requires that a clear and reasonable warning is provided with these products regarding the exposures to TiO2 caused by ordinary use of the product. The Parties are in violation of Proposition 65 by failing to provide such warning to consumers and as a result of the sales of this product, exposures to TiO2 have been occurring without proper warnings.

Pursuant to Proposition 65, notice and intent to sue shall be provided to violators 60-days before filing a complaint. This letter provides notice of the alleged violation to the parties listed above and the appropriate governmental authorities. A summary of Proposition 65 is attached.

EHA identifies Fred Duran as a responsible individual within the entity, 12245 Carmel Vista Road, Unit 193, 92130; 915-312-2577. Mr. Duran requests all communications be sent to EHA's attorneys.

If you have any questions or wish to discuss any of the above, please contact me.

Sincerely,

**ENTORNO LAW LLP.**

Noam Glick
Jake Schulte
Craig Nicholas

**CERTIFICATE OF MERIT**

I, Noam Glick, hereby declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is alleged the parties identified in the notice have violated Health and Safety Code section 25249.6 by failing to provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health and Safety Code section 25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: July 27, 2023

Noam Glick, Attorney at Law

## CERTIFICATE OF SERVICE

I, Racquel Fox, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 225 Broadway, 19th Floor, San Diego, California 92101.

On July 27, 2023, I served the following documents: **(1) 60-DAY NOTICE OF VIOLATION SENT IN COMPLIANCE WITH HEALTH & SAFETY CODE SECTION 25249.7(d); (2) CERTIFICATE OF MERIT; (3) PROPOSITION 65: A SUMMARY; and (4) CERTIFICATE OF MERIT ATTACHMENT (served only on the Attorney General)** on the parties listed below by placing a true and correct copy thereof in a sealed envelope, addressed to each party and depositing it at my business address with the U.S. Postal Service for delivery by Certified Mail with the postage thereon fully prepaid:

### Via Certified Mail

| | |
|---|---|
| Warpaint Cosmetics Inc. | Warpaint Cosmetics Ltd. |
| c/o National Registered Agents, Inc. | Units B and C, Orbital Forty Six, |
| 1209 Orange Street | The Ridgeway Trading Estate |
| Wilmington, DE 19801 | Iver, |
| | SL0 9HW |
| | Buckinghamshire, England |

On July 27, 2023, I served the California Attorney General (via website Portal) by uploading a true and correct copy thereof as a PDF file via the California Attorney General's website.

On July 27, 2023, I transmitted via electronic mail the above-listed documents to the electronic mail addresses of the City and/or District Attorneys who have specifically authorized e-mail service and the authorization appears on the Attorney General's web site.

### See Attached Service List

On July 27, 2023, I served the following persons and/or entities at the last known address by placing a true and correct copy thereof in a sealed envelope and depositing it at my business address with the U.S. Postal Service for delivery with the postage thereon fully prepaid, and addressed as follows:

### See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 27, 2023**,** at San Diego, California.

*Racquel Fox*
_____
Racquel Fox

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental Health Hazard Assessment (OEHHA), the lead agency for the implementation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as "Proposition 65"). A copy of this summary must be included as an attachment to any notice of violation served upon an alleged violator of the Act. The summary provides basic information about the provisions of the law, and is intended to serve only as a convenient source of general information. It is not intended to provide authoritative guidance on the meaning or application of the law. The reader is directed to the statute and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through 25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html. Regulations that provide more specific guidance on compliance, and that specify procedures to be followed by the State in carrying out certain aspects of the law, are found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1] These implementing regulations are available online at: http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes a list of chemicals that are known to the State of California to cause cancer and/or reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

**Clear and reasonable warnings.** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies.  The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical.  Some exposures are exempt from the warning requirement under certain circumstances discussed below.

**Prohibition from discharges into drinking water.** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes.  You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

**Grace Period.** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed.  The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

**Governmental agencies and public water utilities.** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

**Businesses with nine or fewer employees.** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017

NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

Stacey Grassini, Deputy District Attorney
CONTRA COSTA COUNTY
900 Ward Street
Martinez, CA 94553
sgrassini@contracostada.org

Devin Chandler, Program Coordinator
LASSEN COUNTY
2950 Riverside Dr. #102
Susanville, CA 96130
dchandler@co.lassen.ca.us

Jeannine M. Pacioni, District Attorney
MONTEREY COUNTY
1200 Aguajito Road
Monterey ,CA 93940
Prop65DA@co.monterey.ca.us

Allison Haley, District Attorney
NAPA COUNTY
1127 First Street, Suite C
Napa, CA 94559
CEPD@countyofnapa.org

Paul E. Zellerbach, District Attorney
RIVERSIDE COUNTY
3072 Orange Street
Riverside, CA 92501
Prop65@rivcoda.org

Barbara Yook, District Attorney
CALAVERAS COUNTY
891 Mountain Ranch Rd.
San Andreas, CA 95249
Prop65Env@co.calaveras.ca.us

Alethea M. Sargent, Assistant District
Attorney SAN FRANCISCO COUNTY
350 Rhode Island Street
San Francisco, CA 94103
alethea.sargent@sfgov.org

Summer Stephan, District Attorney
SAN DIEGO COUNTY
330 West Broadway
San Diego, CA 92101
SanDiegoDAProp65@sdcda.org

Mark Ankcorn, Deputy City
Attorney
CITY OF SAN DIEGO
1200 Third Avenue
San Diego, CA 92101
CityAttyCrimProp65@sandiego.gov

Valerie Lopez, Deputy City Attorney
CITY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
Valerie.Lopez@sfcityatty.org

Eric J. Dobroth, Deputy District Attorney
SAN LUIS OBISPO COUNTY
County Government Center Annex, 4th Floor
San Luis Obispo, CA 93408
edobroth@co.slo.ca.us

Bud Porter, Supervising Deputy District Attorney
SANTA CLARA COUNTY
70 W Hedding St
San Jose, CA 95110
EPU@da.sccgov.org

Stephan R. Passalacqua, District Attorney
SONOMA COUNTY
600 Administration Drive
Sonoma, CA 95403
jbarnes@sonoma-county.org

Phillip J. Cline, District Attorney
TULARE COUNTY
221 S Mooney Blvd
Visalia, CA 95370
Prop65@co.tulare.ca.us

Gregory D. Totten, District Attorney
VENTURA COUNTY
800 S Victoria Ave
Ventura, CA 93009
daspecialops@ventura.org

Jeff W. Reisig, District Attorney
YOLO COUNTY
301 Second Street
Woodland, CA 95695
cfepd@yolocounty.org

Tori Verber Salazar, District Attorney
SAN JOAQUIN COUNTY
222 E. Weber Avenue, Room 202
Stockton, CA 95202
DAConsumer.Environmental@sjcda.org

Christopher Dalbey, Deputy District Attorney
SANTA BARBARA COUNTY
1112 Santa Barbara St.
Santa Barbara, CA 93101
DAProp65@co.santa-barbara.ca.us

District Attorney
ALAMEDA COUNTY
7776 Oakport Street, Suite 650
Oakland, CA 94621
CEPDProp65@acgov.org

Barbara M. Yook, District Attorney
CALAVERAS COUNTY
891 Mountain Ranch Road
San Andreas CA 95249
Prop65Env@co.calaveras.ca.us

David Hollister, District Attorney
PLUMAS COUNTY
520 Main St.
Quincy, CA 95971
davidhollister@countyofplumas.com

Anne Marie Schubert, District Attorney
SACRAMENTO COUNTY
901 G Street
Sacramento, CA 95814
Prop65@sacda.org

Jeffrey S. Rosell, District Attorney
SANTA CRUZ COUNTY
701 Ocean Street
Santa Cruz, CA 95060
Prop65DA@santacruzcounty.us

Kimberly Lewis, District Attorney
MERCED COUNTY
550 West Main Street
Merced, CA 95340
Prop65@countyofmerced.com

Clifford H. Newell, District Attorney
NEVADA COUNTY
201 Commercial Street
Nevada City, CA 95959
DA.Prop65@co.nevada.ca.us

Thomas L. Hardy, District Attorney
INYO COUNTY
168 North Edwards Street
Independence, CA 93526
inyoda@inyocounty.us

Walter W. Wall, District Attorney
MARIPOSA COUNTY
P.O. Box 730
Mariposa, CA  95338
mcda@mariposacounty.org

Morgan Briggs Gire, District Attorney
PLACER COUNTY
10810 Justice Center Drive
Roseville, CA  95678
prop65@placer.ca.gov

District Attorney
ORANGE COUNTY
700 Civic Center Drive West
Santa Ana, CA 92701
Prop65Notice@da.ocgov.com

# SERVICE LIST

| | | | |
|---|---|---|---|
| The Honorable Nancy O'Malley<br>Alameda County District Attorney<br>1225 Fallon Street, Room 900<br>Oakland, CA 94612 | The Honorable Stacey Montgomery<br>Lassen County District Attorney<br>220 South Lassen Street, Ste. 8<br>Susanville, CA 96130 | The Honorable Candice Hooper<br>San Benito County District Attorney<br>419 4th Street, Second Floor<br>Hollister, CA 95203 | The Honorable Gregg Cohen<br>Tehama County District Attorney<br>444 Oak Street, Room L<br>Red Bluff, CA 96080 |
| The Honorable Terese Drabec<br>Alpine County District Attorney<br>270 Laramie Street, PO BOX 248<br>Markleeville, CA 96120 | The Honorable Jackie Lacey<br>Los Angeles County District Attorney<br>211 West Temple Street, Suite 1200<br>Los Angeles, CA 90012 | The Honorable Michael Ramos<br>San Bernardino County District Attorney<br>303 West 3rd Street, 6th Floor<br>San Bernardino, CA 92415-0502 | The Honorable Eric Heryford<br>Trinity County District Attorney<br>P.O. Box 310<br>Weaverville, CA 96093 |
| The Honorable Todd Riebe<br>Amador County District Attorney<br>708 Court Street<br>Jackson, CA 95642 | The Honorable David Linn<br>Madera County District Attorney<br>209 West Yosemite Avenue<br>Madera, CA 93637 | The Honorable Bonnie Dumanis<br>San Diego County District Attorney<br>330 W. Broadway Street<br>San Diego, CA 92101 | The Honorable Tim Ward<br>Tulare County District Attorney<br>221 South Mooney Boulevard, Rm 224<br>Visalia, CA 93291-4593 |
| The Honorable Michael Ramsey<br>Butte County District Attorney<br>25 County Center Drive<br>Oroville, CA 95965 | The Honorable Edward Berberian<br>Marin County District Attorney<br>3501 Civic Center Drive, Room 130<br>San Rafael, CA 94903 | The Honorable George Gascon<br>San Francisco County District Attorney<br>850 Bryant Street, Room 322<br>San Francisco, CA 94103 | The Honorable Laura Krieg<br>Tuolumne County District Attorney<br>423 North Washington Street<br>Sonora, CA 95370 |
| The Honorable Barbara Yook<br>Calaveras County District Attorney<br>891 Mountain Ranch Road<br>San Andreas, CA 95249 | The Honorable Thomas Cooke<br>Mariposa County District Attorney<br>5101 Jones Street, P.O. Box 730<br>Mariposa, CA 95338 | The Honorable Tori Verber Salazar<br>San Joaquin County District Attorney<br>222 East Weber Avenue, Room 202<br>Stockton, CA 95201 | The Honorable Gregory Totten<br>Ventura County District Attorney<br>800 South Victoria Avenue<br>Ventura, CA 93009 |
| The Honorable John Poyner<br>Colusa County District Attorney<br>346 Fifth Street<br>Colusa, CA 95932 | The Honorable C. David Eyster<br>Mendocino County District Attorney<br>100 North State Street, P.O. Box 1000<br>Ukiah, CA 95482 | The Honorable Dan Dow<br>San Luis Obispo County District Atty<br>1035 Palm Street, 4th Floor<br>San Luis Obispo, CA 93408 | The Honorable Jeff Reisig<br>Yolo County District Attorney<br>301 Second Street<br>Woodland, CA 95695 |
| The Honorable Mark Peterson<br>Contra Costa County District Attorney<br>900 Ward Street<br>Martinez, CA 94553 | The Honorable Larry Morse II<br>Merced County District Attorney<br>550 W. Main Street<br>Merced, CA 95340 | The Honorable Stephen Wagstaffe<br>San Mateo County District Attorney<br>400 County Center, Third Floor<br>Redwood City, CA 94063 | The Honorable Patrick McGrath<br>Yuba County District Attorney<br>215 Fifth Street<br>Marysville, CA 95901 |
| The Honorable Dale Trigg<br>Del Norte County District Attorney<br>450 H Street, Room 171<br>Crescent City, CA 95531 | The Honorable Jordan Funk<br>Modoc County District Attorney<br>204 S. Court Street, Suite 202<br>Alturas, CA 96101 | The Honorable Joyce Dudley<br>Santa Barbara County District Attorney<br>1112 Santa Barbara Street<br>Santa Barbara, CA 93101 | The Honorable Mike Feuer<br>Office of the City Attorney, Los Angeles<br>800 City Hall East<br>200 North Main Street<br>Los Angeles, CA 90012 |
| The Honorable Vern Pierson<br>El Dorado County District Attorney<br>778 Pacific Street<br>Placerville, CA 95667 | The Honorable Tim Kendall<br>Mono County District Attorney<br>P.O. Box 617<br>Bridgeport, CA 93517 | The Honorable Jeffrey Rosen<br>Santa Clara County District Attorney<br>70 West Hedding Street, West Wing<br>San Jose, CA 95110 | The Honorable James Sanchez<br>Office of the City Attorney, Sacramento<br>915 I Street, 4th Floor<br>Sacramento, CA 95814 |
| The Honorable Lisa Smittcamp<br>Fresno County District Attorney<br>2220 Tulare Street, #1000<br>Fresno, CA 93721 | The Honorable Dean Flippo<br>Monterey County District Attorney<br>P.O. Box 1131<br>Salinas, CA 93902 | The Honorable Jeff Rosell<br>Santa Cruz County District Attorney<br>701 Ocean Street, Room 200<br>Santa Cruz, CA 95060 | The Honorable Jan Goldsmith<br>Office of the City Attorney, San Diego<br>1200 Third Avenue, Suite 1620<br>San Diego, CA 92101 |
| The Honorable Dwayne Stewart<br>Glenn County District Attorney<br>P.O. Box 430<br>Willows, CA 95988 | The Honorable Allison Haley<br>Napa County District Attorney<br>1127 First Street, Suite C<br>Napa, CA 94559 | The Honorable Stephen Carlton<br>Shasta County District Attorney<br>1355 West Street<br>Redding, CA 96001 | The Honorable Dennis Herrera<br>Office of the City Attorney, San<br>Francisco<br>1 Dr. Carlton B. Goodlett Place<br>San Francisco, CA 94102 |
| The Honorable Maggie Fleming<br>Humboldt County District Attorney<br>825 5th Street, Fourth Floor<br>Eureka, CA 95501 | The Honorable Clifford Newell<br>Nevada County District Attorney<br>201 Commercial Street<br>Nevada City, CA 95959 | The Honorable Lawrence Allen<br>Sierra County District Attorney<br>100 Courthouse Square<br>Downieville, CA 95936 | The Honorable Richard Doyle<br>Office of the City Attorney, San Jose<br>200 East Santa Clara Street,18th Floor<br>San Jose, CA 95113 |
| The Honorable Gilbert Otero<br>Imperial County District Attorney<br>940 West Main Street, Suite 102<br>El Centro, CA 92243 | The Honorable Tony Rackauckas<br>Orange County District Attorney<br>401 Civic Center Drive West<br>Santa Ana, CA 92701 | The Honorable James Kirk Andrus<br>Siskiyou County District Attorney<br>P.O. Box 986<br>Yreka, CA 96097 | Office of the California Attorney General<br>Proposition 65 Enforcement Reporting<br>ATTN: Prop 65 Coordinator<br>1515 Clay Street, Suite 2000<br>Oakland, CA 94612-0550 |
| The Honorable Thomas Hardy<br>Inyo County District Attorney<br>P.O. Drawer D<br>Independence, CA 93526 | The Honorable R. Scott Owens<br>Placer County District Attorney<br>10810 Justice Center Drive, Suite 240<br>Roseville, CA 95678 | The Honorable Krishna Abrams<br>Solano County District Attorney<br>675 Texas Street, Suite 4500<br>Fairfield, CA 94533 | |
| The Honorable Lisa Green<br>Kern County District Attorney<br>1215 Truxtun Avenue<br>Bakersfield, CA 93301 | The Honorable David Hollister<br>Plumas County District Attorney<br>520 Main Street, Room 404<br>Quincy, CA 95971 | The Honorable Jill Ravitch<br>Sonoma County District Attorney<br>600 Administration Drive, Room 212J<br>Santa Rosa, CA 95403 | |
| The Honorable Keith Fagundes<br>Kings County District Attorney<br>1400 West Lacey Boulevard<br>Hanford, CA 93230 | The Honorable Michael Hestrin<br>Riverside County District Attorney<br>3960 Orange Street<br>Riverside, CA 92501 | The Honorable Birgit Fladager<br>Stanislaus County District Attorney<br>832 12th Street, Suite 300<br>Modesto, CA 95354 | |
| The Honorable Donald Anderson<br>Lake County District Attorney<br>255 North Forbes Street<br>Lakeport CA 95453 | The Honorable Anne Marie Schubert<br>Sacramento County District Attorney<br>901 G Street<br>Sacramento CA 95814 | The Honorable Amanda Hopper<br>Sutter County District Attorney<br>463 Second Street, Suite 102<br>Yuba City CA 95991 | |

6

EXHIBIT 17

**ENTORNO LAW, LLP**
Noam Glick (SBN 251582)
Jake W. Schulte (SBN 293777)
Craig M. Nicholas (SBN 178444)
Janani Natarajan (SBN 346770)
Gianna E. Tirrell (SBN 358788)

225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 629-0527
Email: noam@entornolaw.com
Email: jake@entornolaw.com
Email: craig@entornolaw.com
Email: janani@entornolaw.com
Email-: gianna@entornolaw.com

Attorneys for Plaintiff
ENVIRONMENTAL HEALTH ADVOCATES, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| ENVIRONMENTAL HEALTH ADVOCATES, INC., | Case No.: 23CV027328 |
| Plaintiff, | **SUPPLEMENTAL COMPLAINT FOR CIVIL PENALTIES AND INJUNCTIVE RELIEF** |
| v. | |
| LURELLA COSMETICS, INC., a California corporation, ABSOLUTE NEW YORK, a New York corporation, PETUNIA PRODUCTS INC., a California corporation, PERFUME WORLDWIDE INC., a New York corporation, CARTER BEAUTY COSMETICS, an Irish company, COSNOVA INC., a Delaware corporation, COSNOVA USA INC., a Delaware corporation, MAESA LLC, a Delaware limited liability company, DERMABLEND, INC., a Delaware corporation, DOMINIQUE COSMETICS INC., a California corporation, JOSS COSMETICS, LLC, a Delaware limited liability company, JUVIA'S HOLDINGS, LLC, a Delaware limited liability company, JON DAVLER, INC., a California corporation, MAYBELLINE LLC, a New York limited liability company, ORIGINS NATURAL RESOURCES INC., a Delaware corporation, PACIFICA BEAUTY, LLC, a Delaware limited liability company, PIXI, INC., a Delaware corporation, PROFUSION COSMETICS CORP., a California corporation, WARPAINT COSMETICS INC., a Delaware corporation, and DOES 1 through 100, inclusive, | (Health & Safety Code § 25249.6 et seq.) |
| Defendants. | |

## I.

## **INTRODUCTION**

1.        This Supplemental Complaint is a representative action brought by Environmental Health Advocates, Inc. ("Plaintiff") in the public interest of the citizens of the State of California ("the People").  Plaintiff seeks to remedy Defendants''s failure to inform the People of exposure to Titanium Dioxide (airborne, unbound particles of respirable size) ("TiO2"), a known carcinogen. Defendant Defendants exposes consumers to TiO2 by manufacturing, importing, selling, and/or distributing powdered face makeup products including, but not limited to: the (1) Lurella Rebirth Eyeshadow Palette; (-2) Absolute New York Locked-In Powder Foundation - Neutral Almond; ,(3) Billion Dollar Brows Eyebrow Powder – Taupe; ,(4) Carter Beauty 18 Shade Eyeshadow Palette - Smooth Nude; ,(5)




Catrice Cosmetics Prime and Fine Mattifying Powder Waterproof; (f,(6) Col Lab Banana Loose Setting Powder;  ,(7) DermaBlend Professional Loose Setting Powder; —(8) Dominique Cosmetics Unconditional Palette; ,(9) Frankie Rose Pressed Powder Foundation – Buff;  ,(10) Juvia's Place Bronzer Bronzer - Shade 2; ,(11) Lasplash Cosmetics Golden Gatsby Glam Eyeshadow Palette;, (12) Maybelline New York The Glo Down; ,(13) Origins Silk Screen Refining Makeup Powder – Oatmeal; ,(14) Pacifica Pink Nudes Mineral Eyeshadow Palette; ,(15) Pixi Beauty +Rose Glow-y Powder; ,(16) Profusion Face 41pc Full Face Palette; and ,(17) W7 Nudification Pressed Pigment Palette (collectively, the "Products"). Defendants knows and intends that customers will use Products containing TiO2. Below are pictures of TiO2 particles found in an exemplars of each of Defendant's' Products:

2.      Under California's Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and Safety Code, section 25249.6 et seq. ("Proposition 65"), "[n]o person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual. . . ." (Health & Safety Code, § 25249.6.)

3.      California identified and listed Titanium Dioxide (airborne, unbound particles of respirable size) ("TiO2") as a chemical known to cause cancer as early as September 2, 2011.

///

///

///

~~///~~

~~///~~

4.      Defendants failed to sufficiently warn consumers and individuals in California about potential exposure to TiO2 in connection with Defendant's' manufacture, import, sale, or distribution of Products. This is a violation of Proposition 65.

5.      Plaintiff seeks injunctive relief compelling Defendants to sufficiently warn consumers in California before exposing them to TiO2 in Products. (Health & Safety Code, § 25249.7(a).) Plaintiff also seeks civil penalties against Defendants for their~its~ violations of Proposition 65 along with attorney's fees and costs. (Health & Safety Code, § 25249.7(b).)

## II.

## **PARTIES**

6.      Plaintiff ENVIRONMENTAL HEALTH ADVOCATES, INC. ("Plaintiff") is a corporation in the State of California dedicated to protecting the health of California citizens through the elimination or reduction of toxic exposure from consumer products. It brings this action in the public interest pursuant to Health and Safety Code, section 25249.7.

7.      Defendant LURELLA COSMETICS, INC. ("LC") is a corporation organized and existing under the laws of California. LC is registered to do business in California, and does business in

the County of Alameda, within the meaning of Health and Safety Code, section 25249.11. LC manufactures, imports, sells, or distributes the Products in California and Alameda County.

8.    Defendant ABSOLUTE NEW YORK ("Absolute") is a corporation organized and existing under the laws of New York. Absolute is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Absolute manufactures, imports, sells, or distributes Product 2 in California and San Francisco County.

9.    Defendant PETUNIA PRODUCTS INC. ("Petunia") is a corporation organized and existing under the laws of California. Petunia is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Petunia manufactures, imports, sells, or distributes Product 3 in California and San Francisco County.

10.    Defendant PERFUME WORLDWIDE INC. ("PERFUME") is a corporation organized and existing under the laws of New York. Perfume is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Perfume manufactures, imports, sells, or distributes Product 4 in California and San Francisco County.

11.    Defendant CARTER BEAUTY COSMETICS ("Carter") is a corporation organized and existing under the laws of Ireland. Carter is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Carter manufactures, imports, sells, or distributes Product 4 in California and San Francisco County.

12.    Defendant COSNOVA INC. ("Cosnova") is a corporation organized and existing under the laws of Delaware. Cosnova is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Cosnova manufactures, imports, sells, or distributes Product 5 in California and San Francisco County.

13.    Defendant COSNOVA USA INC. ("Cosnova USA") is a corporation organized and existing under the laws of Delaware. Cosnova USA is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section

25249.11. Cosnova USA manufactures, imports, sells, or distributes Product 5 in California and San Francisco County.

14.    Defendant MAESA LLC ("Maesa") is a limited liability company organized and existing under the laws of Delaware. Maesa is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Maesa manufactures, imports, sells, or distributes Product 6 in California and San Francisco County.

15.    Defendant DERMABLEND, INC. ("Dermablend") is a corporation organized and existing under the laws of Delaware. Dermablend is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Dermablend manufactures, imports, sells, or distributes Product 7 in California and San Francisco County.

16.    Defendant DOMINIQUE COSMETICS INC. ("Dominique") is a corporation organized and existing under the laws of California. Dominique is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Dominique manufactures, imports, sells, or distributes Product 8 in California and San Francisco County.

17.    Defendant JOSS COSMETICS, LLC. ("Joss") is a limited liability company organized and existing under the laws of Delaware. Joss is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Joss manufactures, imports, sells, or distributes Product 9 in California and San Francisco County.

18.    Defendant JUVIA'S HOLDINGS, LLC ("Juvia") is a limited liability company organized and existing under the laws of Delaware. Juvia is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Juvia manufactures, imports, sells, or distributes Product 10 in California and San Francisco County.

19.    Defendant JON DAVLER, INC. ("Jon Davler") is a corporation organized and existing under the laws of California. Jon Davler is registered to do business in California, and does business in

1    the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Jon

2    Davler manufactures, imports, sells, or distributes Product 11 in California and San Francisco County.

3        20.    Defendant MAYBELLINE LLC. ("Maybelline") is a limited liability company

4    organized and existing under the laws of New York. Maybelline is registered to do business in

5    California, and does business in the County of San Francisco, within the meaning of Health and Safety

6    Code, section 25249.11. Maybelline manufactures, imports, sells, or distributes Product 12 in California

7    and San Francisco County.

8        21.    Defendant ORIGINS NATURAL RESOURCES INC. ("Origins") is a corporation

9    organized and existing under the laws of Delaware. Origins is registered to do business in California,

10   and does business in the County of San Francisco, within the meaning of Health and Safety Code,

11   section 25249.11. Origins manufactures, imports, sells, or distributes Product 13 in California and San

12   Francisco County.

13       22.    Defendant PACIFICA BEAUTY, LLC. ("Pacifica") is a limited liability company

14   organized and existing under the laws of Delaware. Pacifica is registered to do business in California,

15   and does business in the County of San Francisco, within the meaning of Health and Safety Code,

16   section 25249.11. Pacifica manufactures, imports, sells, or distributes Product 14 in California and San

17   Francisco County.

18       23.    Defendant PIXI, INC. ("Pixi") is a corporation organized and existing under the laws

19   of Delaware. Pixi is registered to do business in California, and does business in the County of San

20   Francisco, within the meaning of Health and Safety Code, section 25249.11. Pixi manufactures, imports,

21   sells, or distributes Product 15 in California and San Francisco County.

22       24.    Defendant PROFUSION COSMETICS CORP. ("Profusion") is a corporation

23   organized and existing under the laws of California. Profusion is registered to do business in California,

24   and does business in the County of San Francisco, within the meaning of Health and Safety Code,

25   section 25249.11. Profusion manufactures, imports, sells, or distributes Product 16 in California and

26   San Francisco County.

27       7.25.    Defendant WARPAINT COSMETICS INC. ("Warpaint") is a corporation organized

28   and existing under the laws of Delaware. Warpaint is registered to do business in California, and does

1    business in the County of San Francisco, within the meaning of Health and Safety Code, section

2    25249.11. Warpaint manufactures, imports, sells, or distributes Product 17 in California and San

3    Francisco County.

4         8.26.    Plaintiff does not know the true names and/or capacities, whether individual, partners,

5    or corporate, of the defendants sued herein as DOES 1 through 100, inclusive, and for that reason sues

6    said defendants under fictitious names. Plaintiff will seek leave to amend this Complaint when the true

7    names and capacities of these defendants have been ascertained. Plaintiff is informed and believes and

8    thereon alleges that these defendants are responsible in whole or in part for the remedies and penalties

9    sought herein.

10        9.27.    At all times mentioned, Defendants were the agents, alter egos, servants, joint venturers,

11   joint employers, or employees for each other. Defendants acted with the consent of the other Co-

12   Defendants and acted within the course, purpose, and scope of their agency, service, or employment.

13   All conduct was ratified by Defendants, and each of them.

14   ///

15                                       **III.**

16                            **VENUE AND JURISDICTION**

17        10.28.   California Constitution Article VI, Section 10 grants the Superior Court original

18   jurisdiction in all cases except those given by statute to other trial courts.  The Health and Safety Code

19   statute upon which this action is based does not give jurisdiction to any other court.  As such, this Court

20   has jurisdiction.

21        11.29.   Venue is proper in Alameda County Superior Court pursuant to Code of Civil

22   Procedure, sections 394, 395, and 395.5. Wrongful conduct occurred and continues to occur in this

23   County.  Defendants  conducted and continues to conduct business in this County as it relates to

24   Products.

25        12.30.   Defendants haves sufficient minimum contacts in the State of California or otherwise

26   purposefully avails itself to the California market. Exercising jurisdiction over Defendants would be

27   consistent with traditional notions of fair play and substantial justice.

28                                       **IV.**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(Violation of Proposition 65 – Against all Defendants)**

~~13.~~31.    Plaintiff incorporates by reference each and every allegation contained above.

~~14.~~32.    Proposition 65 mandates that citizens be informed about exposures to chemicals that cause cancer, birth defects, and other reproductive harm.

~~15.~~33.    Defendants manufactured, imported, sold, and/or distributed Products containing TiO2 in violation of Health and Safety Code, section 25249.6 et seq. Plaintiff is informed and believes such violations have continued after receipt of the Notice (defined *infra*) and will continue to occur into the future.

~~16.~~34.    In manufacturing, importing, selling, and/or distributing Products, Defendants failed to provide a clear and reasonable warning to consumers and individuals in California who may be exposed to TiO2 through reasonably foreseeable use of the Products.

~~///~~

~~///~~

~~17.~~35.    Products expose individuals to TiO2 through direct inhalation. This exposure is a natural and foreseeable consequence of Defendants placing Products into the stream of commerce. As such, Defendants intends that consumers will use Products, exposing them to TiO2.

~~18.~~36.    Defendants knew or should have known that the Products contained TiO2 and exposed individuals to TiO2 in the way provided above.  The Notice informed Defendants of the presence of TiO2 in the Products. Likewise, media coverage concerning TiO2 and related chemicals in consumer products provided constructive notice to Defendants. ~~.~~

~~19.~~37.    Defendant~~'~~s' actions in this regard were deliberate and not accidental.

~~20.~~38.    More than sixty days prior to naming each ~~De~~defendant in this lawsuit, Plaintiff issued a 60-Day Notice of Violation ("Notice") as required by and in compliance with Proposition 65.  Plaintiff provided each ~~the~~ Notice to the various required public enforcement agencies along with a certificate of merit. ~~The~~ Each Notice alleged that the relevant Defendant(s) ~~–~~violated Proposition 65 by failing to

1  sufficiently warn consumers in California of the health hazards associated with exposures to TiO2

2  contained in the Products.

3      21.39.   The appropriate public enforcement agencies provided with the Notice failed to

4  commence and diligently prosecute a cause of action against Defendants. .

5      22.40.   Individuals exposed to TiO2 contained in Products through inhalation resulting from

6  reasonably foreseeable use of the Products have suffered and continue to suffer irreparable harm. There

7  is no other plain, speedy, or adequate remedy at law.

8      23.41.   Defendants areis liable for a maximum civil penalty of $2,500 per day for each violation

9  of Proposition 65 pursuant to Health and Safety Code, section 252497(b). Injunctive relief is also

10  appropriate pursuant to Health and Safety Code, section 25249.7(a).

11   *[Rest of page intentionally left blank.]*

12

13

14

15

16

17

18                          **PRAYER FOR RELIEF**

19      Wherefore, Plaintiff prays for judgment against Defendants as follows:

20      1.     Civil penalties in the amount of $2,500 per day for each violation. Plaintiff alleges that

21  damages total a minimum of $1,000,000;

22      2.     A preliminary and permanent injunction against Defendants from manufacturing,

23  importing, selling, and/or distributing Products in California without providing a clear and reasonable

24  warning as required by Proposition 65 and related Regulations;

25      3.     Reasonable attorney's fees and costs of suit; and

26      4.     Such other and further relief as may be just and proper.

27

28   Respectfully submitted:

1     Dated: February 21, 2025            **ENTORNO LAW, LLP**

2

3                                By:

4                                  Noam Glick

5                                  Craig M. Nicholas

                                    Jake W. Schulte

6                                  Janani Natarajan

7                                  Gianna E. Tirrell

8                                  Attorneys for Plaintiff

                                   Environmental Health Advocates, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 18

1  **ENTORNO LAW, LLP**
       Noam Glick (SBN 251582)
2      Jake W. Schulte (SBN 293777)
       Craig M. Nicholas (SBN 178444)
3      Janani Natarajan (SBN 346770)
       Gianna E. Tirrell (SBN 358788)
4  225 Broadway, Suite 1900
   San Diego, California 92101
5  Tel: (619) 629-0527
   Email: noam@entornolaw.com
6  Email: jake@entornolaw.com
   Email: craig@entornolaw.com
7  Email: janani@entornolaw.com
   Email: gianna@entornolaw.com
8
   Attorneys for Plaintiff
9  ENVIRONMENTAL HEALTH ADVOCATES, INC.

10               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                  **IN AND FOR THE COUNTY OF ALAMEDA**
11

| | |
|---|---|
| ENVIRONMENTAL HEALTH ADVOCATES, INC., | Case No.: 23CV027328 |
| Plaintiff, | **SUPPLEMENTAL COMPLAINT FOR CIVIL PENALTIES AND INJUNCTIVE RELIEF** |
| v. | (Health & Safety Code § 25249.6 et seq.) |
| LURELLA COSMETICS, INC., a California corporation, ABSOLUTE NEW YORK, a New York corporation, PETUNIA PRODUCTS INC., a California corporation, PERFUME WORLDWIDE INC., a New York corporation, CARTER BEAUTY COSMETICS, an Irish company, COSNOVA INC., a Delaware corporation, COSNOVA USA INC., a Delaware corporation, MAESA LLC, a Delaware limited liability company, DERMABLEND, INC., a Delaware corporation, DOMINIQUE COSMETICS INC., a California corporation, JOSS COSMETICS, LLC, a Delaware limited liability company, JUVIA'S HOLDINGS, LLC, a Delaware limited liability company, JON DAVLER, INC., a California corporation, MAYBELLINE LLC, a New York limited liability company, ORIGINS NATURAL RESOURCES INC., a Delaware corporation, PACIFICA BEAUTY, LLC, a Delaware limited liability company, PIXI, INC., a Delaware corporation, PROFUSION COSMETICS CORP., a California corporation, WARPAINT COSMETICS INC., a Delaware corporation, and DOES 1 through 100, inclusive, | |
| Defendants. | |

COMPLAINT

**I.**

**INTRODUCTION**

1.         This Supplemental Complaint is a representative action brought by Environmental Health Advocates, Inc. ("Plaintiff") in the public interest of the citizens of the State of California ("the People").  Plaintiff seeks to remedy Defendants' failure to inform the People of exposure to Titanium Dioxide (airborne, unbound particles of respirable size) ("TiO2"), a known carcinogen. Defendants expose consumers to TiO2 by manufacturing, importing, selling, and/or distributing powdered face makeup products including, but not limited to: (1) Lurella Rebirth Eyeshadow Palette; (2) Absolute New York Locked-In Powder Foundation - Neutral Almond; (3) Billion Dollar Brows Eyebrow Powder – Taupe; (4) Carter Beauty 18 Shade Eyeshadow Palette - Smooth Nude; (5) Catrice Cosmetics Prime and Fine Mattifying Powder Waterproof; (6) Col Lab Banana Loose Setting Powder; (7) DermaBlend Professional Loose Setting Powder; (8) Dominique Cosmetics Unconditional Palette; (9) Frankie Rose Pressed Powder Foundation – Buff; (10) Juvia's Place Bronzer Bronzer - Shade 2; (11) Lasplash Cosmetics Golden Gatsby Glam Eyeshadow Palette; (12) Maybelline New York The Glo Down; (13) Origins Silk Screen Refining Makeup Powder – Oatmeal; (14) Pacifica Pink Nudes Mineral Eyeshadow Palette; (15) Pixi Beauty +Rose Glow-y Powder; (16) Profusion Face 41pc Full Face Palette; and (17) W7 Nudification Pressed Pigment Palette (collectively, the "Products"). Defendants know and intend that customers will use Products containing TiO2.

2.         Under California's Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and Safety Code, section 25249.6 et seq.  ("Proposition 65"), "[n]o person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual. . . ." (Health & Safety Code, § 25249.6.)

3.         California identified and listed Titanium Dioxide (airborne, unbound particles of respirable size) ("TiO2") as a chemical known to cause cancer as early as September 2, 2011.

///

///

///

4.      Defendants failed to sufficiently warn consumers and individuals in California about potential exposure to TiO2 in connection with Defendants' manufacture, import, sale, or distribution of Products. This is a violation of Proposition 65.

5.      Plaintiff seeks injunctive relief compelling Defendants to sufficiently warn consumers in California before exposing them to TiO2 in Products.  (Health & Safety Code, § 25249.7(a).) Plaintiff also seeks civil penalties against Defendants for their violations of Proposition 65 along with attorney's fees and costs.  (Health & Safety Code, § 25249.7(b).)

## II.

## PARTIES

6.      Plaintiff ENVIRONMENTAL HEALTH ADVOCATES, INC. ("Plaintiff") is a corporation in the State of California dedicated to protecting the health of California citizens through the elimination or reduction of toxic exposure from consumer products. It brings this action in the public interest pursuant to Health and Safety Code, section 25249.7.

7.      Defendant LURELLA COSMETICS, INC. ("LC") is a corporation organized and existing under the laws of California. LC is registered to do business in California, and does business in the County of Alameda, within the meaning of Health and Safety Code, section 25249.11. LC manufactures, imports, sells, or distributes the Products in California and Alameda County.

8.      Defendant ABSOLUTE NEW YORK ("Absolute") is a corporation organized and existing under the laws of New York. Absolute is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Absolute manufactures, imports, sells, or distributes Product 2 in California and San Francisco County.

9.      Defendant PETUNIA PRODUCTS INC. ("Petunia") is a corporation organized and existing under the laws of California. Petunia is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Petunia manufactures, imports, sells, or distributes Product 3 in California and San Francisco County.

1    10.    Defendant PERFUME WORLDWIDE INC. ("PERFUME") is a corporation organized

2    and existing under the laws of New York. Perfume is registered to do business in California, and does

3    business in the County of San Francisco, within the meaning of Health and Safety Code, section

4    25249.11. Perfume manufactures, imports, sells, or distributes Product 4 in California and San Francisco

5    County.

6    11.    Defendant CARTER BEAUTY COSMETICS ("Carter") is a corporation organized and

7    existing under the laws of Ireland. Carter is registered to do business in California, and does business in

8    the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Carter

9    manufactures, imports, sells, or distributes Product 4 in California and San Francisco County.

10    12.    Defendant COSNOVA INC. ("Cosnova") is a corporation organized and existing under

11    the laws of Delaware. Cosnova is registered to do business in California, and does business in the County

12    of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Cosnova

13    manufactures, imports, sells, or distributes Product 5 in California and San Francisco County.

14    13.    Defendant COSNOVA USA INC. ("Cosnova USA") is a corporation organized and

15    existing under the laws of Delaware. Cosnova USA is registered to do business in California, and does

16    business in the County of San Francisco, within the meaning of Health and Safety Code, section

17    25249.11. Cosnova USA manufactures, imports, sells, or distributes Product 5 in California and San

18    Francisco County.

19    14.    Defendant MAESA LLC ("Maesa") is a limited liability company organized and

20    existing under the laws of Delaware. Maesa is registered to do business in California, and does business

21    in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Maesa

22    manufactures, imports, sells, or distributes Product 6 in California and San Francisco County.

23    15.    Defendant DERMABLEND, INC. ("Dermablend") is a corporation organized and

24    existing under the laws of Delaware. Dermablend is registered to do business in California, and does

25    business in the County of San Francisco, within the meaning of Health and Safety Code, section

26    25249.11. Dermablend manufactures, imports, sells, or distributes Product 7 in California and San

27    Francisco County.

28

16.     Defendant DOMINIQUE COSMETICS INC. ("Dominique") is a corporation organized and existing under the laws of California. Dominique is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Dominique manufactures, imports, sells, or distributes Product 8 in California and San Francisco County.

17.     Defendant JOSS COSMETICS, LLC. ("Joss") is a limited liability company organized and existing under the laws of Delaware. Joss is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Joss manufactures, imports, sells, or distributes Product 9 in California and San Francisco County.

18.     Defendant JUVIA'S HOLDINGS, LLC ("Juvia") is a limited liability company organized and existing under the laws of Delaware. Juvia is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Juvia manufactures, imports, sells, or distributes Product 10 in California and San Francisco County.

19.     Defendant JON DAVLER, INC. ("Jon Davler") is a corporation organized and existing under the laws of California. Jon Davler is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Jon Davler manufactures, imports, sells, or distributes Product 11 in California and San Francisco County.

20.     Defendant MAYBELLINE LLC. ("Maybelline") is a limited liability company organized and existing under the laws of New York. Maybelline is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code, section 25249.11. Maybelline manufactures, imports, sells, or distributes Product 12 in California and San Francisco County.

21.     Defendant ORIGINS NATURAL RESOURCES INC. ("Origins") is a corporation organized and existing under the laws of Delaware. Origins is registered to do business in California, and does business in the County of San Francisco, within the meaning of Health and Safety Code,

1  section 25249.11. Origins manufactures, imports, sells, or distributes Product 13 in California and San

2  Francisco County.

3        22.     Defendant PACIFICA BEAUTY, LLC. ("Pacifica") is a limited liability company

4  organized and existing under the laws of Delaware. Pacifica is registered to do business in California,

5  and does business in the County of San Francisco, within the meaning of Health and Safety Code,

6  section 25249.11. Pacifica manufactures, imports, sells, or distributes Product 14 in California and San

7  Francisco County.

8        23.     Defendant PIXI, INC. ("Pixi") is a corporation organized and existing under the laws

9  of Delaware. Pixi is registered to do business in California, and does business in the County of San

10  Francisco, within the meaning of Health and Safety Code, section 25249.11. Pixi manufactures, imports,

11  sells, or distributes Product 15 in California and San Francisco County.

12        24.     Defendant PROFUSION COSMETICS CORP. ("Profusion") is a corporation

13  organized and existing under the laws of California. Profusion is registered to do business in California,

14  and does business in the County of San Francisco, within the meaning of Health and Safety Code,

15  section 25249.11. Profusion manufactures, imports, sells, or distributes Product 16 in California and

16  San Francisco County.

17        25.     Defendant WARPAINT COSMETICS INC. ("Warpaint") is a corporation organized

18  and existing under the laws of Delaware. Warpaint is registered to do business in California, and does

19  business in the County of San Francisco, within the meaning of Health and Safety Code, section

20  25249.11. Warpaint manufactures, imports, sells, or distributes Product 17 in California and San

21  Francisco County.

22        26.     Plaintiff does not know the true names and/or capacities, whether individual, partners,

23  or corporate, of the defendants sued herein as DOES 1 through 100, inclusive, and for that reason sues

24  said defendants under fictitious names. Plaintiff will seek leave to amend this Complaint when the true

25  names and capacities of these defendants have been ascertained. Plaintiff is informed and believes and

26  thereon alleges that these defendants are responsible in whole or in part for the remedies and penalties

27  sought herein.

28        27.     At all times mentioned, Defendants were the agents, alter egos, servants, joint venturers,

1   joint employers, or employees for each other. Defendants acted with the consent of the other Co-

2   Defendants and acted within the course, purpose, and scope of their agency, service, or employment.

3   All conduct was ratified by Defendants, and each of them.

4   **III.**

5   **VENUE AND JURISDICTION**

6       28.     California Constitution Article VI, Section 10 grants the Superior Court original

7   jurisdiction in all cases except those given by statute to other trial courts.  The Health and Safety Code

8   statute upon which this action is based does not give jurisdiction to any other court.  As such, this Court

9   has jurisdiction.

10      29.     Venue is proper in Alameda County Superior Court pursuant to Code of Civil

11  Procedure, sections 394, 395, and 395.5. Wrongful conduct occurred and continues to occur in this

12  County.  Defendants conducted and continue to conduct business in this County as it relates to Products.

13      30.     Defendants have sufficient minimum contacts in the State of California or otherwise

14  purposefully avails itself to the California market. Exercising jurisdiction over Defendants would be

15  consistent with traditional notions of fair play and substantial justice.

16  **IV.**

17  **CAUSES OF ACTION**

18  **FIRST CAUSE OF ACTION**

19  **(Violation of Proposition 65 – Against all Defendants)**

20      31.     Plaintiff incorporates by reference each and every allegation contained above.

21      32.     Proposition 65 mandates that citizens be informed about exposures to chemicals that

22  cause cancer, birth defects, and other reproductive harm.

23      33.     Defendants manufactured, imported, sold, and/or distributed Products containing TiO2

24  in violation of Health and Safety Code, section 25249.6 et seq. Plaintiff is informed and believes such

25  violations have continued after receipt of the Notice (defined *infra*) and will continue to occur into the

26  future.

27      34.     In manufacturing, importing, selling, and/or distributing Products, Defendants failed to

28  provide a clear and reasonable warning to consumers and individuals in California who may be exposed

1  to TiO2 through reasonably foreseeable use of the Products.

2    35.    Products expose individuals to TiO2 through direct inhalation. This exposure is a natural

3  and foreseeable consequence of Defendants placing Products into the stream of commerce. As such,

4  Defendants intends that consumers will use Products, exposing them to TiO2.

5    36.    Defendants knew or should have known that the Products contained TiO2 and exposed

6  individuals to TiO2 in the way provided above.  The Notice informed Defendants of the presence of

7  TiO2 in the Products. Likewise, media coverage concerning TiO2 and related chemicals in consumer

8  products provided constructive notice to Defendants.

9    37.    Defendants' actions in this regard were deliberate and not accidental.

10    38.    More than sixty days prior to naming each Defendant in this lawsuit, Plaintiff issued a

11  60-Day Notice of Violation ("Notice") as required by and in compliance with Proposition 65.  Plaintiff

12  provided each Notice to the various required public enforcement agencies along with a certificate of

13  merit. Each Notice alleged that the relevant Defendant(s) violated Proposition 65 by failing to

14  sufficiently warn consumers in California of the health hazards associated with exposures to TiO2

15  contained in the Products.

16    39.    The appropriate public enforcement agencies provided with the Notice failed to

17  commence and diligently prosecute a cause of action against Defendants.

18    40.    Individuals exposed to TiO2 contained in Products through inhalation resulting from

19  reasonably foreseeable use of the Products have suffered and continue to suffer irreparable harm. There

20  is no other plain, speedy, or adequate remedy at law.

21    41.    Defendants are liable for a maximum civil penalty of $2,500 per day for each violation

22  of Proposition 65 pursuant to Health and Safety Code, section 252497(b). Injunctive relief is also

23  appropriate pursuant to Health and Safety Code, section 25249.7(a).

24   *[Rest of page intentionally left blank.]*

25

26

27

28

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1.      Civil penalties in the amount of $2,500 per day for each violation. Plaintiff alleges that damages total a minimum of $1,000,000;

2.      A preliminary and permanent injunction against Defendants from manufacturing, importing, selling, and/or distributing Products in California without providing a clear and reasonable warning as required by Proposition 65 and related Regulations;

3.      Reasonable attorney's fees and costs of suit; and

4.      Such other and further relief as may be just and proper.


Respectfully submitted:

Dated: February 21, 2025                    **ENTORNO LAW, LLP**

                                   By:  _____
                                        Noam Glick

                                        Craig M. Nicholas
                                        Jake W. Schulte
                                        Janani Natarajan
                                        Gianna E. Tirrell

                                        Attorneys for Plaintiff
                                        Environmental Health Advocates, Inc.